**Matlock Law Group,** A Professional Corporation
Anne-Leith W. Matlock, SBN 244351
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Phone: (925) 944-7131
Fax:    (925) 944-7138
e-mail: anne-leith@matlocklawgroup.com

Attorneys for Plaintiff,
The Tonytail Company, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| THE TONYTAIL COMPANY, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONAIR, a Delaware Corporation; SCUNCI INTL., Ltd., a Delaware Corporation; RITE AID, a Delaware Corporation; L&N Sales & Marketing, Inc., a Pennsylvania Corporation and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 3:07-cv-05895-BZ<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT**<br><br>[F.R.C.P. Rule 16] |

Plaintiff has attempted to meet and confer with defendants, however, although all defendants have been served, none has yet entered an appearance. Consequently, Plaintiff, The Tonytail Company, Inc., hereby submits its Case Management Statement as follows:

1

1. Jurisdiction and Service

   This is a Complaint for patent infringement, induced patent infringement, violation of the Lanham Act, trademark infringement, and false designation of origin. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338(a) and 15 U.S.C. §1121. Further, This Court has related claim jurisdiction over any state law claims pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367. All defendants are subject to personal jurisdiction because each resides in, has a principal place of business in, and/or engages in commercial transactions sufficient to constitute minimum contacts within the State of California. As of this date, all defendants have been served, but none has answered or otherwise entered an appearance.

2. Facts

   Beginning in 1998, Plaintiff, by its Principal and founder, Mia Minnelli, applied for and received utility and design patents for a line of hair accessories. Plaintiff also secured trademark protection for its word mark "Tonytail."

   Defendant L&N, dba Scunci, came into possession of proprietary information regarding the design and construction of at least one of Plaintiff's devices, and began to manufacture products that were substantially similar to Plaintiff's patented devices. Defendant L&N agreed to cease and desist said manufacture and sale and signed an agreement to that effect on or about March 31, 2003. Defendant Conair purchased the Scunci division of L&N, and thereafter began to manufacture and sell products that were substantially similar to Plaintiff's patented devices in violation of the agreement mentioned hereinabove. Moreover, defendant Scunci persuaded third parties to sell its knock-off products to the exclusion of plaintiff's patented products, resulting in economic damage to plaintiff. Finally, defendant Rite Aid intermingled Scunci and Tonytail products

in its stores creating the likelihood that customers would be confused as to the origin and identity of the products.

3. <u>Legal Issues:</u> whether defendants infringed Plaintiff's patents, and induced others to infringe plaintiff's patents; whether defendants infringed Plaintiff's trademark "Tonytail;" whether defendant's knock-off products were passed off as their own; whether defendants have violated the Lanham Act in that they committed a false designation of origin; whether defendants' actions have caused injury to Plaintiffs business reputation and its protected trademark, and otherwise constitute unfair business practices under CA B&P §§17200 et.<u>seq.</u>

4. <u>Motions:</u>

Plaintiff anticipates filing a motion for entry of default judgment for any party not appearing, and may bring one or more motions regarding discovery issues if same become necessary.

5. <u>Amendment of Pleadings:</u>

No amendments are contemplated at this time.

6. <u>Evidence Preservation:</u>

No steps need to be taken to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures:</u>

Compliance with the initial disclosure requirements of Fed. R.of C.P. 26 will occur within the time specified by the Rule.

8. <u>Discovery:</u>

Discovery has not begun because all parties have not yet appeared. Plaintiff intends to conduct written discovery and depositions of party witnesses as well as non-party witnesses.

PLAINTIFF'S CASE MANAGEMENT STATEMENT

3

CASE NO., 3:07-cv-05895-BZ

9. <u>Class Actions:</u>

At this time there is no class action.

10. <u>Related Cases:</u>

There are no related cases or proceedings pending before another judge of this Court.

11. <u>Relief:</u>

Plaintiff seeks compensatory damages for infringement, including treble damages therefor, reasonable attorney's fees, costs and interest. Plaintiff also seeks damages for unfair business practices and injury to its business reputation. In addition, Plaintiff seeks a permanent injunction against defendants' continued infringement.

12. <u>Settlement and ADR:</u>

Plaintiff will fully comply with any and all Court directed ADR programs.

13. <u>Consent to Magistrate Judge for All Purposes:</u>

Plaintiff has declined to proceed before a magistrate Judge and has therefore been reassigned to this Court, the Hon. William H. Alsup.

14. <u>Other references:</u>

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u>

This case cannot be narrowed by agreement or by motion. It may be possible to narrow some issues through the use of Requests for Admissions and/or stipulated facts. There is currently no request to bifurcate issues, claims or defenses.

16. <u>Expedited Schedule:</u>

This case cannot be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling:</u>

The Rules require that not later than ten (10) days following the Case Management Conference, Plaintiff will serve on all parties a Disclosure of Asserted Claims and Infringement Contentions; however, plaintiff respectfully submits that further scheduling must necessarily await the service and appearance of all parties. Plaintiff anticipates the scheduling of a Claim Construction hearing before the actual trial

18. <u>Trial:</u>

Following the Claim Construction hearing, Plaintiff anticipates a 14 to 21day jury trial.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>

Plaintiff has filed the "Certification of Interested Entities of Persons" required by Civil Local Rule 3-16. Plaintiff restates in this Case Management Statement that contents of its certification by identifying any persons, firms, partnerships, corporation (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding, as follows: Mia Minnelli, President of The Tonytail Company, and the Tonytail Company, Inc.

20. <u>Other matters:</u>

No other matters exist which may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: February 14, 2008                MATLOCK LAW GROUP

By: _____
Anne-Leith W. Matlock
Counsel for Plaintiff,
The Tonytail Company, Inc.