ANNE-LEITH FERGUSON W MATLOCK
Matlock Law Group
A Professional Corporation
1485 Treat Blvd, Suite 200
Walnut Creek, CA 94597
Tel: 925-944-7131
Fax: 925-944-7138
Email: anne-leith@matlocklawgroup.com

Attorneys For Plaintiff
THE TONYTAIL COMPANY, INC.

THOMAS F. FITZPATRICK
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Telephone: 650-752-3100
Facsimile: 650-853-1038
E-Mail: TFitzpatrick@goodwinprocter.com

Attorneys For Defendants
CONAIR, CORP. and RITE AID, HDQRTS., CORP.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| THE TONYTAIL COMPANY, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> CONAIR, CORP., SCUNCI INT'L, LTD., RITE AID, CORP., L&N SALES & MARKETING, INC., and DOES, 1 – 10, inclusive, <br><br> *Defendants.* | Case No.   3:07-cv-05895-WHA <br><br> [PROPOSED] ORDER REGARDING SCHEDULE FOR CLAIM CONSTRUCTION |

The Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1.   On **February 29, 2008**, the plaintiff shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

(a)   Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;

(b)   Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c)   A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

(d)   For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

(e)   Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(f)   For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(g)   If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each

2

asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

(h) If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

2. On **March 14, 2008**, each party shall simultaneously exchange a list of no more than six claim terms, phrases or clauses which that party contends should be construed by the Court, and identify any element which that party contends should be governed by 35 U.S.C. § 112 ¶ 6. The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

3. On **April 11, 2008**, the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function. At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction. The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

4. On **May 2, 2008**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement which shall contain the following:

(a) The construction of those terms on which the parties agree;

3

(b)    Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c)    An identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 6. The parties shall also identify any term among the 6 whose construction will be case or claim dispositive. If the parties cannot agree on the 6 most significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed 6. For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify only one additional term as most significant.

(d)    The anticipated length of time necessary for the Claim Construction Hearing;

(e)    Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.

5.    On **May 2, 2008**, each party shall serve and file an opening brief and any evidence supporting its claim construction.

6.    On **May 16, 2008**, each party shall serve and file a responsive brief and any supporting evidence.

7.    On **May 23, 2008**, each party shall serve and file any reply brief and evidence directly rebutting the supporting evidence contained in an opposing party's response.

4

8. The parties have suggested to the Court that due to the nature of the subject matter claimed in the patents-in-suit,[1] and in the interest of efficiency, a Tutorial for the Court should be conducted (by counsel only) immediately prior to the scheduled claim construction hearing on **May 28, 2008** rather than on May 14, 2008. Additionally, the parties have indicated that the Court will not hear live testimony during the claim construction hearing. Accordingly, a Tutorial for the Court shall be conducted immediately prior to the scheduled claim construction hearing on **May 28, 2008** at _____.

DATED: February 29, 2008

By: /s/ Anne-Leith F. W. Matlock
ANNE-LEITH FERGUSON W MATLOCK
**MATLOCK LAW GROUP**
1485 Treat Blvd, Suite 200
Walnut Creek, CA 94597
Tel: 925-944-7131
Fax: 925-944-7138
Email: anne-leith@matlocklawgroup.com

Attorneys For Plaintiff
THE TONYTAIL COMPANY, INC.

/s/ Thomas F. Fitzpatrick

THOMAS F. FITZPATRICK
**GOODWIN PROCTER LLP**
181 Lytton Avenue
Palo Alto, CA 94301
Telephone: 650-752-3100
Facsimile: 650-853-1038
E-Mail: TFitzpatrick@goodwinprocter.com

Attorneys For Defendants
CONAIR, CORP. and RITE AID, HDQTRS.,CORP.

\\\

---

[1] Namely, United States Patent No. 6,263,884 ("the '884 patent"); United States Design Patent No. D453,239 ("the '239 patent"); and United States Design Patent No. D453,053 ("the '053 patent").

1  IT IS SO ORDERED.

2  DATED: _March 3, 2008._

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

PROPOSED ORDER REGARDING SCHEDULE FOR CLAIM CONSTRUCTION
Case No. 3:07-cv-05895-WHA