THOMAS F. FITZPATRICK
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Telephone:  650-752-3100
Facsimile:  650-853-1038
E-Mail:  TFitzpatrick@goodwinprocter.com

Attorneys For Defendants
CONAIR CORPORATION and RITE AID HDQTRS. CORP.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE TONYTAIL COMPANY, INC., *Plaintiff,* v. CONAIR CORPORATION, SCUNCI INT'L, LTD., RITE AID HDQTRS. CORP., L&N SALES & MARKETING, INC., and DOES, 1 – 10, inclusive, *Defendants.* | Case No.   3:07-cv-05895-WHA  **DEFENDANT CONAIR CORPORATION'S ANSWER AND COUNTERCLAIM TO THE TONYTAIL COMPANY INC.'S ORIGINAL COMPLAINT** |

Defendant Conair Corporation ("Conair"), by and through its undersigned counsel, files its Answer and Counterclaim to the Complaint by Plaintiff Tonytail Company, Inc.'s ("Tonytail" or "Plaintiff"), as follows:

## ANSWER

### JURISDICTION AND VENUE

1.    Conair admits that the Court has subject matter jurisdiction. To the extent the allegations in Paragraph 1 of the Complaint regarding related claim jurisdiction are conclusions of law, no response is required. Conair denies the remaining allegations in Paragraph 1.

2.    Conair admits only that the Complaint purports to set forth causes of action for unfair competition, trade libel, and trademark dilution. Conair denies the remaining allegations in Paragraph 2.

3.    To the extent Plaintiff's allegations in Paragraph 3 of the Complaint regarding personal jurisdiction are conclusions of law, no response is required. Conair denies the remaining allegations in Paragraph 3.

4.    Conair admits that the Court has subject matter jurisdiction. To the extent the allegations in Paragraph 4 of the Complaint regarding related claim jurisdiction are conclusions of law, no response is required. Conair denies the remaining allegations in Paragraph 4.

5.    To the extent Plaintiff's allegations in Paragraph 2 of the Complaint regarding proper venue are conclusions of law, no response is required. Conair denies the remaining allegations in Paragraph 5.

### PARTIES

6.    Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies them.

7.    Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies them.

8.    Conair admits that it is a Delaware corporation. Conair otherwise denies the remaining allegations in Paragraph 8.

9. Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

10. Conair admits that it has a hair accessories division that currently uses the trade name "Scunci." Conair denies the remaining allegations in Paragraph 10.

11. Conair denies that the fictitiously named defendants were agents and/or employees of Conair. Conair is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and on that basis denies them.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

12. Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies them.

13. Conair admits that United States Patent Application Serial No. 29/088,568 appears to name Mia Minnelli as an inventor. In the United States, a patent application can only be filed by, and initial ownership may only vest in, the persons or persons who have actually invented the subject matter claimed in the patent application. The plaintiff is a corporate entity and thus cannot apply for a United States patent. Accordingly, Conair denies the allegations in Paragraph 13.

14. Conair admits that U.S. Patent No. D413,693 was issued on September 7, 1999. Conair is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis denies them.

15. Conair admits that United States Patent Application Serial No. 29/136,364 appears to name Mia Minnelli as an inventor. As discussed in Paragraph 13, the plaintiff is a corporate entity and thus cannot apply for a United States patent. Accordingly, Conair denies the allegations in Paragraph 13.

16. Conair admits that U.S. Patent No. D453,239 was issued on January 29, 2002. Conair is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and on that basis denies them.

1    17.  Conair admits that U.S. Patent No. 6,263,884 was issued on July 24, 2001. Conair is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and on that basis denies them.

18.  Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies them.

19.  Conair admits that U.S. Trademark Registration No. 2,621,904 for the word mark "Tonytail" was issued on September 17, 2002. Conair is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and on that basis denies them.

20.  Conair denies having notice and knowledge of "Plaintiff's Patent No. [sic] U.S. 6,263,884 B1, U.S. Design Patent No. D453,239, U.S. Design Patent No. D453,053, registered trademark 'Tonytail®,' unregistered product trade dress and trademark from at least March 31, 2003." Conair is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and on that basis denies them.

21.  Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies them.

22.  Conair denies the allegations in Paragraph 22.

23.  Conair denies the allegations in Paragraph 23.

24.  Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies them.

25.  Conair denies the allegations in Paragraph 25.

26.  Conair denies the allegations in Paragraph 26.

**FIRST CAUSE OF ACTION**
**(Patent Infringement as to U.S. Patent No. D413,693 – 35 U.S.C. § 281)**

Conair repeats and incorporates its answers to the allegations contained in paragraphs 1 – 26 above.

27.  Conair denies the allegations in Paragraph 27.

1  28.  Conair admits that U.S. Patent No. D413,693 was issued on September 7, 1999. Conair is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and on that basis denies them.

4  29.  Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them.

6  30.  Conair denies the allegations in Paragraph 30.

7  31.  Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies them.

9  32.  Conair denies the allegations in Paragraph 32.

10  33.  Conair denies the allegations in Paragraph 33.

11  34.  Conair denies the allegations in Paragraph 34.

12  35.  Conair denies the allegations in Paragraph 35.

13  36.  Conair denies the allegations in Paragraph 36.

14  37.  Conair denies the allegations in Paragraph 37.

15  38.  Conair denies the allegations in Paragraph 38.

### SECOND CAUSE OF ACTION
**(Patent Infringement as to U.S. Patent No. D453,239 – 35 U.S.C. § 281)**

18  39.  Conair repeats and incorporates its answers to the allegations contained in paragraphs 1 – 38 above.

20  40.  Conair denies the allegations in Paragraph 40.

21  41.  Conair admits that U.S. Patent No. D453,239 was issued on January 29, 2002. Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies them.

24  42.  Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies them.

26  43.  Conair denies the allegations in Paragraph 43.

27  44.  Conair denies the allegations in Paragraph 44.

28  45.  Conair denies the allegations in Paragraph 45.

- 4 -

46.  Conair denies the allegations in Paragraph 46.

47.  Conair denies the allegations in Paragraph 47.

48.  Conair denies the allegations in Paragraph 48.

49.  Conair denies the allegations in Paragraph 49.

### THIRD CAUSE OF ACTION
### (Induced Patent Infringement Under 35 U.S.C. § 271)

50.  Conair repeats and incorporates its answers to the allegations contained in paragraphs 1 – 49 above.

51.  Conair denies the allegations in Paragraph 51.

52.  Conair denies the allegations in Paragraph 52.

53.  Conair denies the allegations in Paragraph 53.

54.  Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and on that basis denies them.

55.  Conair denies the allegations in Paragraph 55.

56.  Conair denies the allegations in Paragraph 56.

57.  Conair denies the allegations in Paragraph 57.

58.  Conair denies the allegations in Paragraph 58.

59.  Conair denies the allegations in Paragraph 59.

60.  Conair denies the allegations in Paragraph 60.

61.  Conair denies the allegations in Paragraph 61.

62.  Conair denies the allegations in Paragraph 62.

63.  Conair denies the allegations in Paragraph 63.

### FOURTH CAUSE OF ACTION
### (Trademark Infringement)

64.  Conair repeats and incorporates its answers to the allegations contained in paragraphs 1 – 63 above.

65. Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis denies them.

66. Conair denies the allegations in Paragraph 66.

67. Conair denies the allegations in Paragraph 67.

68. Conair denies the allegations in Paragraph 68.

69. Conair denies the allegations in Paragraph 69.

## FIFTH CAUSE OF ACTION
### (Violation of Lanham Act; False Designation of Origin under 15 U.S.C. §1125)

70. Conair repeats and incorporates its answers to the allegations contained in paragraphs 1 – 69 above.

71. Conair denies the allegations in Paragraph 71.

72. Conair denies the allegations in Paragraph 72.

73. Conair denies the allegations in Paragraph 73.

74. Conair denies the allegations in Paragraph 74.

75. Conair denies the allegations in Paragraph 75.

76. Conair denies the allegations in Paragraph 76.

77. Conair denies the allegations in Paragraph 77.

78. Conair denies the allegations in Paragraph 78.

79. Conair denies the allegations in Paragraph 79.

80. Conair denies the allegations in Paragraph 80.

81. Conair denies the allegations in Paragraph 81.

82. Conair denies the allegations in Paragraph 82.

83. Conair denies the allegations in Paragraph 83.

## PERMANENT INJUNCTION – 35 U.S.C. § 283

84. Conair repeats and incorporates its answers to the allegations contained in paragraphs 1 – 83 above.

85. Conair denies the allegations in Paragraph 85.

1   86.  Conair denies the allegations in Paragraph 86.

2   87.  Conair denies the allegations in Paragraph 87.

3   88.  Conair denies the allegations in Paragraph 88.

4   89.  Conair denies the allegations in Paragraph 89.

5   90.  Conair denies the allegations in Paragraph 90.

6   91.  Conair denies the allegations in Paragraph 91.

**SIXTH CAUSE OF ACTION**
**(Unfair Competition – B&P §§ 17200 *et. seq*.)**

92.  Conair repeats and incorporates its answers to the allegations contained in paragraphs 1 – 91 above.

93.  Conair denies the allegations in Paragraph 93.

94.  Conair denies the allegations in Paragraph 94.

95.  Conair denies the allegations in Paragraph 95.

96.  Conair denies the allegations in Paragraph 96.

97.  Conair denies the allegations in Paragraph 97.

98.  Conair denies the allegations in Paragraph 98.

**SEVENTH CAUSE OF ACTION**
**(Common Law Unfair Business Practices)**

99.  Conair repeats and incorporates its answers to the allegations contained in paragraphs 1 – 98 above.

100.  Conair is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies them and on that basis denies them.

101.  Conair denies the allegations in Paragraph 101.

102.  Conair denies the allegations in Paragraph 102.

103.  Conair denies the allegations in Paragraph 103.

## EIGHTH CAUSE OF ACTION
### (Injury to Business Reputation and Trade Libel)

104. Conair repeats and incorporates its answers to the allegations contained in paragraphs 1 – 103 above.

105. Conair denies the allegations in Paragraph 105.

106. Conair denies the allegations in Paragraph 106.

107. Conair denies the allegations in Paragraph 107.

108. Conair denies the allegations in Paragraph 108.

109. Conair denies the allegations in Paragraph 109.

## NINTH CAUSE OF ACTION
### (Common Law Trademark Dilution)

110. Conair repeats and incorporates its answers to the allegations contained in paragraphs 1 – 109 above.

111. Conair denies the allegations in Paragraph 111.

112. Conair denies the allegations in Paragraph 112.

113. Conair denies the allegations in Paragraph 113.

114. Conair denies the allegations in Paragraph 114.

115. Conair denies the allegations in Paragraph 115.

## GENERAL DENIAL

116. Except as specifically admitted, Conair denies each and every allegation contained in the Complaint and denies that Tonytail is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

117. In addition to the defenses described below, Conair expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FAILURE TO STATE A CLAIM

118. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to state a claim upon which relief may be granted.

### NO INJUNCTIVE RELIEF

119. Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### STATUTE OF LIMITATIONS

120. Plaintiff's claims are barred in whole or part by the applicable statutes of limitations.

### STATUTE OF FRAUDS

121. Plaintiff's claims are barred in whole or part by the applicable statute of frauds.

### LACHES

122. Plaintiff's claims are barred in whole are part by the doctrine of laches.

### WAIVER AND ESTOPPEL

123. Plaintiff's claims are barred in whole are part by the doctrines of waiver and estoppel.

### TIME BARRED

124. Plaintiff's claims are barred in whole or part by the provisions of C.C.P. Sections 337, 338, 339, and/or 343.

### INVALIDITY

125. One or more claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103, and 112.

### PROSECUTION HISTORY ESTOPPEL

126. Plaintiff's claims are barred in whole or part by the doctrine of prosecution history estoppel.

### UNCLEAN HANDS

127. Plaintiff's claims are barred in whole or part by reason of its unclean hands.

### NOT UNLAWFUL OR UNFAIR

128. Plaintiff's claims are barred in whole or part because Conair has not engaged in any unlawful or unfair business practices, and Conair's conduct was privileged, performed in the exercise of an absolute right, licensed, proper and/or justified.

### CALIFORNIA COMMERCIAL CODE

129. Plaintiff's claims are barred in whole or part because Plaintiff failed to act in a commercially reasonable manner as that term is defined in the California Commercial Code.

### CONSENT

130. Plaintiff's claims are barred in whole or part because Plaintiff implicitly consented to Conair's conduct.

### PATENT EXHAUSTION

131. Plaintiff's claims are barred in whole or part because the doctrine of patent exhaustion.

### NO INDUCED INFRINGEMENT

132. Plaintiff's claims are barred in whole or part because Conair has not induced infringement of U.S. Patent No. 6,263,884.

### NONINFRINGEMENT

133. Plaintiff's claims are barred in whole or part because Conair has not directly or indirectly infringed U.S. Patent Nos. D413,693 and D453,239.

### CONAIR'S COUNTERCLAIMS

134. Conair counterclaims against Tonytail as follows:

### PARTIES

135. Conair is a Delaware corporation with its principal place of business at 2200 Byberry Road, Hatboro, PA 19040.

136. Tonytail alleges that it is a Delaware corporation with its principal place of business in San Ramon, County of Contra Costa, and State of California.

**JURISDICTION AND VENUE**

137. This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35 U.S.C. § 271 *et seq*. An actual, substantial, and continuing justiciable controversy exists between Conair and Tonytail, which requires a declaration of Conair's rights by this Court. The controversy relates to the noninfringement and invalidity of three patents, U.S. Patent Nos. D 413,693 ("the 'D693 patent"), D 453,239 S ("the 'D239 patent"), and 6,263,884 B1 ("the '884 patent"), and Tonytail's right to threaten and/or maintain its suit for infringement of the 'D693, 'D239, and '884 patents. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

138. This Court has jurisdiction over Tonytail because it brought its suit alleging patent infringement here. Tonytail alleges that venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(c).

**FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGMENT OF THE 'D693 PATENT**

139. Conair realleges and incorporates by reference the allegations of paragraphs 1-138 of this Answer and Counterclaims as though fully set forth herein.

140. This is an action for declaratory judgment of noninfringement of any and all valid claims of the 'D693 patent.

141. Tonytail alleges that Conair infringes the 'D693 patent in this judicial district and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing and exporting, hair products Tonytail alleges are covered by one or more claims the 'D693 patent.

142. Conair has not infringed any valid claim of the 'D693 patent, either directly or indirectly.

143. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Conair and Tonytail as to whether Conair infringes any valid claim of the 'D693 patent.

144. Conair desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 139-143 above.

145. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the noninfringement of the 'D693 patent.

**SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE 'D693 PATENT**

146. Conair realleges and incorporates by reference the allegations of paragraphs 1-145 of this Answer and Counterclaims as though fully set forth herein.

147. This is an action for declaratory judgment of invalidity of any and all claims of the 'D693 patent.

148. The 'D693 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102 and 103.

149. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Conair and Tonytail as to whether there exists any valid claim of the 'D693 patent.

150. Conair desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 146-149 above.

151. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the 'D693 patent.

**THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGMENT OF THE 'D395 PATENT**

152. Conair realleges and incorporates by reference the allegations of paragraphs 1-151 of this Answer and Counterclaims as though fully set forth herein.

153. This is an action for declaratory judgment of noninfringement of any and all valid claims of the 'D395 patent.

154. Tonytail alleges that Conair infringes the 'D395 patent in this judicial district and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing and exporting, hair products Tonytail alleges are covered by one or more claims the 'D395 patent.

155. Conair has not infringed any valid claim of the 'D395 patent, either directly or indirectly.

156. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Conair and Tonytail as to whether Conair infringes any valid claim of the 'D395 patent.

157. Conair desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 152-156 above.

158. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the noninfringement of the 'D395 patent.

### **FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE 'D395 PATENT**

159. Conair realleges and incorporates by reference the allegations of paragraphs 1-158 of this Answer and Counterclaims as though fully set forth herein.

160. This is an action for declaratory judgment of invalidity of any and all claims of the 'D395 patent.

161. The 'D395 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102 and 103.

162. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Conair and Tonytail as to whether there exists any valid claim of the 'D395 patent.

163. Conair desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 159-162 above.

164. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the 'D395 patent.

**FIFTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGMENT OF THE '884 PATENT**

165. Conair realleges and incorporates by reference the allegations of paragraphs 1-164 of this Answer and Counterclaims as though fully set forth herein.

166. This is an action for declaratory judgment of noninfringement of any and all valid claims of the '884 patent.

167. Tonytail alleges that Conair induced infringement of the '884 patent in this judicial district and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing or exporting, hair products Tonytail alleges are covered by one or more claims the '884 patent.

168. Conair has not induced infringement of any valid claim of the '884 patent.

169. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Conair and Tonytail as to whether Conair induced infringement of any valid claim of the '884 patent.

170. Conair desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 165-169 above.

171. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the noninfringement of the '884 patent.

**SIXTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE '884 PATENT**

172. Conair realleges and incorporates by reference the allegations of paragraphs 1-171 of this Answer and Counterclaims as though fully set forth herein.

173. This is an action for declaratory judgment of invalidity of any and all claims of the 'D693 patent.

174. The '884 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

1    175.   There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202,
2 between Conair and Tonytail as to whether there exists any valid claim of the '884 patent.

3    176.   Conair desires and requests a judicial determination and declaration of the respective
4 rights and duties of the parties on the disputes recited in paragraphs 172-175 above.

5    177.   Such a determination and declaration are necessary and appropriate at this time so the
6 parties may ascertain their respective rights and duties regarding the invalidity of the '884 patent.

## PRAYER FOR RELIEF

WHEREFORE, CONAIR CORPORATION requests that this Court:

a. A judgment that Tonytail's Complaint be dismissed with prejudice and that all relief requested by Tonytail be denied with prejudice.

b. A judgment declaring that Conair does not infringe, has not infringed, and does not induce and has not induced infringement of any of the patents in suit;

c. A judgment declaring that each of the patents in suit are invalid;

d. A judgment that Tonytail be required to pay Conair all of Conair's costs of suit and its attorney's fees pursuant to 35 U.S.C. § 285; and

e. For such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Conair demands a trial by jury on all issues triable of right by a jury that are raised for determination by the Complaint or the Counterclaim.

Dated: March 6, 2008

CONAIR CORPORATION

By its attorneys,

/s/ Thomas F. Fitzpatrick
Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.: 650-752-3144
Fax: 650-853-1038