1  THOMAS F. FITZPATRICK
   GOODWIN PROCTER LLP
2  181 Lytton Avenue
   Palo Alto, CA 94301
3  Telephone: 650-752-3100
   Facsimile: 650-853-1038
4  E-Mail: TFitzpatrick@goodwinprocter.com

5  Attorneys For Defendants
   CONAIR CORPORATION and RITE AID HDQTRS. CORP.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE TONYTAIL COMPANY, INC., | Case No.   3:07-cv-05895-WHA |
| *Plaintiff,* | **RITE AID HDQTRS. CORP.'S ANSWER AND COUNTERCLAIM TO THE TONYTAIL COMPANY INC.'S ORIGINAL COMPLAINT** |
| v. | |
| CONAIR CORPORATION, SCUNCI INT'L, LTD., RITE AID HDQTRS. CORP., L&N SALES & MARKETING, INC., and DOES, 1 – 10, inclusive, | |
| *Defendants.* | |

Defendant Rite Aid HDQTRS. Corp., incorrectly sued as "Rite Aid, Corp." ("Rite Aid") by and through its undersigned counsel, files its Answer and Counterclaim to the Complaint by Plaintiff Tonytail Company, Inc.'s ("Tonytail" or "Plaintiff"), as follows::

## ANSWER

## JURISDICTION AND VENUE

1.   Rite Aid admits that the Court has subject matter jurisdiction. To the extent the allegations in Paragraph 1 of the Complaint regarding related claim jurisdiction are conclusions of law, no response is required. Rite Aid denies the remaining allegations in Paragraph 1.

2.   Rite Aid admits that the Complaint purports to set forth causes of action for unfair competition, trade libel, and trademark dilution. Rite Aid denies the remaining allegations in Paragraph 2.

3.   To the extent Plaintiff's allegations in Paragraph 3 of the Complaint regarding personal jurisdiction are conclusions of law, no response is required. Rite Aid denies the remaining allegations in Paragraph 3.

4.   Rite Aid admits that the Court has subject matter jurisdiction. To the extent the allegations in Paragraph 4 of the Complaint regarding related claim jurisdiction are conclusions of law, no response is required. Rite Aid denies the remaining allegations in Paragraph 4.

5.   To the extent Plaintiff's allegations in Paragraph 2 of the Complaint regarding proper venue are conclusions of law, no response is required. Rite Aid denies the remaining allegations in Paragraph 5.

## PARTIES

6.   Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies them.

7.   Rite Aid admits that Rite Aid HDQTRS. Corp. is a Delaware corporation with a principal place of business in Camp Hill, Pennsylvania. Rite Aid denies the remaining allegations in

1 Paragraph 7. By way of further answer, there is no such entity "Rite Aid, Corp." as erroneously alleged in the Complaint.

8. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies them.

9. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

10. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11. Rite Aid denies that the fictitiously named defendants were agents and/or employees of Rite Aid. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and on that basis denies them.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies them.

13. Rite Aid admits that United States Patent Application Serial No. 29/088,568 appears to name Mia Minnelli as an inventor. In the United States, a patent application can only be filed by, and initial ownership may only vest in, the persons or persons who have actually invented the subject matter claimed in the patent application. The plaintiff is a corporate entity and thus cannot apply for a United States patent. Accordingly, Rite Aid denies the allegations in Paragraph 13.

14. Rite Aid admits that U.S. Patent No. D413,693 was issued on September 7, 1999. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis denies them.

15. Rite Aid admits that United States Patent Application Serial No. 29/136,364 appears to name Mia Minnelli as an inventor. As discussed in Paragraph 13, the plaintiff is a corporate entity and thus cannot apply for a United States patent. Accordingly, Rite Aid denies the allegations in Paragraph 13.

- 2 -

1   16.     Rite Aid admits that U.S. Patent No. D453,239 was issued on January 29, 2002.  Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and on that basis denies them.

17.     Rite Aid admits that U.S. Patent No. 6,263,884 was issued on July 24, 2001.  Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and on that basis denies them.

18.     Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies them.

19.     Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies them.

20.     Rite Aid denies having notice and knowledge of "Plaintiff's Patent No. [sic] U.S. 6,263,884 B1, U.S. Design Patent No. D453,239, U.S. Design Patent No. D453,053, registered trademark 'Tonytail®,' unregistered product trade dress and trademark from at least March 31, 2003."Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 on that basis denies them.

21.     Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 on that basis denies them.

22.     Rite Aid denies the allegations in Paragraph 22.

23.     Rite Aid denies the allegations in Paragraph 23.

24.     Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations that The Tonytail Company, Inc. "presented these products, [sic] Mia Minnelli met with other mass chain retailers who expressed high interest in the Tonytail product…"  and on that basis denies them.  Rite Aid denies the remaining allegations in Paragraph 24.

25.     Rite Aid denies the allegations in Paragraph 25.

26.     Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis denies them.

- 3 -

## FIRST CAUSE OF ACTION
### (Patent Infringement as to U.S. Patent No. D413,693 – 35 U.S.C. § 281)

Rite Aid repeats and incorporates its answers to the allegations contained in paragraphs 1 – 26 above.

27. Rite Aid denies the allegations in Paragraph 27.

28. Rite Aid admits that U.S. Patent No. D413,693 was issued on September 7, 1999. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and on that basis denies them.

29. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis denies them.

30. Rite Aid denies the allegations in Paragraph 30.

31. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies them.

32. Rite Aid denies the allegations in Paragraph 32.

33. Rite Aid denies the allegations in Paragraph 33.

34. Rite Aid denies the allegations in Paragraph 34.

35. Rite Aid denies the allegations in Paragraph 35.

36. Rite Aid denies the allegations in Paragraph 36.

37. Rite Aid denies the allegations in Paragraph 37.

38. Rite Aid denies the allegations in Paragraph 38.

## SECOND CAUSE OF ACTION
### (Patent Infringement as to U.S. Patent No. D453,239 – 35 U.S.C. § 281)

39. Rite Aid repeats and incorporates its answers to the allegations contained in paragraphs 1 – 38 above.

40. Rite Aid denies the allegations in Paragraph 40.

1    41.    Rite Aid admits that U.S. Patent No. D453,239 was issued on January 29, 2002. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and on that basis denies them.

42.    Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies them.

43.    Rite Aid denies the allegations in Paragraph 43.

44.    Rite Aid denies the allegations in Paragraph 44.

45.    Rite Aid denies the allegations in Paragraph 45.

46.    Rite Aid denies the allegations in Paragraph 46.

47.    Rite Aid denies the allegations in Paragraph 47.

48.    Rite Aid denies the allegations in Paragraph 48.

49.    Rite Aid denies the allegations in Paragraph 49.

### THIRD CAUSE OF ACTION
### (Induced Patent Infringement Under 35 U.S.C. § 271)

50.    Rite Aid repeats and incorporates its answers to the allegations contained in paragraphs 1 – 49 above.

51.    Rite Aid denies the allegations in Paragraph 51.

52.    Rite Aid denies the allegations in Paragraph 52.

53.    Rite Aid denies the allegations in Paragraph 53.

54.    Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and on that basis denies them.

55.    Rite Aid denies the allegations in Paragraph 55.

56.    Rite Aid denies the allegations in Paragraph 56.

57.    Rite Aid denies the allegations in Paragraph 57.

58.    Rite Aid denies the allegations in Paragraph 58.

59.    Rite Aid denies the allegations in Paragraph 59.

60.    Rite Aid denies the allegations in Paragraph 60.

1  61. Rite Aid denies the allegations in Paragraph 61.

2  62. Rite Aid denies the allegations in Paragraph 62.

3  63. Rite Aid denies the allegations in Paragraph 63.

**FOURTH CAUSE OF ACTION**
**(Trademark Infringement)**

6  64. Rite Aid repeats and incorporates its answers to the allegations contained in paragraphs 1 – 63 above.

8  65. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis denies them.

10 66. Rite Aid denies the allegations in Paragraph 66.

11 67. Rite Aid denies the allegations in Paragraph 67.

12 68. Rite Aid denies the allegations in Paragraph 68.

13 69. Rite Aid denies the allegations in Paragraph 69.

**FIFTH CAUSE OF ACTION**
**(Violation of Lanham Act; False Designation of Origin under 15 U.S.C. §1125)**

16 70. Rite Aid repeats and incorporates its answers to the allegations contained in paragraphs 1 – 69 above.

18 71. Rite Aid denies the allegations in Paragraph 71.

19 72. Rite Aid denies the allegations in Paragraph 72.

20 73. Rite Aid denies the allegations in Paragraph 73.

21 74. Rite Aid denies the allegations in Paragraph 74.

22 75. Rite Aid denies the allegations in Paragraph 75.

23 76. Rite Aid denies the allegations in Paragraph 76.

24 77. Rite Aid denies the allegations in Paragraph 77.

25 78. Rite Aid denies the allegations in Paragraph 78.

26 79. Rite Aid denies the allegations in Paragraph 79.

27 80. Rite Aid denies the allegations in Paragraph 80.

1   81.   Rite Aid denies the allegations in Paragraph 81.

2   82.   Rite Aid denies the allegations in Paragraph 82.

3   83.   Rite Aid denies the allegations in Paragraph 83.

4

5   **PERMANENT INJUNCTION – 35 U.S.C. § 283**

6   84.   Rite Aid repeats and incorporates its answers to the allegations contained in paragraphs

7   1 – 83 above.

8   85.   Rite Aid denies the allegations in Paragraph 85.

9   86.   Rite Aid denies the allegations in Paragraph 86.

10   87.   Rite Aid denies the allegations in Paragraph 87.

11   88.   Rite Aid denies the allegations in Paragraph 88.

12   89.   Rite Aid denies the allegations in Paragraph 89.

13   90.   Rite Aid denies the allegations in Paragraph 90.

14   91.   Rite Aid denies the allegations in Paragraph 91.

15

16   **SIXTH CAUSE OF ACTION**
**(Unfair Competition – B&P §§ 17200 *et. seq*.)**

17   92.   Rite Aid repeats and incorporates its answers to the allegations contained in paragraphs

18   1 – 91 above.

19   93.   Rite Aid denies the allegations in Paragraph 93.

20   94.   Rite Aid denies the allegations in Paragraph 94.

21   95.   Rite Aid denies the allegations in Paragraph 95.

22   96.   Rite Aid denies the allegations in Paragraph 96.

23   97.   Rite Aid denies the allegations in Paragraph 97.

24   98.   Rite Aid denies the allegations in Paragraph 98.

25

26

27

28

- 7 -

## SEVENTH CAUSE OF ACTION
### (Common Law Unfair Business Practices)

99. Rite Aid repeats and incorporates its answers to the allegations contained in paragraphs 1 – 98 above.

100. Rite Aid is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis denies them.

101. Rite Aid denies the allegations in Paragraph 101.

102. Rite Aid denies the allegations in Paragraph 102.

103. Rite Aid denies the allegations in Paragraph 103.

## EIGHTH CAUSE OF ACTION
### (Injury to Business Reputation and Trade Libel)

104. Rite Aid repeats and incorporates its answers to the allegations contained in paragraphs 1 – 103 above.

105. Rite Aid denies the allegations in Paragraph 105.

106. Rite Aid denies the allegations in Paragraph 106.

107. Rite Aid denies the allegations in Paragraph 107.

108. Rite Aid denies the allegations in Paragraph 108.

109. Rite Aid denies the allegations in Paragraph 109.

## NINTH CAUSE OF ACTION
### (Common Law Trademark Dilution)

110. Rite Aid repeats and incorporates its answers to the allegations contained in paragraphs 1 – 109 above.

111. Rite Aid denies the allegations in Paragraph 111.

112. Rite Aid denies the allegations in Paragraph 112.

113. Rite Aid denies the allegations in Paragraph 113.

114. Rite Aid denies the allegations in Paragraph 114.

115. Rite Aid denies the allegations in Paragraph 115.

## GENERAL DENIAL

116.  Except as specifically admitted, Rite Aid denies each and every allegation contained in the Complaint and denies that Tonytail is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

117.  In addition to the defenses described below, Rite Aid expressly reserves the right to allege additional defenses as they become known through the course of discovery.

## FAILURE TO STATE A CLAIM

118.  Plaintiff's claims are barred in whole or in part because Plaintiff has failed to state a claim upon which relief may be granted.

## NO INJUNCTIVE RELIEF

119.  Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## STATUTE OF LIMITATIONS

120.  Plaintiff's claims are barred in whole or part by the applicable statutes of limitations.

## STATUTE OF FRAUDS

121.  Plaintiff's claims are barred in whole or part by the applicable statute of frauds.

## LACHES

122.  Plaintiff's claims are barred in whole are part by the doctrine of laches.

## WAIVER AND ESTOPPEL

123.  Plaintiff's claims are barred in whole are part by the doctrines of waiver and estoppel.

## TIME BARRED

124.  Plaintiff's claims are barred in whole or part by the provisions of C.C.P. Sections 337, 338, 339, and/or 343.

## INVALIDITY

125.  One or more claims of the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103, and 112.

- 9 -

### PROSECUTION HISTORY ESTOPPEL

126.  Plaintiff's claims are barred in whole or part by the doctrine of prosecution history estoppel.

### UNCLEAN HANDS

127.  Plaintiff's claims are barred in whole or part by reason of its unclean hands.

### NOT UNLAWFUL OR UNFAIR

128.  Plaintiff's claims are barred in whole or part because Rite Aid has not engaged in any unlawful or unfair business practices, and Rite Aid's conduct was privileged, performed in the exercise of an absolute right, licensed, proper and/or justified.

### CALIFORNIA COMMERCIAL CODE

129.  Plaintiff's claims are barred in whole or part because Plaintiff failed to act in a commercially reasonable manner as that term is defined in the California Commercial Code.

### CONSENT

130.  Plaintiff's claims are barred in whole or part because Plaintiff implicitly consented to Rite Aid's conduct.

### PATENT EXHAUSTION

131.  Plaintiff's claims are barred in whole or part because the doctrine of patent exhaustion.

### NO INDUCED INFRINGEMENT

132.  Plaintiff's claims are barred in whole or part because Rite Aid has not induced infringement of U.S. Patent No. 6,263,884.

### NONINFRINGEMENT

133.  Plaintiff's claims are barred in whole or part because Rite Aid has not directly or indirectly infringed U.S. Patent Nos. D413,693 and D453,239.

**RITE AID'S COUNTERCLAIMS**

134. Rite Aid counterclaims against Tonytail as follows:

**PARTIES**

135. Rite Aid is a Delaware corporation with its principal place of business at 30 Hunter Lane, Camp Hill, PA 17011.

136. Tonytail alleges that it is a Delaware corporation with its principal place of business in San Ramon, County of Contra Costa, and State of California.

**JURISDICTION AND VENUE**

137. This action arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35 U.S.C. § 271 *et seq*. An actual, substantial, and continuing justiciable controversy exists between Rite Aid and Tonytail, which requires a declaration of Rite Aid's rights by this Court. The controversy relates to the noninfringement and invalidity of three patents, U.S. Patent Nos. D 413,693 ("the 'D693 patent"), D 453,239 S ("the 'D239 patent"), and 6,263,884 B1 ("the '884 patent"), and Tonytail's right to threaten and/or maintain its suit for infringement of the 'D693, 'D239, and '884 patents. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

138. This Court has jurisdiction over Tonytail because it brought its suit alleging patent infringement here. Tonytail alleges that venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(c).

**FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGMENT OF THE 'D693 PATENT**

139. Rite Aid realleges and incorporates by reference the allegations of paragraphs 1-138 of this Answer and Counterclaims as though fully set forth herein.

140. This is an action for declaratory judgment of noninfringement of any and all valid claims of the 'D693 patent.

- 11 -

141. Tonytail alleges that Rite Aid infringes the 'D693 patent in this judicial district and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing and exporting, hair products Tonytail alleges are covered by one or more claims the 'D693 patent.

142. Rite Aid has not infringed any valid claim of the 'D693 patent, either directly or indirectly.

143. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Rite Aid and Tonytail as to whether Rite Aid infringes any valid claim of the 'D693 patent.

144. Rite Aid desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 139-143 above.

145. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the noninfringement of the 'D693 patent.

### SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE 'D693 PATENT

146. Rite Aid realleges and incorporates by reference the allegations of paragraphs 1-145 of this Answer and Counterclaims as though fully set forth herein.

147. This is an action for declaratory judgment of invalidity of any and all claims of the 'D693 patent.

148. The 'D693 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102 and 103.

149. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Rite Aid and Tonytail as to whether there exists any valid claim of the 'D693 patent.

150. Rite Aid desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 146-149 above.

- 12 -

151. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the 'D693 patent.

### THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGMENT OF THE 'D395 PATENT

152. Rite Aid realleges and incorporates by reference the allegations of paragraphs 1-151 of this Answer and Counterclaims as though fully set forth herein.

153. This is an action for declaratory judgment of noninfringement of any and all valid claims of the 'D395 patent.

154. Tonytail alleges that Rite Aid infringes the 'D395 patent in this judicial district and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing and exporting, hair products Tonytail alleges are covered by one or more claims the 'D395 patent.

155. Rite Aid has not infringed any valid claim of the 'D395 patent, either directly or indirectly.

156. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Rite Aid and Tonytail as to whether Rite Aid infringes any valid claim of the 'D395 patent.

157. Rite Aid desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 152-156 above.

158. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the noninfringement of the 'D395 patent.

### FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF THE 'D395 PATENT

159. Rite Aid realleges and incorporates by reference the allegations of paragraphs 1-158 of this Answer and Counterclaims as though fully set forth herein.

- 13 -

160. This is an action for declaratory judgment of invalidity of any and all claims of the 'D395 patent.

161. The 'D395 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102 and 103.

162. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Rite Aid and Tonytail as to whether there exists any valid claim of the 'D395 patent.

163. Rite Aid desires and requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 159-162 above.

164. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the invalidity of the 'D395 patent.

### FIFTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NONINFRINGMENT OF THE '884 PATENT

165. Rite Aid realleges and incorporates by reference the allegations of paragraphs 1-164 of this Answer and Counterclaims as though fully set forth herein.

166. This is an action for declaratory judgment of noninfringement of any and all valid claims of the '884 patent.

167. Tonytail alleges that Rite Aid induced infringement of the '884 patent in this judicial district and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing and exporting, hair products Tonytail alleges are covered by one or more claims the '884 patent.

168. Rite Aid has not induced infringement of any valid claim of the '884 patent, either directly or indirectly.

169. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Rite Aid and Tonytail as to whether Rite Aid induced infringement of any valid claim of the '884 patent.

1  170. Rite Aid desires and requests a judicial determination and declaration of the respective
2  rights and duties of the parties on the disputes recited in paragraphs 165-169 above.
3  171. Such a determination and declaration are necessary and appropriate at this time so the
4  parties may ascertain their respective rights and duties regarding the noninfringement of the '884
5  patent.

### SIXTH COUNTERCLAIM: DECLARATORY JUDGMENT
### OF INVALIDITY OF THE '884 PATENT

8  172. Rite Aid realleges and incorporates by reference the allegations of paragraphs 1-171 of
9  this Answer and Counterclaims as though fully set forth herein.
10 173. This is an action for declaratory judgment of invalidity of any and all claims of the
11 'D693 patent.
12 174. The '884 patent, and each claim thereof, is invalid for failure to comply with one or
13 more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§
14 101, 102, 103, and 112.
15 175. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202,
16 between Rite Aid and Tonytail as to whether there exists any valid claim of the '884 patent.
17 176. Rite Aid desires and requests a judicial determination and declaration of the respective
18 rights and duties of the parties on the disputes recited in paragraphs 172-175 above.
19 177. Such a determination and declaration are necessary and appropriate at this time so the
20 parties may ascertain their respective rights and duties regarding the invalidity of the '884 patent.

### PRAYER FOR RELIEF

WHEREFORE, RITE AID CORPORATION requests that this Court:

a. A judgment that Tonytail's Complaint be dismissed with prejudice and that all relief requested by Tonytail be denied with prejudice.

b. A judgment declaring that Rite Aid does not infringe, has not infringed, and does not induce and has not induced infringement of any of the patents in suit;

- 15 -

1      c.     A judgment declaring that each of the patents in suit are invalid;

2      d.     A judgment that Tonytail be required to pay Rite Aid all of Rite Aid's costs of suit and its attorney's fees pursuant to 35 U.S.C. § 285; and

     e.     For such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Rite Aid demands a trial by jury on all issues triable of right by a jury that are raised for determination by the Complaint or the Counterclaim.

Dated: March 6, 2008                          RITE AID HDQTRS. CORP.

                                                   By its attorneys,

                                                   /s/ Thomas F. Fitzpatrick
                                                 Thomas F. Fitzpatrick
                                                 tfitzpatrick@goodwinprocter.com
                                                 GOODWIN PROCTER LLP
                                                 181 Lytton Avenue
                                                 Palo Alto, CA 94301
                                                 Tel.: 650-752-3144
                                                 Fax: 650-853-1038

- 16 -

RITE AID HDQTRS. CORP.'S ANSWER AND COUNTERCLAIM
Case No. 3:07-cv-05895-WHA