Matlock Law Group, PC
Anne-Leith Matlock
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Telephone: (925) 944-7131
Facsimile: (925) 944-7138

Attorney for Plaintiff,
Counterdefendant,
THE TONYTAIL COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE TONYTAIL COMPANY, INC., a Delaware Corporation,<br><br>    Plaintiff, Counterdefendant,<br><br>v<br><br>CONAIR CORPORATION, SCUNCI INT'L, LTD., RITE AID CORPORATION., L&N SALES & MARKETING INC., and 1-10, inclusive,<br><br>    Defendant, Counterclaimant. | Case No.: 3:07-cv-05895-WHA<br><br>PLAINTIFF, THE TONYTAIL COMPANY, INC.'S RESPONSE TO DEFENDANT CONAIR'S COUNTERCLAIM |

**RESPONSE**

1.  In response to Defendant and Counterclaimant, Conair Corporation's, (hereinafter "Conair") paragraph 134, pursuant to Federal Rule of Civil Procedure 12(a)(2), Plaintiff and Counterdefendant, The Tonytail Company, Inc., (hereinafter "Tonytail") hereby replies to the unverified Counterclaim of Counterclaimant, CONAIR, as follows:

## PARTIES

2. In response to paragraph 135 of Conair's Counterclaim, Counterdefendant admits that Counterclaimant, Conair is a Delaware corporation with its principle place of business at 2200 Byberry Road, Hatboro, PA 19040.

3. In response to paragraph 136 of Conair's Counterclaim, Counterdefendant, The Tonytail Company, admits it is a Delaware corporation with its principal place of business in San Ramon, County of Contra Costa, and State of California.

## JURISDICTION AND VENUE

4. In response to paragraph 137 of Conair's Counterclaim, Counterdefendant admits this court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a). However, Counterdefendant denies the remaining allegations on the basis of insufficient knowledge or information.

5. In response to paragraph 138 of Conair's Counterclaim, Counterdefendant admits that this court has jurisdiction because Counterdefendant brought suit alleging patent infringement. Counterdefendant also admits that venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(c).

## FIRST COUNTERCLAIM FOR DECLARATORY JUDGEMENT OF NONINFRINGEMENT OF PLAINTIFF'S 'D693 PATENT

6. In response to paragraph 139 of Conair's Countercliam, Counterdefendant refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-5 as if fully set forth herein.

7. In response to paragraph 140 of Conair's Counterclaim, Counterdefendant admits that the counterclaim asserts a cause of action for declaratory judgment of noninfringment of any and all valid claims of Counterdefendant's issued 'D693 patent. However, Tonytail is without knowledge or information sufficient to form a belief as to the truth of the validity of this claim and on this basis denies this allegation.

8.  In response to paragraph 141 of Conair's Counterclaim, Counterdefendant admits that it alleges Counterclaimant infringes Counterdefendant's 'D693 patent in this judicial district and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing and exporting, hair products Counterdefendant alleges are covered by one or more claims of Counterdefendant's 'D693 patent.

9.  In response to paragraph 142 of Conair's Counterclaim, Counterdefendant denies all allegations.

10. In response to paragraph 143 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

11. In response to paragraph 144 of Conair's Counterclaim, Counterdefendant admits that Counterclaimant requests a judicial determination and declaration of the respective rights and duties of the parties on the alleged disputes recited in paragraphs 139-143 of Counterclaimant's Counterclaim. However, Counterdefendant refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1 through 10 as if fully set forth herein.

12. In response to paragraph 145 of Conair's Counterclaim, Counterdefendant denies all allegations.

### SECOND COUNTERCLAIM FOR DECLARATORY JUDGEMENT OF NONINFRINGEMENT OF PLAINTIFF'S 'D693 PATENT

13. In response to paragraph 146 of Conair's Counterclaim, Counterdefendant refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-12 as if fully set forth herein.

14. In response to paragraph 147 of Conair's Counterclaim, Counterdefendant admits that the counterclaim asserts a cause of action for declaratory judgment of invalidity of any and all claims of Counterdefendant's issued 'D693 patent. However,

Tonytail is without knowledge or information sufficient to form a belief as to the truth of the validity of this claim and on this basis denies this allegation.

15. In response to paragraph 148 of Conair's Counterclaim, Counterdefendant denies all allegations.

16. In response to paragraph 149 of Conair's Counterclaim, Counterdefendant denies all allegations. In response to paragraph 150 of Conair's Counterclaim, Counterdefendant admits that Counterclaimant requests a judicial determination and declaration of the respective rights and duties of the parties on the alleged disputes recited in paragraphs 146-149 of Counterclaimant's Counterclaim. However, Counterdefendant refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-16 as if fully set forth herein.

17. In response to paragraph 151 of Conair's Counterclaim, Counterdefendant denies all allegations.

### THIRD COUNTERCLAIM FOR DECLARATORY JUDGEMENT OF NONINFRINGEMENT OF PLAINTIFF'S 'D395 PATENT

18. In response to paragraph 152 of Conair's Countercliam, Counterdefendant refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-18 as if fully set forth herein.

19. In response to paragraph 153 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

20. In response to paragraph 154 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

21. In response to paragraph 155 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

22. In response to paragraph 156 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

23. In response to paragraph 157 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

24. In response to paragraph 158 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

## FOURTH COUNTERCLAIM FOR DECLARATORY JUDGEMENT OF INVALIDITY OF PLAINTIFF'S 'D395 PATENT

25. In response to paragraph 159 of Conair's Counterclaim, Counterdefendant refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-25 as if fully set forth herein.

26. In response to paragraph 160 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

27. In response to paragraph 161 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

28. In response to paragraph 162 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

29. In response to paragraph 163 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

30. In response to paragraph 164 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

## FIFTH COUNTERCLAIM FOR DECLARATORY JUDGEMENT OF NONINFRINGEMENT OF PLAINTIFF'S '884 PATENT

31. In response to paragraph 165 of Conair's Countercliam, Counterdefendant refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-31 as if fully set forth herein.

32. In response to paragraph 166 of Conair's Counterclaim, Counterdefendant admits that the counterclaim asserts a cause of action for declaratory judgment of non-

infringement of any and all valid claims of Counterdefendant's issued 'D884 patent. However, Tonytail is without knowledge or information sufficient to form a belief as to the truth of the validity of this claim and on this basis denies this allegation.

33. In response to paragraph 167 of Conair's Counterclaim, Counterdefendant admits that it alleges Counterclaimant induced infringement of Counterdefendant's 'D884 patent in this judicial district and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing and exporting, hair products Counterdefendant alleges are covered by one or more claims of Counterdefendant's 'D884 patent.

34. In response to paragraph 168 of Conair's Counterclaim, Counterdefendant denies all allegations.

35. In response to paragraph 169 of Conair's Counterclaim, Counterdefendant denies all allegations on the basis of insufficient knowledge or information.

36. In response to paragraph 170 of Conair's Counterclaim, Counterdefendant admits that Counterclaimant requests a judicial determination and declaration of the respective rights and duties of the parties on the alleged disputes recited in paragraphs 165-169 of Counterclaimant's Counterclaim. However, Counterdefendant refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-36 as if fully set forth herein.

37. In response to paragraph 171 of Conair's Counterclaim, Counterdefendant denies all allegations.

## SIXTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF COUNTERDEFENDANT'S '884 PATENT

38. In response to paragraph 172 of Conair's Counterclaim, Counterdefendant refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-38 as if fully set forth herein.

39. In response to paragraph 173 of Conair's Counterclaim, Counterdefendant admits that the counterclaim asserts a cause of action for declaratory judgment of invalidity of any and all claims of Counterdefendant's issued 'D884 patent. However, Tonytail is without knowledge or information sufficient to form a belief as to the truth of the validity of this claim and on this basis denies this allegation.

40. In response to paragraph 174 of Conair's Counterclaim, Counterdefendant denies all allegations.

41. In response to paragraph 175 of Conair's Counterclaim, Counterdefendant denies all allegations.

42. In response to paragraph 176 of Conair's Counterclaim, Counterdefendant admits that Counterclaimant requests a judicial determination and declaration of the respective rights and duties of the parties on the alleged disputes recited in paragraphs 172-175 of Counterclaimant's Counterclaim. However, Counterdefendant refers to and incorporates its responses set forth above to each and every allegation in paragraphs 1-42 as if fully set forth herein.

43. In response to paragraph 177 of Conair's Counterclaim, Counterdefendant denies all allegations.

## PRAYER FOR RELIEF

**THEREFORE**, this answering Counterdefendant prays as follows:

44.   a.   That Counterclaimant take nothing by its Counterclaim herein and that the Counterclaim be dismissed in its entirety with prejudice;

    b.   A judgment declaring that Conair does infringe, has infringed, does induce and has induced infringement of any patents in suit;

    c.   A judgment declaring that each of Tonytail's patents in suit are valid;

       d.      That the court award Tonytail all costs, expenses and its attorney's fees (pursuant to 35 U.S.C. §285) it incurs in this action; and

       e.      That the court award Tonytail such other and further relief that it deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

45.    In addition to the defenses described below, Tonytail expressly reserves the right to assert additional defenses as they become known through the course of discovery.

### FIRST DEFENSE
**(Failure to State a Claim upon which Relief can be Granted)**

46.    Counterdefendant alleges that Counterclaimant failed to state a claim upon which relief can be granted.

### SECOND DEFENSE (Injunctive Relief)

47.    Counterdefendant alleges that Counterclaimant is not entitled to injunctive relief.

### THIRD DEFENSE
**(Statute of Limitations / Time Barred)**

48.    Counterdefendant alleges that some or all of Counterclaimant's claims are prohibited by the relevant statutes of limitations and or are time barred.

### FOURTH DEFENSE
**(Waiver and Estoppel)**

49.    Counterdefendant alleges that some or all of Counterclaimant's claims are barred by the doctrines of waiver and estoppel.

//
//

## **FIFTH DEFENSE**

### (Unclean Hands)

50.  Counterdefendant alleges that some or all of Counterclaimant's claims are barred by the doctrine of unclean hands.

MATLOCK LAW GROUP, PC

Dated: March 26, 2008          By: /s/ Anne-Leith Matlock

Anne-Leith Matlock, Esq.
Attorneys for, Plaintiff The Tonytail Company, Inc.