Matlock Law Group, PC
Anne-Leith Matlock, SBN 244351,
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Phone: 925 944-7131
Facsimile: 925 944-7138

Attorneys for
The Tonytail Company, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE TONYTAIL COMPANY, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONAIR, a Delaware Corporation; SCUNCI INTL., Ltd., a Delaware Corporation; RITE AID, a Delaware Corporation; L&N Sales & Marketing, Inc., a Pennsylvania Corporation and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 3:07-cv-05895-WHA<br><br>DECLARATION OF ANNE-LEITH MATLOCK, IN SUPPORT OF PLAINTIFF TONYTAIL'S RESPONSE TO DEFENDANT CONAIR'S COUNTERCLAIM |

I, ANNE-LEITH W. MATLOCK, declare:

---

1

DECLARATION OF ANNE-LEITH MATLOCK IN SUPPORT OF RESPONSE TO DEFENDANT CONAIR'S COUNTERCLAIM

CASE NO. 3:07-CV-05895-WHA

1. I, ANNE-LEITH W. MATLOCK, am an attorney at law licensed to practice before the courts of the State of California, admitted in the Northern and Eastern Districts of California, and a Principle of the law firm Matlock Law Group, attorneys of record for The Tonytail Company, Inc.

2. I hereby refer to and incorporate Plaintiff's declaration entitled, Declaration of Mia Minnelli in Support of Complaint for Damages, signed on November 16, 2007 and filed on November 20, 2007. Attached as Exhibit A is a true and correct copy of Plaintiff's Declaration.

3. I hereby refer to and incorporate my previous declaration entitled, Declaration of Anne-Leith Matlock in Support of Complaint for Damages, signed on November 27, 2007, filed on November 20, 2007 and refiled on November 27, 2008. Attached as Exhibit B is a true and correct copy of Plaintiff's Declaration.

4. In August 2007, Mia Minnelli contacted me for legal advice regarding the facts underlying the Complaint in this matter. She presented to me facts substantially similar to those set forth in her declaration.

5. I have personally reviewed the admissions and denials set forth in the response and conclude that they are accurate to the best of my knowledge and information at this time.

I declare under penalty of perjury that the foregoing is true and correct, if called upon to testify, I could or would competently testify thereto and that this declaration was executed this 26th of March 2008, at Walnut Creek, California.

DATED: March 26, 2008

MATLOCK LAW GROUP

By: _____
Anne-Leith W. Matlock
Attorneys for The Tonytail Company, Inc.

# EXHIBIT A

# EXHIBIT A

**Matlock Law Group,** A Professional Corporation
Anne-Leith W. Matlock, SBN 244351,
50 California Street Suite 1500
San Francisco, CA 94111
Office: 415-277-5499
Fax: 415-439-5299

Attorneys for Plaintiff The Tonytail Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TONYTAIL COMPANY, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONAIR, a Delaware Corporation; SCUNCI INTL., Ltd., a Delaware Corporation; RITE AID, a Delaware Corporation; L&N Sales & Marketing, Inc., a Pennsylvania Corporation and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV07-5895 BZ<br><br>DECLARATION OF MIA MINNELLI IN SUPPORT OF COMPLAINT FOR DAMAGES |

I, MIA MINELLI, declare:

1. I, Mia Minnelli, am the sole owner, President and Chief Executive Officer of the Plaintiff, The Tonytail Company, Inc., (hereinafter "Tonytail").

---

1

COMPLAINT FOR DAMAGES                                                                                                  CASE NO.:

2. At all times relevant to this Complaint, I was the owner of various valid and enforceable patents and trademarks on the Tonytail's hair accessories line, including the "Tonytail". In September of 2007, I assigned those patents and trademarks to Tonytail.

3. In January 2002, I discovered that L & N Sales and Marketing (hereinafter "L & N"), by its subsidiary Scunci, had sold imitations of my patented ponytail holder device to mass retailers, including stores with which Tonytail also maintained business relationships. I immediately requested that L & N cease production and sale of these infringing goods, and on March 31, 2003, the Tonytail Company entered into a Settlement and Licensing Agreement with L & N. In addition, L & N signed a Non-Disclosure Agreement of May 5, 2003, for certain trade secrets of Plaintiff's business.

4. Pursuant to these agreements, I forbore from taking legal action against L & N for the infringement. L & N agreed to cease and desist from further manufacture and sale of infringing products, and pursuant to a limited license granted, to account for and pay a royalty for all infringing goods already produced and sold.

5. I believe that in March of 2005, Scunci was acquired by Conair.

6. Following Scunci's acquisition by Conair, Conair/Scunci commenced production of infringing goods and sold the imitation infringing goods to mass retailers.

7. On June 29, 2004, I entered into an Independent Contractor Agreement with the Dowell Group, according to which Dowell was to devote its best efforts to actively promote and sell my company's products, to maintain confidences, to refrain from carrying, promoting, marketing or selling any other products that could be deemed as conflicting or competing with my products and to advance my business interests ahead of any others. However, Dowell divulged my valuable business information, revealed my confidential e-mails, and engaged in other conduct, which was harmful to my business interests.

8. Thereafter, I applied for vendor status with Rite Aid. Dowell Group advised that Tonytail would soon be given its own vendor number, but that in the meantime, Dowell advised that Rite Aid insisted that Tonytail enter an interim agreement with Ingenuity whereby the Tonytail would share a vendor number with Ingenuity, and further, that Ingenuity would administer all Tonytail transactions with Rite Aid. On December 15, 2004, Tonytail and Ingenuity executed a Summary Term Sheet reflecting the interim agreement.

9. In addition, Dowell advised that Rite Aid vendors were required to carry $5 million in product liability insurance, and so we purchased additional insurance in anticipation of receiving our own Rite Aid vendor number.

10. Beginning in 2005, and continuing through 2006, Ingenuity began to fail to forward to Tonytail payments it received from Rite Aid. Following my repeated complaints to Ingenuity and Dowell, Rite Aid cancelled our contract, alleging that Tonytail was demanding prepayment for Tonytail goods, which it was not. Thereafter, I was informed that Tonytail products would be removed from Rite Aid's nationwide marketing program.

11. At meetings with other mass retailers, I was told that Conair/Scunci had represented to them that the Scunci product was a distinct competing product that would not infringe the Tonytail patents and that therefore they ought not to carry the Tonytail products.

12. Between March and August 2007, these buyers that previously expressed their intention to enter into an agreement with Tonytail consequently cancelled negotiations and even existing contracts with Tonytail and rejected my further offers.

13. Rite Aid did intermittently offer Tonytail products until November 13, 2007, sometimes on hooks marked with the Scunci brand, and sometimes displaying Scunci products on hooks designated for Tonytail products.

Case 3:07-cv-05895-BZ   Document 37   Filed 10/27/2008   Page 8 of 11
Case 3:07-cv-05895-BZ   Document 7   Filed 11/27/2007   Page 7 of 7

1      I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct. If called upon to testify, I could or would competently
3  testify thereto.
4      Executed on this 16TH day of November 2007, at Walnut Creek,
5  California.

*[signature]*
MIA MINNELLI

The Tonytail Company, Inc.
President and Chief Executive Officer

---

4

COMPLAINT FOR DAMAGES      CASE NO.:

# EXHIBIT B

| | |
|---|---|
| 1 | **Matlock Law Group**, A Professional Corporation |
| 2 | Anne-Leith W. Matlock, SBN 244351, |
|   | 50 California Street Suite 1500 |
| 3 | San Francisco, CA 94111 |
|   | Office: 415-357-2095 |
| 4 | Fax: 415.439.5299 |
| 5 | Attorneys for The Tonytail Company and Mia Minnelli |

## UNITED STATES DISTRICT COURT

## NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TONYTAIL COMPANY, INC. a Delaware Corporation, | **CASE NO. CV07-5895 BZ** |
| Plaintiff, | **DECLARATION OF ANNE-LEITH MATLOCK IN SUPPORT OF COMPLAINT FOR DAMAGES** |
| v. | |
| CONAIR, a Delaware Corporation; SCUNCI INTL., Ltd., a Delaware Corporation; RITE AID, a Delaware Corporation; L&N Sales & Marketing, Inc., a Pennsylvania Corporation and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

I, ANNE-LEITH W. MATLOCK, declare:

Page 1

DECLARATION OF ANNE-LEITH MATLOCK    CASE NO. CV07-5895 BZ
IN SUPPORT OF COMPLAINT FOR DAMAGES

1. I, ANNE-LEITH W. MATLOCK, am an attorney at law licensed to practice before the courts of the State of California, admitted in the Northern and Eastern Districts of California, and a Principle of the law firm Matlock Law Group, attorneys of record for The Tonytail Company, Inc.

2. Attached as Exhibit A is a true and correct copy of Plaintiff's Declaration.

3. In August 2007, Mia Minnelli contacted me for legal advice regarding the facts underlying the Complaint in this matter. She presented to me facts substantially similar to those set forth in her declaration.

4. I have personally reviewed the facts set forth in the complaint and conclude that they provide the basis for the causes of action set forth in the Complaint for Damages.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, if called upon to testify, I could or would competently testify thereto and that this declaration was executed this 27th of November 2007, at Walnut Creek, California.

DATED: November 27, 2007

Respectfully Submitted,

MATLOCK LAW GROUP

By: /s/
Anne-Leith W. Matlock

Attorneys for The Tonytail Company, Inc.

Page 2

DECLARATION OF ANNE-LEITH MATLOCK   CASE NO. CV07-5895 BZ
IN SUPPORT OF COMPLAINT FOR DAMAGES