Matlock Law Group, A Professional Corporation
Anne-Leith Matlock, SBN 244351
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Phone: (925) 944-7131
Fax:    (925) 944-7138
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Plaintiff,
The Tonytail Company, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| THE TONYTAIL COMPANY, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONAIR, a Delaware Corporation; SCUNCI INTL., Ltd., a Delaware Corporation; RITE AID, a Delaware Corporation; L&N Sales & Marketing, Inc., and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 3:07-cv-05895-WHA**<br><br>**MOTION FOR LEAVE TO AMEND ORDER REGARDING SCHEDULE FOR CLAIM CONSTRUCTION AND AMENDED SCHEDULE FOR CLAIM CONSTRUCTION** |

Plaintiff, The Tonytail Company, hereby moves for leave to amend the Order Regarding Schedule for Claim Construction, and respectfully submits amended schedule regarding claim construction.

The initial Proposed Order in this matter was drafted by opposing counsel and filed on February 29, 2008. It stated that on **February 29, 2008**, the plaintiff shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." On **March 14, 2008**, each party shall simultaneously exchange a list of no more than six claim terms, phrases or clauses which that party contends should be construed by the Court, and identify any element which that party contends should be governed by 35 U.S.C. § 112 ¶ 6. The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement. On **April 11, 2008**, the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. On **May 2, 2008**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement. On **May 2, 2008**, each party shall serve and file an opening brief and any evidence supporting its claim construction. On **May 16, 2008**, each party shall serve and file a responsive brief and any supporting evidence. On **May 23, 2008**, each party shall serve and file any reply brief and evidence directly rebutting the supporting evidence contained in an opposing party's response. Finally, a Tutorial for the Court shall be conducted immediately prior to the scheduled claim construction hearing on **May 28, 2008**.

Defendants, Conair and Rite Aid did not file their counterclaims until March 7, 2008. Given that the Proposed Order was drafted prior to Plaintiff's receipt of Defendants' Counterclaim, Defendants alone had knowledge of their intent to claim invalidity and therefore should have accounted for the "Invalidity Contention" requirement of Local P.R. 3-3 and 3-4 in the claim construction schedule. Plaintiff has timely served on all parties its "Disclosure of Asserted Claims and Infringement Contentions." Although the parties have exchanged a list of six claim terms, phrases or clauses which the parties contend should be construed by the Court, and have identified

elements which the parties contend should be governed by 35 U.S.C. § 112 ¶ 6, the parties have not narrowed or resolved all differences which would facilitate the ultimate preparation of a Joint Claim Construction and Prehearing Statement. Furthermore, opposing counsel has not yet submitted his Invalidity Contentions. Without opposing counsel's invalidity contentions and accompanying document production, the Plaintiff would be prejudiced in its April 11, 2008 requirement for Exchange of Preliminary Claim Construction and Extrinsic Evidence, for lack of knowledge as to opposing counsel's specific arguments. Plaintiff's counsel has made several in person and phone call requests of Defendants, Conair and Rite Aid to deliver their invalidity contentions and schedule.

Consequently, Plaintiff submits this motion for leave to amend the present order regarding the schedule for claim construction in the interests of justice and efficiency and further submits this amended schedule:

1. On **April 25, 2008**, rather than, April 11, 2008, the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function. At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction. The parties shall

thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

2. On **May 16, 2008**, rather than May 2, 2008, the parties shall complete and file a Joint Claim Construction and Prehearing Statement which shall contain the following:

(a) The construction of those terms on which the parties agree;

(b) Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c) An identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 6. The parties shall also identify any term among the 6 whose construction will be case or claim dispositive. If the parties cannot agree on the 6 most significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed 6. For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify only one additional term as most significant.

(d) The anticipated length of time necessary for the Claim Construction Hearing;

(e) Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.

3. On **May 21, 2008**, each party shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Preliminary Claim Construction statement (Patent L.R. 4-2) or Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3).

4. On **May 28, 2008**, rather than May 2, 2008, each party shall serve and file an opening brief and any evidence supporting its claim construction.

5. On **June 11, 2008**, rather than May 16, 2008, each party shall serve and file a responsive brief and any supporting evidence.

6. On **June 18, 2008**, rather than May 23, 2008, each party shall serve and file any reply brief and evidence directly rebutting the supporting evidence contained in an opposing party's response.

7. Although the parties have suggested to the Court that due to the nature of the subject matter claimed in the patents-in-suit,[1] and in the interest of efficiency, a Tutorial for the Court should be conducted (by counsel only) immediately prior to the scheduled claim construction hearing on May 28, 2008 rather than on May 14, 2008, Plaintiff's amended schedule would include that the Tutorial be held on **June 18, 2008** and the claim construction hearing on **June 25, 2008,** rather than May 28, 2008. Additionally, the parties have indicated that the Court will not hear live testimony during the claim construction hearing.

---

[1] Namely, United States Patent No. 6,263,884 ("the '884 patent"); United States Design Patent No. D453,239 ("the '239 patent"); and United States Design Patent No. D453,053 ("the '053 patent").

However, if the Court is of the opinion that the claim construction hearing should not be extended, Plaintiff respectfully submits an alternative claim construction schedule:

1. On **April 25, 2008**, rather than, April 11, 2008, the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function. At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction. The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

2. On **May 2, 2008**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement which shall contain the following:

(a) The construction of those terms on which the parties agree;

(b) Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by

law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c) An identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 6. The parties shall also identify any term among the 6 whose construction will be case or claim dispositive. If the parties cannot agree on the 6 most significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed 6. For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify only one additional term as most significant.

(d) The anticipated length of time necessary for the Claim Construction Hearing;

(e) Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.

3. On **May 6, 2008**, each party shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Preliminary Claim Construction statement (Patent L.R. 4-2) or Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3).

4. On **May 9, 2008**, rather than May 2, 2008 each party shall serve and file an opening brief and any evidence supporting its claim construction.

5. On **May 16, 2008**, each party shall serve and file a responsive brief and any supporting evidence.

6. On **May 23, 2008**, each party shall serve and file any reply brief and evidence directly rebutting the supporting evidence contained in an opposing party's response.

7. The parties have agreed and the Court signed on March 3, 2008 in the original order, that due to the nature of the subject matter claimed in the patents-in-suit,[2] and in the interest of efficiency, a Tutorial for the Court should be conducted (by counsel only) immediately prior to the scheduled claim construction hearing on **May 28, 2008** rather than on May 14, 2008. Additionally, the parties have indicated that the Court will not hear live testimony during the claim construction hearing. Accordingly, a Tutorial for the Court shall be conducted immediately prior to the scheduled claim construction hearing on **May 28, 2008** at **1:30.**

8. In the alternative, if the Court wishes to hold the Tutorial ahead of the claim construction hearing, Plaintiff respectfully requests that the Tutorial take place on **May 21, 2008**, rather than May 14, 2008.

DATED: April 8, 2008

MATLOCK LAW GROUP

By: _____
Anne-Leith W. Matlock
Attorney for Plaintiff,
The Tonytail Company, Inc.

---

[2] Namely, United States Patent No. 6,263,884 ("the '884 patent"); United States Design Patent No. D453,239 ("the '239 patent"); and United States Design Patent No. D453,053 ("the '053 patent").