Matlock Law Group, PC
Anne-Leith Matlock, SBN 244351
1485 Treat Blvd, Suite 200
Walnut Creek, CA 94597
Phone: 925-944-7131
Fax: 925-944-7138
email: anne-leith@matlocklawgroup.com

Attorneys for Plaintiff
THE TONYTAIL COMPANY, INC.


THOMAS F. FITZPATRICK
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Telephone: 650-752-3100
Facsimile: 650-853-1038
E-Mail: TFitzpatrick@goodwinprocter.com

Attorneys for Defendants
CONAIR, CORP. and RITE AID, CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE TONYTAIL COMPANY, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> CONAIR, CORP., SCUNCI INT'L, LTD., RITE AID, CORP., L&N SALES & MARKETING, INC., and DOES, 1 – 10, inclusive, <br><br> *Defendants.* | Case No.   3:07-cv-05895-WHA <br><br> [PROPOSED] ALTERNATIVE AMENDED ORDER REGARDING SCHEDULE FOR CLAIM CONSTRUCTION |

The Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1

1. On **April 25, 2008**, rather than, April 11, 2008, the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function. At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction. The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

2. On **May 2, 2008**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement which shall contain the following:

(a) The construction of those terms on which the parties agree;

(b) Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c) An identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 6. The parties shall also identify any term among the 6 whose construction will be case or claim dispositive. If the parties cannot agree on the 6 most

significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed 6. For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify only one additional term as most significant.

    (d)    The anticipated length of time necessary for the Claim Construction Hearing;

    (e)    Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.

    3.    On **May 6, 2008**, each party shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Preliminary Claim Construction statement (Patent L.R. 4-2) or Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3).

    4.    On **May 9, 2008**, rather than May 2, 2008 each party shall serve and file an opening brief and any evidence supporting its claim construction.

    5.    On **May 16, 2008**, each party shall serve and file a responsive brief and any supporting evidence.

    6.    On **May 23, 2008**, each party shall serve and file any reply brief and evidence directly rebutting the supporting evidence contained in an opposing party's response.

    7.    The parties have agreed and the Court signed on March 3, 2008 in the original order, that due to the nature of the subject matter claimed in the patents-in-suit,[1] and in the interest

---

[1] Namely, United States Patent No. 6,263,884 ("the '884 patent"); United States Design Patent No. D453,239 ("the '239 patent"); and United States Design Patent No. D453,053 ("the '053 patent").

[PROPOSED] ALTERNATIVE AMENDED ORDER REGARDING SCHEDULE FOR CLAIM CONSTRUCTION
Case No. 3:07-cv-05895-WHA

of efficiency, a Tutorial for the Court should be conducted (by counsel only) immediately prior to the scheduled claim construction hearing on **May 28, 2008** rather than on May 14, 2008. Additionally, the parties have indicated that the Court will not hear live testimony during the claim construction hearing. Accordingly, a Tutorial for the Court shall be conducted immediately prior to the scheduled claim construction hearing on **May 28, 2008 at 1:30.**

~~8. In the alternative, if the Court wishes to hold the Tutorial ahead of the claim construction hearing, Plaintiff respectfully requests that the Tutorial take place on **May 21, 2008,** rather than May 14, 2008.~~

//

//

DATED: April 8, 2008

By: /s/ Anne-Leith Matlock
ANNE-LEITH FERGUSON W MATLOCK
**MATLOCK LAW GROUP**
1485 Treat Blvd, Suite 200
Walnut Creek, CA 94597
Tel: 925-944-7131
Fax: 925-944-7138
Email: anne-leith@matlocklawgroup.com

Attorneys For Plaintiff
THE TONYTAIL COMPANY, INC.

THOMAS F. FITZPATRICK
**GOODWIN PROCTER LLP**
181 Lytton Avenue
Palo Alto, CA 94301
Telephone: 650-752-3100
Facsimile: 650-853-1038
E-Mail: TFitzpatrick@goodwinprocter.com

Attorneys For Defendants
CONAIR, CORP. and RITE AID, CORP.

IT IS SO ORDERED.

DATED: April 10, 2008.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

[PROPOSED] ALTERNATIVE AMENDED ORDER REGARDING
SCHEDULE FOR CLAIM CONSTRUCTION

Case No. 3:07-cv-05895-WHA