Matlock Law Group, A Professional Corporation
Anne-Leith Matlock, SBN 244351
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Phone: (925) 944-7131
Fax:    (925) 944-7138
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Plaintiff,
The Tonytail Company, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| THE TONYTAIL COMPANY, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONAIR, a Delaware Corporation; SCUNCI INTL., Ltd., a Delaware Corporation; RITE AID, a Delaware Corporation; L&N Sales & Marketing, Inc., and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 3:07-cv-05895-WHA<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO SHORTEN TIME OF HEARING REGARDING PLAINTIFF'S PARTIAL MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION**<br><br>**Date:** May 22, 2008<br><br>**Time:** 8:00 a.m.<br><br>**Courtroom:** 9 |

Notice of Motion and Motion to Shorten Time of Hearing Regarding Plaintiff's Partial Motion to Dismiss, set for hearing on May 22, 2008 at 8:00 am in Court Room 9.

Pursuant to Civil Local Rule 6-3, Plaintiff hereby moves the Court to change the hearing date regarding Plaintiff's Motion to Dismiss for lack of Subject Matter

<016>
<0/>

<0>
<0>

<0>

<0>
<0>
<0>
<0>
<0>
<0>

1  Jurisdiction, for the reasons more fully set forth in Plaintiff's declaration and
2  accompanying memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, The Tonytail Company, Inc. (hereinafter "Tonytail"), hereby submits its Memorandum of Points and Authorities in Support of its Motion to Shorten Time of Hearing Regarding Plaintiff's Partial Motion to Dismiss, pursuant to Civil Local Rule 6-3 and 7-4.

## STATEMENT OF THE ISSUES

Tonytail filed its complaint for Patent Infringement, Induced Patent Infringement, Violation of Federal Lanham Act Trademark Infringement and False Designation of Origin against Defendants, Conair and Rite Aid on November 20, 2007. Specifically, Tonytail asserted, no later than February 29, 2008 in its Disclosure of Asserted Claims and Infringement Contentions, that Defendants have infringed claims 4 and 5 of its utility patent, 6,263,884 B1. Defendants filed their counterclaim on March 6, 2008, seeking declaratory judgment of non-infringement and invalidity of Tonytail's utility patent, 6,263,884 B1 (hereinafter the "'884 patent"). Tonytail has made multiple efforts, beginning on March 18, 2008, to limit the scope of the patent claim terms selected for construction in the claim construction hearing set for May 28, 2008 to those asserted by Plaintiff, an agreement has not been reached. In fact, Defendants have argued specifically that the '884 patent claims 1, 2 and 3 are invalid for indefiniteness in their Preliminary Invalidity Contentions. Defendants received Plaintiff's Disclosure of Asserted Claims and Infringement Contentions a full forty-five (45) days before they submitted their Invalidity Contentions. Therefore, Defendants knew or should have known that Plaintiff was asserting only claims 4 and 5 of its utility patent. Tonytail filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction on May 2, 2008 asserting that because only claims 4 and 5 of the '884 patent are at issue, Defendants lack standing to bring a

counterclaim for declaratory judgment involving claims 1, 2 and 3 of Tonytail's '884 patent, and consequently this court lacks subject matter jurisdiction over claims 1, 2 and 3. Furthermore, Tonytail asserts that Defendants have failed to meet their burden of justiciability under the Declaratory Judgment Act. This motion is being filed in order to resolve this issue of asserted claims prior to the claim construction hearing.

### STATEMENT OF FACTS

In or about the fall of 1997, Mia Minnelli founded The Tonytail Company, Inc. and its hair product accessory line by devoting all her personal resources in San Francisco, California. On or about March 14, 2000, Ms. Minnelli filed an application for a United States Utility Patent, and on or about July 24, 2001, a United States Patent was issued, bearing the designation U.S. 6,263,884, described as "Device for Binding a Ponytail Having a Natural Hair Appearance." Ms. Minnelli legally assigned her intellectual property to Plaintiff, The Tonytail Company, Inc.

At various times after January 29, 2002, and continuing to the present, Defendants manufactured and sold, among other items, the product "Scunci ponytailer, item 2839_A", and said device was displayed and sold by defendant Rite Aid in one or more of its multiple retail outlets in California, and specifically in the Northern District of California.

Tonytail subsequently filed its complaint for Patent Infringement of its US Patent No. 6,263,884 ("the '884 patent"), and also a claim for Induced Patent Infringement of the '884 patent, Violation of Federal Lanham Act Trademark Infringement and False Designation of Origin against Defendants, Conair and Rite Aid on November 20, 2007 as well as Patent Infringement claims on two design patents. With respect to the '884 patent, Tonytail asserted in its Infringement Contentions that Defendants have infringed claims 4 and 5 of its utility patent, 6,263,884 B1. However, Plaintiff has not asserted claims 1-3 of the '884 patent in its complaint. Defendants filed their counterclaim on March 6, 2008, seeking declaratory judgment of non-infringement and invalidity of

Tonytail's utility patent, 6,263,884 B1 (hereinafter the "'884 patent"). Subsequent to the filing of Defendant's counterclaim, Defendant has filed Invalidity and Non-infringement Contentions of the '884 patent claims 1-5, exceeding the scope of Plaintiff's claim for patent infringement of claims 4-5 of the '884 patent in the process. Plaintiff now files its motion in response.

## ARGUMENT

In the Federal Circuit case, Markman v. Westview Instruments Inc., the court explained the procedure to be used in determining whether a patent has been infringed:

> An infringement analysis entails two steps. The first step is determining the meaning and scope of the *patent claims asserted to be infringed*. This step is commonly known as claim construction or interpretation. The second step is comparing the properly construed claims to the device accused of infringing.

52 F.3d 967 at 976 (emphasis added).

The court in Markman has made it clear that the claims at issue in the "claim construction" step of a patent infringement suit are those "claims asserted to be infringed." Here, Defendants have been unwilling to stipulate to limiting the patent claims in this case to the patent claims Plaintiff has asserted, claims 4 and 5 of the '884 patent. Defendants have made it unclear as to whether or not they will insist on arguing for the interpretation of terms from claims 1-3 of the '884 patent, which are not at issue in this case. If Plaintiff's Partial Motion to Dismiss is heard prior to the claim construction hearing, the Court will not have to interpret patent claims that might later be excluded by the Court if Plaintiff's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted. Therefore, if Plaintiff's Motion to Shorten Time is granted, this Court's resources will be preserved.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion to Shorten Time of Hearing Regarding Plaintiff's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Dated May 7, 2008                                         Respectfully Submitted,

*/s/ Anne-Leith Matlock*

ANNE-LEITH MATLOCK
Attorneys for the Plaintiff
The Tonytail Company