Matlock Law Group, A Professional Corporation
Anne-Leith Matlock, SBN 244351
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Phone: (925) 944-7131
Fax:    (925) 944-7138
E-mail: anne-leith@matlocklawgroup.com

Attorneys for Plaintiff,
The Tonytail Company, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| THE TONYTAIL COMPANY, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONAIR, a Delaware Corporation; SCUNCI INTL., Ltd., a Delaware Corporation; RITE AID, a Delaware Corporation; L&N Sales & Marketing, Inc., and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 3:07-cv-05895-WHA<br><br>**DECLARATION OF ANNE-LEITH MATLOCK IN SUPPORT OF PLAINTIFF'S MOTION TO SHORTEN TIME**<br><br>Date: May 22, 2008<br>**Time: 8:00 a.m.**<br>**Courtroom: 9** |

I, ANNE-LEITH MATLOCK, declare:

1. The reason for Plaintiff's request to shorten time is so that the Court may hear Plaintiff's Partial Motion to Dismiss for Lack Of Subject Matter Jurisdiction before the claim construction hearing. This is relevant because if Plaintiff's Partial Motion to

---

Dismiss is heard prior to the claim construction hearing, the Court will not have to interpret patent claims that might later be excluded if Plaintiff's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted. Therefore, if Plaintiff's Motion to Change Time is granted, this Court's resources will be preserved.

2. On March 18, 2008, Plaintiff first introduced that only claims 4 and 5 of the '884 patent had been asserted during the meet and confer, required by Patent Local Rule 4-1(b). Multiple communications, including email, phone and brief, in-person meet and confers regarding this matter were had between Plaintiff and Defendants, Rite Aid and Conair. Finally, on April 24, 2008, a Joint Stipulation stating that only claims 4 and 5 of the '884 patent are at issue in this case was drafted by Plaintiff and sent to Defendants. Seven days later, Defendants notified Plaintiff that they would not sign the stipulation or discuss the matter of which claim terms have been asserted and are at issue in this case and therefore should be included in the claim construction hearing at the present time. Consequently, Plaintiff filed its Partial Motion to Dismiss For Lack of Subject Matter Jurisdiction. With the claim construction hearing set for May 28, 2008, shortening the time for the hearing on the Partial Motion to Dismiss will prevent delays in the claim construction hearing.

3. If Plaintiff's Partial Motion to Dismiss is not heard prior to the claim construction hearing, Plaintiff could be substantially harmed or prejudiced by the Court hearing and interpreting patent claims that have not been asserted by Plaintiff. And further, wasting time of the Court since claims 1-3 of the '884 patent might later be excluded by the Court if Plaintiff's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted. Therefore, if Plaintiff's Motion to Shorten Time is not granted, Plaintiff could be substantially harmed and prejudiced.

4(i). Plaintiff has complied with Civil L.R. 37-1(a) as described in number 2 above.

(ii).   Tonytail filed its complaint for Patent Infringement, Induced Patent Infringement, Violation of Federal Lanham Act Trademark Infringement and False Designation of Origin against Defendants, Conair and Rite Aid on November 20, 2007. Specifically, Tonytail asserted, no later than February 29, 2008 in its Disclosure of Asserted Claims and Infringement Contentions, that Defendants have infringed claims 4 and 5 of its utility patent, 6,263,884 B1. Defendants filed their counterclaim on March 6, 2008, seeking declaratory judgment of non-infringement and invalidity of Tonytail's utility patent, 6,263,884 B1 (hereinafter the "'884 patent"). Tonytail has made multiple efforts, beginning on March 18, 2008, to limit the scope of the patent claim terms selected for construction in the claim construction hearing set for May 28, 2008 to those asserted by Plaintiff, an agreement has not been reached. In fact, Defendants have argued specifically that the '884 patent claims 1, 2 and 3 are invalid for indefiniteness in their Preliminary Invalidity Contentions. Defendants received Plaintiff's Disclosure of Asserted Claims and Infringement Contentions a full forty-five (45) days before they submitted their Invalidity Contentions. Therefore, Defendants knew or should have known that Plaintiff was asserting only claims 4 and 5 of its utility patent. Tonytail filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction on May 2, 2008 asserting that because only claims 4 and 5 of the '884 patent are at issue, Defendants lack standing to bring a counterclaim for declaratory judgment involving claims 1, 2 and 3 of Tonytail's '884 patent, and consequently this court lacks subject matter jurisdiction over claims 1, 2 and 3. Furthermore, Tonytail asserts that Defendants have failed to meet their burden of justiciability under the Declaratory Judgment Act.

5.   The only previous time modification made was in the Amended Claim Construction Schedule filed on April 8, 2008.

6.   If Plaintiff's Partial Motion to Dismiss is heard prior to the claim construction hearing, guaranteeing simplification of the issues in this case, the current schedule for the case will be maintained.

1
2
3
4  Dated May 7, 2008                                    Respectfully Submitted,
5
6
7                                                       ANNE-LEITH MATLOCK
                                                        Attorneys for the Plaintiff
8                                                       The Tonytail Company, Inc.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28