1  THOMAS F. FITZPATRICK
   GOODWIN PROCTER LLP
2  135 Commonwealth Drive
   Menlo Park, California 94025
3  Telephone: 650-752-3100
   Facsimile: 650-853-1038
4  E-Mail: TFitzpatrick@goodwinprocter.com

5  Attorneys For Defendants
   CONAIR CORPORATION and RITE AID HDQTRS. CORP.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE TONYTAIL COMPANY, INC., | Case No. 3:07-cv-05895-WHA |
| *Plaintiff,* | **DEFENDANTS CONAIR CORPORATION'S AND RITE AID HDQTRS. CORP.'S OPPOSITION TO PLAINTIFF'S MOTION TO SHORTEN TIME OF HEARING REGARDING PLAINTIFF'S PARTIAL MOTION TO DISMISS** |
| v. | |
| CONAIR CORPORATION, SCUNCI INT'L, LTD., RITE AID HDQTRS. CORP., L&N SALES & MARKETING, INC., and DOES, 1 – 10, inclusive, | |
| *Defendants.* | |

1  Defendants Conair Corporation and Rite Aid HDQTRS. Corp. ("Conair and Rite Aid" or "Defendants") object to and oppose the Motion to Shorten Time of Hearing Regarding Plaintiff's Motion to Dismiss ("Tonytail's Motion to Shorten Time") filed by Plaintiff The Tonytail Company, Inc. Tonytail's Motion to Shorten Time must be denied for at least the following four reasons.

First, Tonytail's purported "good cause" for moving the hearing date – a date chosen by Tonytail itself in the first instance – is fatally deficient. Tonytail argues that the hearing on its Motion to Dismiss must take place before the *Markman* hearing on May 28, 2008 because "Defendants have made it unclear as to whether or not they will insist on arguing for the interpretation of terms from claims 1–3 of the '884 patent . . ." Plaintiff's Motion to Shorten Time at 4. Plaintiff's statement is demonstrably false. As Tonytail is well aware, the parties filed a Joint Claim Construction and Prehearing Statement on May 2, 2008 and a Corrected Joint Claim Construction and Prehearing Statement on May 5, 2008 ("Joint Statement") listing the proposed claim terms to be construed by the Court at the May 28, 2008 *Markman* hearing. *See* Declaration of Thomas F. Fitzpatrick, Exhibit A ("Fitzpatrick Decl."). As agreed to by all the parties, the Corrected Joint Statement proposes <u>no claim term from claims 1 – 3 to this Court for construction</u>. *Id.* Indeed, each of the jointly proposed claim terms are all found in claim 4. Contrary to Tonytail's argument, Defendants will not – in fact, *cannot* – propose "new" terms for construction at the May 22, 2008 hearing that differ from those proposed in the Corrected Joint Statement pursuant to the Court's Case Management Order. Tonytail's Motion to Shorten Time is really a self-serving and thinly veiled attempt to persuade this Court to ignore admissions made by the patentee during the prosecution history of the '884 Patent during claim construction. Accordingly, Tonytail's so-called "good cause" is non-existent.

Second, Tonytail's Motion to Shorten Time is untimely. Tonytail filed its Partial Motion to Dismiss on May 2, 2008. (*See* Plaintiff's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction, submitted herewith as Fitzpatrick Decl., Exhibit B). In its Motion, Tonytail chose June 5, 2008 as its desired date for a hearing. Nearly a week later, on May 7, 2008, Tonytail apparently changed its mind and filed its Motion to Shorten Time to change the hearing date to May 22, 2008. (*See* Tonytail's Motion to Shorten Time at 1). According to Local Rule 7 – 3, Conair and Rite Aid are required to file their Opposition no later than 21 days prior to the hearing date. If the hearing were

held on May 22, 2008, Conair and Rite Aid would have been required to file their Opposition more than a week ago on May 1, 2008. Even if the Court extends Conair and Rite Aid's time to respond, Conair and Rite Aid will be prejudiced. Tonytail's motion seeks to dismiss Conair and Rite Aid's claims against Tonytail with respect to three claims of the '884 Patent. Conair and Rite Aid should be afforded enough time to prepare a substantive opposition to Tonytail's motion.

Third, Tonytail's underlying Partial Motion to Dismiss need not be heard by this Court on an expedited basis because the outcome of Tonytail's motion will simply not impact the claim construction hearing. As discussed above, the claim construction hearing on May 28, 2008 will not address proposed claim terms from claims 1 – 3 of the '884 Patent. (*See* Fitzpatrick Decl., Exhibit A). Tonytail's Partial Motion to Dismiss relates *only* to claims 1 – 3 of the '884 Patent. (*See* Fitzpatrick Decl., Exhibit B). Thus, Tonytail's Motion is irrelevant to claim construction.

Additionally, Tonytail's underlying Motion to Dismiss should be denied as a matter of law. In short, Tonytail argues that because it now alleges infringement of only claims 4 and 5 of the '884 Patent – a position first taken by Tonytail <u>months after it filed its Complaint</u> – this Court has been somehow deprived of subject matter jurisdiction over Conair and Rite Aid's counterclaims requesting a declaratory judgment of non-infringement and invalidity of all the claims of the '884 Patent. Simply speaking, Tonytail's Motion to Dismiss demonstrates a profound misunderstanding of the law with respect to declaratory judgment claims in patent cases. As the Federal Circuit stated just weeks ago – <u>a lawsuit filed by a patentee is an admission that an actual controversy exists for purposes of declaratory judgment jurisdiction</u>. *Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008). The Federal Circuit explained the purpose of the Declaratory Judgment Act as follows, quoting from a previous decision in *Elec. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1346 (Fed. Cir. 2005):

> [A] patent owner . . . attempts extra-judicial patent enforcement with scare-the-customer-and-run tactics that infect the competitive environment of the business community with uncertainty and insecurity . . . Before the Act, competitors victimized by that tactic were rendered helpless and immobile so long as the patent owner refused to grasp the nettle and sue. After the Act, those competitors were no longer restricted to *in terrorem* choice between the incurrence of a growing potential liability for patent infringement and abandonment of their enterprises; they could clear the air by suing for a judgment that would settle the

- 2 -

1  conflict of interests.

2  *Id.*; *see also Plumtree Software, Inc. v. Datamize, LLC,* 473 F.3d 1152, 1159 (Fed. Cir. 2006). The present case is even more clear cut – Tonytail in fact *did* "grasp the nettle and sue." It was only after Tonytail filed its Complaint for patent infringement that Conair and Rite Aid asserted declaratory judgment claims. Tonytail's present Motion to Dismiss – arguing that there exists no actual controversy between the parties – borders on the absurd since it was Tonytail who first filed an action against Conair and Rite Aid with respect to the '884 Patent. Thus, Tonytail's motion should be denied as a matter of law. Moreover, the outcome of Tonytail's motion will have no impact on the claim construction proceedings. Accordingly, the Court need not schedule an expedited hearing.

Fourth, and finally, Tonytail's Motion to Shorten Time and the Declaration of Anne-Leith Matlock in Support Thereof ("Matlock Decl.") flatly mischaracterizes the nature of the meet and confer activities between the parties. Indeed, the day before Tonytail filed its Partial Motion to Dismiss, counsel for Conair and Rite Aid attempted to confirm – in writing – the parties agreement with respect to claims 4 and 5. Specifically, counsel for Conair and Rite Aid wrote:

> In your letter and proposal dated April 24th, you stated Tonytail's position that "the only claims in issue" with respect to the '884 patent, "are claims 4 and 5." <u>We will rely on your representation that claims 4 and 5 are the only claims of the '884 in issue and understand that Tonytail will not later assert the remaining claims of the '884 against our clients. With that understanding we will agree to so confine our proposed terms for claim construction regarding the '884.</u> Please let us know immediately if the above does not reflect the agreement you proposed.

*See* Fitzpatrick Decl., Exhibit C *emphasis added*. However, this letter appears to "not have been good enough" for Tonytail, as it filed its Partial Motion to Dismiss the next day. Ms. Matlock misrepresented to this Court in her Declaration that "Defendants notified Plaintiff they would not sign the stipulation or discuss the matter of which claim terms have been asserted and are at issue in the case and therefore should be included in the claim construction hearing at the present time." Matlock Declaration at ¶ 2. Ms. Matlock's representation to this Court is demonstrably false. The letter above shows that Defendants were quite willing to come to an agreement with Tonytail with respect to the asserted claims. Nevertheless, Tonytail filed its Motion to Dismiss mere hours after the first discussion of the topic with counsel for Conair and Rite Aid. *See* Fitzpatrick Decl. at ¶ 9 – 10. In

- 3 -

light of Tonytail's misrepresentations to this Court in support of its motion, Tonytail's Motion to Shorten Time should be denied.

    For the foregoing reasons, Conair and Rite Aid respectfully request the Court deny Tonytail's Motion to Shorten Time of Hearing Regarding Plaintiff's Motion to Dismiss.

Dated: May 8, 2008

CONAIR CORPORATION AND RITE AID HDQTRS. CORP.

By its attorneys,

/s/ Thomas F. Fitzpatrick
Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.:  650-752-3144
Fax:  650-853-1038