THOMAS F. FITZPATRICK
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Telephone: 650-752-3100
Facsimile: 650-853-1038
E-Mail: TFitzpatrick@goodwinprocter.com

Attorneys For Defendants
CONAIR CORPORATION and RITE AID HDQTRS. CORP.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE TONYTAIL COMPANY, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>CONAIR CORPORATION, SCUNCI INT'L, LTD., RITE AID HDQTRS. CORP., L&N SALES & MARKETING, INC., and DOES, 1 – 10, inclusive,<br><br>*Defendants.* | Case No.   3:07-cv-05895-WHA<br><br>**DECLARATION OF THOMAS F. FITZPATRICK IN SUPPORT OF DEFENDANTS CONAIR CORPORATION'S AND RITE AID HDQTRS. CORP.'S OPENING CLAIM CONSTRUCTION BRIEF** |

I, Thomas F. Fitzpatrick, declare:

1. I am the attorney of record for Defendant Conair Corporation ("Conair") and Rite Aid HDQTRS. Corp. ("Rite Aid") in the above captioned action. Accordingly, I am familiar with the facts and circumstances of this case.

2. Tonytail commenced this action in November 2007 by filing its Complaint for Damages ("Tonytail's Complaint").

3. In its Complaint, Tonytail asserts causes of action against numerous defendants arising out of the alleged infringement of U.S. Patent Nos. 6,263,884 ("the '884 Patent"), and D453,239 ("the '239 Patent"). A true and accurate copy of the '884 Patent is attached hereto as Exhibit A. A true and accurate copy of the '239 Patent is attached hereto as Exhibit B.

1

DECLARATION OF THOMAS F. FITZPATRICK IN SUPPORT OF DEFENDANTS CONAIR CORPORATION'S AND RITE AID HDQTRS.
CORP'S OPENING CLAIM CONSTRUCTION BRIEF
Case No. 3:07-cv-05895-WHA

4.     In the specification of the '884 Patent, the patentee expressly disavowed U.S. Patent No. 5,899,211 to Brown ("the Brown '211 patent"). A true and accurate copy of the Brown '211 Patent is attached hereto as Exhibit C.

5.     Like the devices disclosed in the Brown '211 patent, the ponytail devices manufactured and sold by Conair and Rite Aid (hereinafter, "the Accused Products") have an elastic band permanently attached to only one end of a length of synthetic hair. Indeed, not only are the accused products nearly identical to those disclosed in the prior art Brown '211 Patent – the accused products are in fact manufactured under a license to the Brown '211 patent.

6.     During prosecution, the patentee amended its claims to overcome an obviousness rejection over U.S. Patent No. 2,567,119 to Naidor, ("the Naidor '119 patent") in light of the Brown '211 Patent. A true and accurate copy of the Naidor '119 patent is attached hereto as Exhibit D.

7.     A true and accurate copy of the patentee's Response to Office Action dated Oct. 17, 2000 is attached hereto as Exhibit E.

8.     In this case, Plaintiff has expressly declined to assert infringement of any claim under the doctrine of equivalents. A true and accurate copy of Plaintiff's Disclosure of Asserted Claims and Infringement Contentions, at 12 (stating: "[e]ach limitation of each asserted claims, U.S. Patent No. 431,693, Claim 1, U.S. Patent No. D453,239 S, Claim 1 and US Patent No. 6,263,884, Claims 4 and 5 are literally present <u>and are not alleged to be present under the doctrine of equivalents</u>," (emphasis added) is attached as Exhibit F.

9.     At the time the application that matured into the '884 Patent was filed, the definition of "continuous" was "uninterrupted in extent; without a break." A true and accurate copy of a computer print out of the definition as found in The American Heritage® Dictionary of the English Language, Fourth Edition, Houghton Mifflin Company (2000) is attached hereto as Exhibit G.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 9, 2008                                   /s/  Thomas F. Fitpatrick
                                                        Thomas F. Fitzpatrick

- 2 -