EXHIBIT F

MATLOCK LAW GROUP, PC
Anne-Leith Matlock (SBN 244351)
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Telephone: (925) 944-7131
Facsimile: (925) 944-7138

Attorneys for Plaintiff,
THE TONYTAIL COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TONYTAIL COMPANY, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONAIR, a Delaware Corporation; SCUNI INTL., Ltd., Delaware Corporation; RITE AID, a Delaware Corporation; L&N Sales & Marketing, Inc., a Pennsylvania Corporation and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:CV07-5895 BZ<br><br>PATENT DISCLOSURES of ASSERTED CLAIMS and INFRINGEMENT CONTENTIONS; DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURES. |

**DISCLOSURE OF ASSERTED CLIAMS AND INFRINGEMENT CONTENTIONS**

Plaintiff herein discloses the asserted claims and infringement contentions as required by the Northern District of California Northern Rules. Two of the named opposing parties have not yet appeared. Therefore, Scunci Intl., LTD. and L&N Sales and Marketing Inc. will be served

this disclosure when they appear. P is serving this document on defendants, Conair and Rite Aid to their joint counsel of record, Tommas Fitspatric of ...

### 3-1(a): Infringed Claims

Plaintiff alleges the following claims from US Patent No.: 431,693 infringed by Defendants, Conair and Rite Aid:

1. The ornamental design for a hair ponytail band, as shown and described.

Plaintiff alleges the following claims from US Patent No.: D453,239 S infringed by Defendants, Conair and Rite Aid:

1. The ornamental design for a hair ponytail band, as shown and described.

Plaintiff alleges the following claim 4 from US Patent No.: 6,263,884 infringed by Defendants, Conair and Rite Aid:

4. A hair binding method, for use by a person having a ponytail having a ponytail end, for securing said ponytail, using a device comprising an elastic band having a pair of elastic band ends, synthetic hair fibers having an appearance similar to the ponytail and having a pair of synthetic hair fiber ends, the synthetic fiber ends joined to the elastic band ends to form a closed loop, comprising the steps of:

    encircling the ponytail with the device by inserting the ponytail end through the closed loop of said device;

    tensioning the device around the ponytail by doubling up the device; and

covering the elastic band with the synthetic hair fibers so that the outward appearance of the device is formed solely by the synthetic hair fibers.

Upon information and belief, in violation of 35 U.S.C. §271 (a), §271(b), and/or §271(c), Defendants, Conair and Rite Aid, have infringed directly and continue to infringe the U.S. Patent 6,263,884 B1 (hereinafter "the '884 patent") by practicing claim 4 of the '884 in consumer use of infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief, in violation of 35 U.S.C. §§271 (a), 271(b), and/or 271(c), Defendants, Conair and Rite Aid, have infringed directly and/or indirectly and continue to infringe, the '884 utility patent by practicing claim 4 of the '884 patent in manufacture, use, offering or sale, and/or importation and exportation of the infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief and in violation of 35 U.S.C. §271, Defendants, Conair and Rite Aid, have infringed and are continuing to infringe Claim 4 of the '884 utility patent by actively inducing the infringement by others of the '884 patent through the manufacture, use, offering for sale, sale and/or importation and exportation of the infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief, Defendants, Conair and Rite Aid, have willfully infringed Claim 4 of the '884 utility patent.

Upon information and belief, Defendants, Conair and Rite Aid, by their manufacture and sale of the Scunci infringing products, have offered said infringing devices for sale to the general public and into the stream of commerce, for their use in practicing the process patented by Plaintiff, constituting a material part of plaintiff's invention.

1. Upon information and belief, Defendants, Conair and Rite Aid, were not authorized to make, sell or distribute any infringing devices which fall within one or more claims of the '884 utility patent.

Plaintiff alleges the following claim 5 from US Patent No.: 6,263,884 infringed by Defendants, Conair and Rite Aid:

> 5. The hair binding method as recited in claim 4, wherein the step of doubling up the device further comprises repeatedly:
> Twisting the closed loop to form a secondary loop; and inserting the ponytail end through the secondary loop.

Upon information and belief, in violation of 35 U.S.C. §271 (a), §271(b), and/or §271(c), Defendants, Conair and Rite Aid, have infringed directly and continue to infringe the U.S. Patent 6,263,884 B1 (hereinafter "the '884 patent") by practicing claim 5 of the '884 in consumer use of infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief, in violation of 35 U.S.C. §§271 (a), 271(b), and/or 271(c), Defendants, Conair and Rite Aid, have infringed directly and/or indirectly and continue to infringe, the '884 utility patent by practicing claim 5 of the '884 patent in manufacture, use, offering or sale, and/or importation and exportation of the infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief and in violation of 35 U.S.C. §271, Defendants, Conair and Rite Aid, have infringed and are continuing to infringe Claim 5 of the '884 utility patent by actively inducing the infringement by others of the '884 patent through the manufacture, use,

offering for sale, sale and/or importation and exportation of the infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief, Defendants, Conair and Rite Aid, have willfully infringed Claim 4 of the '884 utility patent.

Upon information and belief, Defendants, Conair and Rite Aid, by their manufacture and sale of the Scunci infringing products, have offered said infringing devices for sale to the general public and into the stream of commerce, for their use in practicing the process patented by Plaintiff, constituting a material part of plaintiff's invention.

Upon information and belief, Defendants, Conair and Rite Aid, were not authorized to make, sell or distribute any infringing devices which fall within one or more claims of the '884 utility patent.

### 3-1(b): Accused Instrumentalities

US Patent No.: 431,693, Claim 1.

Upon reasonable investigation, Plaintiff is aware of Scunci brand faux hair ponytail holders, style numbers 28021 and 28022. Upon information and belief, Defendants, Conair and Rite Aid, their agents and assigns are currently manufacturing, selling, or offering to sell faux hair ponytail holders in addition to aforementioned style numbers.

US Patent No.: D453,239 S, Claim 1.

Upon reasonable investigation, Plaintiff is aware of Scunci brand faux hair ponytail holders, style numbers 28021 and 28022. Upon information and belief, Defendants, Conair and Rite Aid, their agents and ... are currently manufacturing, selling, or offering to sell faux hair ponytail holders in addition to aforementioned style numbers.

US Patent No.: 6,263,884, Claim 4.

Upon reasonable investigation, Plaintiff is aware of Scunci brand faux hair ponytail holders, style numbers 28021 and 28022. Upon information and belief, Defendants, Conair and Rite Aid, their agents and … are currently manufacturing, selling, or offering to sell faux hair ponytail holders in addition to aforementioned style numbers.

US Patent No.: 6,263,884, Claim 5.

Upon reasonable investigation, Plaintiff is aware of Scunci brand faux hair ponytail holders, style numbers 28021 and 28022. Upon information and belief, Defendants, Conair and Rite Aid, their agents and … are currently manufacturing, selling, or offering to sell faux hair ponytail holders in addition to aforementioned style numbers.

### 3-1(c): Claim Chart

Please see attached claim chart for US Patent No.: 6,263,884, Claims 4 and 5. Note per case management conference with Judge Alsup on February 21, 2008, the design patents, 431,693 and D453,239 S, do not require claim construction.

### 3-1(d): Acts of Infringement

US Patent No.: 431,693, Claim 1.

Upon information and belief, in violation of 35 U.S.C. §§ 281, 282, and/or 284 Defendants have infringed directly and/or indirectly and still continue to infringe, U.S. Patent D 413,693 (hereinafter "the 'D693 patent") by practicing the claim of the 'D693 in manufacture, use, offering or sale, and/or importation and exportation of the "Hair Ponytail Band."

On September 7, 1999, Patent No. D 413,693 was duly and legally issued by the United States Patent and Trademark Office after having been examined according to law. Said patent was issued for the ornamental design for a hair ponytail band, as shown and described. A true and correct copy of the patent is attached hereto as Exhibit "A" and incorporated by reference.

Plaintiff is the owner by assignment of the 'D693 patent.

During the term of the D413,693 patent, Defendants have had notice of the D413,693 patent and thus became aware of the patent and its direct application to the Scunci Ponytailer infringing product line, but failed to comply with the duty of care to avoid infringement.

The "Hair Ponytail Band" is Plaintiff's product that embodies the 'D693 Patent.

Upon information and belief, Defendants have sold and/or offered to sell infringing devices falling within the scope of the claim of the 'D693 Patent in violation of Plaintiff's rights, thereby infringing the 'D693 Patent. Such infringing products include devices being sold by the defendants using the mark "Scunci" and such as the "Ponytailer" product line.

Upon information and belief, Defendants and their successors in interest have had and continue to have notice of the existence of the 'D693 Patent due to its previously executed 2003 settlement and license agreement with Plaintiff, and despite such notice continue to willfully, wantonly and deliberately engage in acts of infringement as that term is defined in Title 35 U.S.C. §281, without regard to the 'D693, and will continue to do so unless otherwise enjoined by this court.

Plaintiff has been and will continue to be damaged by the infringing conduct of Defendants in an amount to be established upon proper proof at trial.

Upon information and belief, Defendants have, since at least as early as 2007, used, offered for sale and sold a ponytail holder infringing product covered by the claims of the 'D693 Patent under 35 U.S.C. §281.

1   Upon information and belief, the defendants have used, offered for sale and sold a
2   ponytail holder infringing product substantially similar in ornamental appearance and
3   misappropriating the 'D693 Patent's point of novelty.
4   Upon information and belief, the infringing devices were manufactured in whole or in
5   part by Scunci, Intl., Ltd., a corporation that was previously controlled and wholly owned by
6   defendant L&N Sales & Marketing, Inc., and presently controlled and wholly owned by
7   Defendant Conair, Inc.
8   Upon information and belief, Scunci's infringing products have been distributed to
9   defendant Rite Aid, by defendants' agents and/or employees or persons or companies with which
10  defendants Conair/Scunci have a contractual relationship for the purpose of distributing the
11  infringing products. Scunci infringing products have been entered into commerce and have been
12  offered for sale and sold by Defendants and/or their affiliates in California and within this
13  judicial district.

US Patent No.: D453,239 S, Claim 1.

16  Upon information and belief, in violation of 35 U.S.C. §281, Defendants have infringed
17  directly and/or indirectly and still continue to infringe, U.S. Patent D 453,239 S (hereinafter "the
18  'D239 patent") by practicing the claims of the 'D239 in manufacture, use, offering for sale, sale
19  and/or importation and exportation of the "Ponytail Holder."
20  On January 29, 2002, Patent No. D453, 239 S was duly and legally issued by the United
21  States Patent and Trademark Office after having been examined according to law. Said patent
22  was issued for the ornamental design for a hair ponytail band, as shown and described. A true
23  and correct copy of 'D239 the patent is attached hereto as Exhibit B and incorporated by
24  reference.
25  "Hair Ponytail Holder" is Plaintiff's device that embodies the 'D239 Patent.

1    Upon information and belief, Defendants have sold and/or offered to sell infringing devices falling within the scope of the claims of the 'D239 Patent in violation of Plaintiff's rights, thereby infringing the 'D239 Patent. Such infringing devices include infringing devices being sold by the defendants using the mark "Scunci" and such as "Ponytailer" product line.

Upon information and belief, Defendants have had and continue to have notice of the existence of the 'D239 Patent and despite such notice continue to willfully, wantonly and deliberately engage in acts of infringement as that term is defined in Title 35 U.S.C. §271 (a), 271(b), and/or 271(c), without regard to the 'D239, and will continue to do so unless otherwise enjoined by this court.

Plaintiff has been and will continue to be damaged by the infringing conduct of Defendants in an amount to be established upon proper proof at trial.

Upon information and belief, Defendants have, since at least as early as 2007, used, offered for sale and sold a ponytail holder infringing product covered by the claim of the 'D239 Patent under 35 U.S.C. §281.

Upon information and belief, the defendants have used, offered for sale and sold a ponytail holder infringing products substantially similar in ornamental appearance and with features that misappropriate the 'D239 Patent's point of novelty.

Upon information and belief, the infringing product was manufactured in whole or in part by Scunci, Intl., Ltd., a corporation that was previously controlled and wholly owned by defendant L&N Sales & Marketing, Inc, and presently controlled and wholly owned by Defendant Conair, Inc.

Upon information and belief, the Scunci infringing device has been distributed to defendant Rite Aid by defendants' agents and/or employees or persons or companies with which defendants Conair and Scunci have a contractual relationship for the purposes of infringing device distribution. The Scunci infringing device has been entered into commerce and has been

offered for sale and sold by Defendants and/or their affiliates in California and within this judicial district.

US Patent No.: 6,263,884, Claim 4.

Upon information and belief, in violation of 35 U.S.C. §271 (a), §271(b), and/or §271(c), Defendants, Conair and Rite Aid, have infringed directly and continue to infringe the U.S. Patent 6,263,884 B1 (hereinafter "the '884 patent") by practicing claim 4 of the '884 in consumer use of infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief, in violation of 35 U.S.C. §§271 (a), 271(b), and/or 271(c), Defendants, Conair and Rite Aid, have infringed directly and/or indirectly and continue to infringe, the '884 utility patent by practicing claim 4 of the '884 patent in manufacture, use, offering or sale, and/or importation and exportation of the infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief and in violation of 35 U.S.C. §271, Defendants, Conair and Rite Aid, have infringed and are continuing to infringe Claim 4 of the '884 utility patent by actively inducing the infringement by others of the '884 patent through the manufacture, use, offering for sale, sale and/or importation and exportation of the infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief, Defendants, Conair and Rite Aid, have willfully infringed Claim 4 of the '884 utility patent.

Upon information and belief, Defendants, Conair and Rite Aid, by their manufacture and sale of the Scunci infringing products, have offered said infringing devices for sale to the general public and into the stream of commerce, for their use in practicing the process patented by Plaintiff, constituting a material part of plaintiff's invention.

1   Upon information and belief, Defendants, Conair and Rite Aid, were not authorized to
2   make, sell or distribute any infringing devices which fall within one or more claims of the '884
3   utility patent.

US Patent No.: 6,263,884, Claim 5.

Upon information and belief, in violation of 35 U.S.C. §271 (a), §271(b), and/or §271(c), Defendants, Conair and Rite Aid, have infringed directly and continue to infringe the U.S. Patent 6,263,884 B1 (hereinafter "the '884 patent") by practicing claim 5 of the '884 in consumer use of infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief, in violation of 35 U.S.C. §§271 (a), 271(b), and/or 271(c), Defendants, Conair and Rite Aid, have infringed directly and/or indirectly and continue to infringe, the '884 utility patent by practicing claim 5 of the '884 patent in manufacture, use, offering or sale, and/or importation and exportation of the infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief and in violation of 35 U.S.C. §271, Defendants, Conair and Rite Aid, have infringed and are continuing to infringe Claim 5 of the '884 utility patent by actively inducing the infringement by others of the '884 patent through the manufacture, use, offering for sale, sale and/or importation and exportation of the infringing product Ponytailer product line, including but not limited to the "Scunci Ponytailer."

Upon information and belief, Defendants, Conair and Rite Aid, have willfully infringed Claim 4 of the '884 utility patent.

Upon information and belief, Defendants, Conair and Rite Aid, by their manufacture and sale of the Scunci infringing products, have offered said infringing devices for sale to the general public and into the stream of commerce, for their use in practicing the process patented by Plaintiff, constituting a material part of plaintiff's invention.

Upon information and belief, Defendants, Conair and Rite Aid, were not authorized to make, sell or distribute any infringing devices which fall within one or more claims of the '884 utility patent.

### 3-1(e): Doctrine of Equivalents

Each limitation of each asserted claims, US Patent No. 431,693, Claim 1, US Patent No. D453,239 S, Claim 1 and US Patent No. 6,263,884, Claims 4 and 5 are literally present and are not alleged to be present under the doctrine of equivalents.

### 3-1(f): Priority Date of Earlier Application

Not Applicable.

### 3-1(g): Preservation of the Right to Rely on Plaintiff's Own Product(s)

Plaintiff wishes to reserve the right to rely, for any purpose, and asserts that The Tonytail® Ponytail Wrap and related holders practice the claimed invention of Plaintiff's asserted claims 4 and 5 of US Patent No. 6,263,884 and related US design patents, D453,239 S and D413,693.

### 3-1(h): Willful Infringement

Upon information and belief, Defendants have had and continue to have notice of the existence of the 'D239 Patent and despite such notice continue to willfully, wantonly and deliberately engage in acts of infringement as that term is defined in Title 35 U.S.C. §271 (a), 271(b), and/or 271(c), without regard to the 'D239, and will continue to do so unless otherwise enjoined by this court.

Upon information and belief, Defendants and its successors in interest have had and continue to have notice of the existence of the '884 Patent due to its previously executed 2003 settlement and license agreement with Plaintiff and despite such notice continue to willfully,

wantonly and deliberately engage in acts of infringement as that term is defined in Title 35 U.S.C. §281, without regard to the '884, and will continue to do so unless otherwise enjoined by this court.

## DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE

### 3-2(a)

Plaintiff asserts no documents exist evidencing discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of the claimed inventions prior to the date of application for Plaintiff's inventions.

### 3-2(b)

Plaintiff shall make available for inspection and copying documents evidencing the conception, reduction to practice, design and development of each claimed invention, which were created on or before the date of application for US Design Patent Nos. D 413,693 and D453,239 S and US Patent No. 6,263,884.

### 3-2(c)

Please find attached a copy of the file history for each of US Design Patent Nos. D 413,693 and D453,239 S and US Patent No. 6,263,884.

### 3-2(d)

Please find attached a copy of the Notice of Recordation for each of US Design Patent Nos. D 413,693 and D453,239 S and US Patent No. 6,263,884.

**3-2(e)**

Plaintiff wishes to reserve the right to rely, for any purpose, and asserts that The Tonytail® Ponytail Wrap and related holders practice the claimed invention of Plaintiff's asserted claims 4 and 5 of US Patent No. 6,263,884 and related US design patents, D453,239 S and D413,693. Please see Issued Patents served with Plaintiff's complaint.

Dated this 29th day of February, 2008

By: _____
Anne-Leith Matlock
Matlock Law Group, PC
Attorney's for Plaintiff
1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
Telephone: (925) 944-7131
Facsimile: (925) 9447138