GOODWIN | PROCTER

Thomas F. Fitzpatrick
650.752.3144
TFitzpatrick@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
135 Commonwealth Drive
Menlo Park, CA 94025
T: 650.752.3100
F: 650.853.1038

September 8, 2008

**VIA E-MAIL**

The Honorable William Alsup
c/o Dawn Toland, Clerk
United States District Court
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Tonytail Company, Inc. v. Conair, et al.*, **Case No. 07-5895**
    **Motion to Compel Plaintiff The Tonytail Company, Inc.'s Responses to Conair Corporation's Discovery Requests**

Dear Judge Alsup:

Pursuant to Paragraph 25 of this Court's Supplemental Order to Order Setting Initial Case Management Conference, Defendant Conair Corporation ("Conair") respectfully requests an order requiring Plaintiff, The Tonytail Company, Inc. ("Tonytail") to provide complete responses to Conair's First Set of Interrogatories and to either produce documents responsive to Conair's First Set of Requests for the Production of Documents and Things, or confirm that no other documents exist.

Tonytail accuses Conair and co-defendant, Rite-Aid of allegedly infringing patents and trademarks, as well as violating the Lanham Act, unfair competition laws and committing other business torts such as trade libel. But since filing its wide-ranging complaint, Tonytail remains vague and evasive regarding key aspects of its claims. Despite meeting and conferring, Tonytail refuses to state whether, let alone when it will supplement its responses. Thus, through this letter, Conair seeks basic information regarding Tonytail's allegations.

On June 20, 2008, Conair served on Tonytail Conair's First Set of Interrogatories (Nos. 1-65) and First Set of Requests for the Production of Documents and Things (Nos. 1-132). On Wednesday, July 23, 2008, Conair received Tonytail's objections and responses to Conair's discovery requests, including: (1) Tonytail's Response to Conair's First Set of Special Interrogatories and (2) Tonytail's Response to Defendant Conair's Request for Production of

LIBW/1687507.1

GOODWIN | PROCTER

The Honorable William Alsup
September 8, 2008
Page 2

Documents and Things (submitted herewith). Tonytail's responses to Conair's discovery requests are materially deficient. For example and most egregiously, Tonytail failed to substantively respond to a single interrogatory request. Tonytail's responses to Conair's interrogatories were also not verified as required by Rule 33(a) of the Federal Rules of Civil Procedure. Moreover, Tonytail produced fewer than 200 pages of documents in response to Conair's First Set of Requests for Production of Documents and Things -- over 100 pages of which were copies of documents previously submitted with its infringement contentions. Of the newly produced documents, nearly half were merely print-outs from Tonytail's website.

Conair set forth the problems with Tonytail's deficient discovery responses in a letter dated July 25, 2008 (attached hereto as Appendix A). For the Court's convenience, Conair sets forth examples of Tonytail's deficient responses below:

Conair's Interrogatory No. 2 requests Tonytail to set forth a description of each intellectual property right (e.g., patent, trademark, trade dress, trade secret) that Tonytail alleges in its Complaint was infringed and/or misappropriated by the defendants. In response, Tonytail objected to this interrogatory on the basis that, *inter alia*, Tonytail "has not completed its preparation for trial and therefore reserves the right to further supplement and/or amend its response to conform to proof." *See* Tonytail's Response to Conair's Interrogatory No. 2.

Conair's Interrogatory Request Nos. 5-8 request Tonytail to describe the basis for its allegations that Conair willfully engaged in acts of infringement, influenced Tonytail's potential commercial customers, and had notice of Tonytail's patents. In each case, Tonytail responded by objecting on the basis that these interrogatories "seek[] information that has previously been given through disclosure and pleadings, related to this litigation." *See* Tonytail's Responses to Conair's Interrogatory Request Nos. 5 – 8.

Tonytail's responses to Conair's Interrogatories are all similarly nonresponsive and deficient as to the information sought. Indeed, Tonytail has not substantively responded to a single interrogatory.

Tonytail's document production is likewise materially deficient. For example, Tonytail has failed to produce documents in response to numerous requests regarding the existence, ownership, exclusivity, manner of use, and confusion relating to the trademarks-in-suit. Indeed, the only information provided by Tonytail with respect to the trademarks-in-suit include a few pages of print-outs from the USPTO's website. Moreover, dozens of requests concern documents relating to Tonytail's own contentions as set forth in its Complaint. Most strikingly, Tonytail has failed to produce the very contract that forms the basis for its breach of contract claim against Conair.

LIBW/1687507.1

GOODWIN | PROCTER

The Honorable William Alsup
September 8, 2008
Page 3

Tonytail has also designated numerous non-confidential documents either "Confidential" or "trade secret" and on that basis refused to produce them. For instance, Tonytail has designated its customer lists, advertising of products, manufacture, length of trademark use, and other items as "Confidential," or "trade secret" despite the fact that the documents bear absolutely no indicia of confidentiality and may be necessary to support Conair's defenses. Indeed, it is difficult to imagine how Tonytail intends to prove trademark infringement when it refuses to produce any evidence whatsoever with respect to the length and exclusivity of the use of such trademarks.

Pursuant to Local Rule 37-1(b), counsel for the parties conferred on September 4, 2008 in an effort to resolve disputed issues with respect to Tonytail's deficient discovery responses. When questioned, counsel for Tonytail "could not say" whether, Tonytail planned to supplement its responses to Conair's discovery requests, and when asked the question: "Can [Tonytail] say 'yes, Tonytail is going to supplement [its responses],'" counsel for Tonytail replied, "No."

Conair has explicitly sought an assurance from Tonytail that the requested discovery would be produced but Tonytail refused to provide that assurance. Conair asked Tonytail to confirm that the pages produced represent the entirety of Tonytail's responsive documents so that the parties may proceed accordingly. Likewise, Conair asked Tonytail to advise if Tonytail anticipates producing more responsive documents and the date Tonytail anticipates production to be complete. Counsel for Tonytail stated "I believe my client may be planning to supplement, but I can not say for sure." In light of the limited amount of time left for the parties to complete fact discovery, Tonytail's non-responsive responses and refusal to state whether or when it will supplement severely prejudice Conair. Because fact discovery is scheduled to close on October 31, 2008, Conair is obliged to bring this matter to the Court's attention for resolution. Accordingly, Conair respectfully requests the Court to compel Tonytail to respond immediately and remedy its deficiencies or confirm that is has no further information to provide.

Sincerely,

Thomas F. Fitzpatrick

Counsel for Defendants Conair Corporation and Rite Aid HDQTRS. Corp.

cc: Eleanor M. Hynes, Esq.

LIBW/1687507.1