# APPENDIX A

# GOODWIN | PROCTER

Thomas F. Fitzpatrick
650.752.3144
TFitzpatrick@
goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
135 Commonwealth Drive
Menlo Park, CA 94025
T: 650.752.3100
F: 650.853.1038

July 25, 2008

<u>VIA E-MAIL</u>

Anne-Leith Matlock
Matlock Law Group, PC
1485 Treat Blvd.
Suite 200
Walnut Creek, CA 94597

Re:   *Tonytail Company, Inc. v. Conair, et al.*
      <u>United States District Court, Northern District of California; Case No. 07-5895</u>

Dear Ms. Matlock:

On Wednesday, July 23, 2008, we received Tonytail's objections and responses to Conair's discovery requests, including: (1) Tonytail's Objections and Responses to Conair Corporation's First Request for Production of Documents and Things; and (2) Tonytail's Responses and Objections to Conair's First Set of Interrogatories. As you acknowledged during our telephone conference on Monday July 21, 2008, these responses were due on Monday. The fact that Tonytail's responses are late might not be so alarming if the responses were not so materially deficient. Frankly, I have never seen such inadequate responses. For that reason and pursuant to the Local Rules we request a meet and confer on Monday, July 28, at noon (PDT) to address our concerns.

At the outset, I note that Tonytail has produced fewer than 50 pages of documents <u>total</u> in response to Conair's First Request for Production of Documents and Things. Of those, nearly half are merely print-outs from Tonytail's website. Please immediately confirm that the pages produced represent the entirety of Tonytail's responsive documents so that we may proceed accordingly. Likewise please advise us immediately if Tonytail anticipates producing more responsive documents and the date Tonytail anticipates production to be complete.

Also, there is a gap in Tonytail's document productions. On February 29, 2008 Tonytail produced documents designated by bates numbers 0001 – 0123, and on July 23, 2008 Tonytail produced documents designated by bates numbers 000152 - 000197. Thus, there is a gap of nearly thirty documents that would have been designated by bates numbers 0124 - 000151. If

# GOODWIN | PROCTER

Anne-Leith Matlock
July 25, 2008
Page 2

this gap is anything other than a typographical error, please produce these documents immediately.

Finally, I note that Tonytail's responses to Conair's interrogatories were not signed by your client. Rule 33(a) of the Federal Rules of Civil Procedure provides that interrogatories are to be "answered **by the party served** or, if the party served is a public or private corporation ... **by any officer or agent, who shall furnish such information as is available to the party**," (emphasis added.) Please supplement your interrogatory responses immediately to remedy this deficiency.

With respect to your specific objections and responses, we note the following deficiencies:

***(1) Tonytail is apparently withholding responsive documents based on its written objections but has neither identified which documents it is withholding nor explained why the production of those documents is objectionable.***

Tonytail proffers numerous general and specific objections to Conair's Interrogatories and Requests for Production, yet fails to indicate whether it has withheld any documents, information or other things on the basis of any objections. *See* Request for Production General Objections 1-8 and Responses to Request Nos. 1-4, 6-10, 12-20, 22-27, 33-36, 39-41, 43, 45-47, 59-61, 63-65, 71, 80-82, 86-99, 104-107, 116-121, and 126; Interrogatory General Objections 2-9; and each and every response to Interrogatory Nos. 1-65.

For example, Tonytail objects to Conair's Interrogatories "on the ground that [the] interrogatory seeks information that has previously been given through disclosures..." and "is available from another source that is more convenient, less burdensome, or expensive," see Response to Interrogatory No. 1. Leaving aside for a moment the fact that these objections are not legitimate bases for withholding production, Tonytail does not identify any particular information that it contends falls into this category. Please either produce the responsive documents or, at least, specify which documents, information or other things, if any, Tonytail is withholding based on this objection.

***(2) Tonytail responds to Interrogatories by referencing sets of documents in violation of the specificity requirements of the Federal Rules of Civil Procedure.***

Tonytail has failed to respond to Conair's Interrogatories with the required level of specificity. *See* Interrogatory Nos. 1-65. For instance, in response to Interrogatory No. 3—which asks Tonytail to describe the nature of any damages or other monetary relief being sought by Tonytail from Conair—Tonytail refers generally to "information that has previously been given through disclosure and pleadings related to this litigation." This is insufficient and does not comply with Tonytail's discovery obligations. *See* Fed. R. Civ. P. 33(d) ("A specification shall be in

GOODWIN | PROCTER

Anne-Leith Matlock
July 25, 2008
Page 3

sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained.") Additionally, not only does Tonytail fail to reference any Bates ranges of documents produced in its Patent Disclosures of Asserted Claims and Infringement Contentions, it fails to specify what sections of any particular document are responsive to each Interrogatory. Please supplement these responses immediately to cure these deficiencies.

***(3) Tonytail has not adequately responded to Conair's Requests for Production of Documents.***

Tonytail has failed to provide substantive responses to any of Conair's document requests. Rather, Tonytail interposes numerous boilerplate objections and makes hollow promises to provide discovery at some indefinite time in the future. Conair's discovery requests were narrowly tailored to elicit meaningful answers. Despite this, Tonytail objects to each Request on any combination of inappropriate objections. Again, Tonytail fails to indicate whether it is withholding documents based upon these objections. Tonytail then promises to "produce the relevant and responsive non-privileged documents" without setting a date of production. Tonytail must satisfy its discovery obligations. Thus, for each response to Conair's Requests please: (1) indicate whether Tonytail is withholding documents based on objections, (2) if Tonytail will produce documents, indicate what documents Tonytail will produce, and (3) set a date certain for production.

***(5) Tonytail objects generally to each Document Request and Interrogatory and specifically to Requests and Interrogatories to the extent that they seek documents or information "protected by the attorney-client privilege and/or work product doctrine."***

Tonytail objects to nearly every document request and interrogatory to the extent that they seek documents protected by privileges; specifically, attorney-client privilege and attorney work product. However, those requests and Interrogatories seek categories of documents central to Conair's defenses and documents certainly exist as to which no privilege applies. For instance, Request No. 11 seeks all documents concerning "any notice or marking of the patents-in-suit." Request No. 16 seeks all documents "concerning any objective indicia of non-obviousness of any claim of the patents-in-suit." Request No. 23 seeks documents concerning "the exclusivity, length and manner of the use of the trademarks-in-suit." Request No. 24 seeks documents concerning any change, variation, or modification of the trademarks-in-suit. Moreover, dozens of requests concern documents relating to Tonytail's own contentions as set forth in its Complaint. Most strikingly, Tonytail has failed to produce the very written contract that forms the basis for its breach of contract claim against Conair.

All these Requests – and many, many more – are likely to encompass documents that are not protected by any privilege; for example, documents concerning attempts to modify the

LIBW/1683997.1

# GOODWIN | PROCTER

Anne-Leith Matlock
July 25, 2008
Page 4

trademarks-in-suit are not likely to be protected by any privilege. Moreover, documents presented to the public during presentations or trade shows are clearly not privileged. Please promptly produce each non-privileged document that is responsive to such requests.

***(6) Tonytail objects that a variety of clear and specifically defined phrases are "vague and ambiguous" and objects to words not even found in Conair's Requests and Interrogatories***

Tonytail objects to several Requests and Interrogatories to the extent that certain phrases are, in its view, vague and ambiguous and render the Requests and Interrogatories vague and ambiguous. For example, Tonytail objects Request No. 61 as vague and ambiguous. Request No. 61 requests documents concerning Tonytail's document retention or destruction policies. Additionally, in its responses to numerous requests, Tonytail inserts the word [ALL] and [EACH] in its quotation of the request, where such words are not found in the original. Each of these type of terms is either specifically defined by Conair in the Interrogatories and Requests for Production or is readily understood in common English usage. Therefore, Tonytail's objections are unfounded. If Tonytail withheld documents or information based on these objections, please produce them promptly.

***(7) Tonytail objects to the Interrogatories and Requests as premature.***

Tonytail objects to several Requests and Interrogatories to the extent that that they prematurely seek information. Conair's discovery requests are not premature. Through its Interrogatories and Requests, Conair is attempting to discover and identify the very intellectual property Tonytail alleges Conair has infringed. As just one example of many, Interrogatory No. 3 asks Tonytail to <u>identify the intellectual property</u> Tonytail alleges in its Complaint was infringed or misappropriated by Conair. Tonytail entirely failed to do so. Please supplement such responses.

***(8) Tonytail has inappropriately designated documents as trade secret and confidential.***

Tonytail has designated numerous non-confidential documents either "Confidential" or "trade secret." For instance, Tonytail has designated its customer lists, advertising of products, manufacture, length of trademark use, and other items as "Confidential," or "trade secret" despite the fact that the documents bear absolutely no indicia of confidentiality and may be necessary to support Conair's defenses. Indeed, it is difficult to imagine how Tonytail intends to prove trademark infringement when it refuses to produce any evidence whatsoever with respect to the length and exclusivity of the use of such trademarks. We request Tonytail immediately take remedial steps to remove such improper designations.

LIBW/1683997.1

GOODWIN | PROCTER

Anne-Leith Matlock
July 25, 2008
Page 5


***(9) Tonytail's responses fail to respond adequately to Conair's Interrogatories.***

Tonytail's responses to Conair's Interrogatories are nonresponsive and deficient as to the information sought. Indeed, Tonytail has not substantively responded to a single interrogatory.

Please supplement Tonytail's responses immediately and remedy these deficiencies. Considering the utter lack of substance in each of Tonytail's discovery responses, we would like to confer with you in a good faith attempt to resolve the matters identified above without court intervention. To that end, request a meet and confer on Monday, July 28, 2008, at noon (PDT).

Finally, we still have not heard from you regarding the deposition we noticed for your client. As I asked you at the hearing on Wednesday, please let me know if your client is available for her deposition before August 5, 2008. If not, we intend to proceed on August 5th, as noticed.

I look forward to hearing from you.


Sincerely,

Thomas F. Fitzpatrick

cc: Eleanor Hynes, Esq.


LIBW/1683997.1