# EXHIBIT 1

1   **Matlock Law Group,** A Professional Corporation
    Anne-Leith W. Matlock, SBN 244351
2   1485 Treat Blvd., Suite 200
    Walnut Creek, CA 94597
3   Telephone: 925-944-7131
    Facsimile: 925-944-7138
4   e-mail: anne-leith@matlocklawgroup.com
5
    Attorneys for Plaintiff,
6   The Tonytail Company, Inc.

7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                   **SAN FRANCISCO DIVISION**

11

12   THE TONYTAIL COMPANY, INC.          **CASE NO. 3:07-cv-05895-WHA**
     a Delaware Corporation,
13                                        **RESPONSE TO DEFENDANT**
     Plaintiff,                           **CONAIR'S REQUEST FOR**
14                                        **PRODUCTION OF DOCUMENTS AND**
     v.                                   **THINGS**
15

16   CONAIR, a Delaware Corporation;      **[F.R.C.P. Rule 34]**
     SCUNCI INTL., Ltd., a Delaware
17   Corporation; RITE AID, a Delaware
     Corporation; L&N Sales & Marketing, Inc.,
18   and DOES 1-10, inclusive,
19

20   Defendants.
21

22

23

24   TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:

25   PROPOUNDING PARTY:        CONAIR

26   RESPONDING PARTY:         THE TONYTAIL COMPANY, INC.

27   SET NO.                   ONE

28

1    Plaintiff The Tonytail Company, Inc. (hereinafter "Plaintiff" or "Tonytail"), by and

2    through its counsel of record, hereby submits its Response to Request of Defendant Conair for

3    Production of Documents and Things as follows:

4

5    ## INTRODUCTION

6    For the reasons stated in the "General Discussion" on p.2 of Plaintiff's Response to

7    Conair's first Set of Special Interrogatories, Service of the interrogatories was not made until

8    June 23, 2008. For this reason the statutory responding period of 30 days does not expire until

9    Wednesday, July 23, 2008.

10    ## RESPONSES

11    Tonytail has conducted a diligent search and reasonable inquiry in response to the

12    Requests. However, Tonytail has not completed its investigation of the facts related to this

13    case, has not completed discovery in this action, and has not completed its preparation for any

14    trial that might be held herein. Its responses to these Requests are based upon information

15    currently known to Tonytail and are given without prejudice to Tonytail's right to supplement,

16    add to, amend, or modify its responses to these Requests. Moreover, Tonytail reserves the right

17    to make use of, or introduce at any hearing or at trial, documents or facts not known to exist at

18    the time of production, including, but not limited to, documents obtained in the course of

19    discovery in this action.

20    Subject to and without waiving the foregoing Preliminary Statement, Tonytail makes the

21    following General Objections to the Requests in their entirety, including each of defendant's

22    definitions, instructions and individual requests contained therein:

23

24

25

26

27    //

28    //

Matlock Law
Group, PC.

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1 | GENERAL OBJECTIONS AND RESERVATIONS OF RIGHTS:

2 |     1.        Responding party objects to these interrogatories as in violation of Federal

3 | Rule of Civil Procedure 33(a)(1). In the discovery plan of the parties agreed to under

4 | Federal Rule of Civil Procedure 26(f)(3), the parties agreed to a limit of one-hundred and

5 | fifty (150) requests for production of documents. Propounding party has served requests in

6 | excess of this limit. Although the interrogatories are only numbered 1 through 132, the

7 | content of the interrogatories is such that propounding party is attempting to have Plaintiff

8 | answer multiple interrogatories under the guise that Plaintiff is only answering one request.

9 | Plaintiff does not have an exact count of how many production requests beyond those

10 | numbered 1 through 132 were served by Conair; Plaintiff stopped counting and flagging the

11 | number of embedded, unnumbered interrogatories after it reached a count of 170.

12 |     2.        Responding party has not completed an investigation of the facts relating to

13 | this case, discovery or preparation for trial, and the following responses are given subject to

14 | this responding party's right to supplement its discovery responses should other information

15 | subsequently be discovered.  It is anticipated that further discovery, independent

16 | investigation, legal research and analysis will supply additional facts, add meaning to

17 | known facts, as well as establish entirely new factual conclusions and legal contentions, all

18 | of which will lead to substantial additions to, changes in, and variations from the

19 | contentions set forth herein.

20 |     3.        Responding party objects to these discovery requests to the extent that they

21 | seek information that is neither relevant to the subject matter of, nor within the time period

22 | relevant to, these proceedings, nor reasonably calculated to lead to the discovery of

23 | admissible evidence.

24 |     4.        Responding party objects to these discovery requests to the extent that they

25 | seek information, which has previously been given through disclosures and pleadings,

26 | related to this litigation.

27 |     5.        Responding party objects to these discovery requests to the extent that they

28 | seek information that is privileged under the attorney-client privilege, the attorney-work

1 product rule, or any other applicable privilege, or constitute trade secrets and other private
2 information not subject to disclosure.

3     6.     Responding Party objects to this discovery to the extent they seek
4 information which is unreasonably cumulative and duplicative, obtainable from another
5 source that is more convenient, less burdensome, or less expensive, or that the propounding
6 party had ample opportunities to obtain.

7     7.     Responding Party objects to these discovery requests to the extent they are
8 overbroad, vague, ambiguous and unintelligible as to time and place.

9     8.     Responding Party objects to these discovery requests to the extent they are
10 premature and seek expert discovery.

11     9.     Each response is subject to all objections as to competence, relevance,
12 materiality, propriety, and admissibility. Each response is subject to any and all other
13 objections on any grounds that would require the exclusion of any statements contained
14 therein if such document requests were asked of, or statements contained therein were
15 made by, a witness present and testifying in court. All of the above-stated objections and
16 grounds therefore are expressly reserved and may be interposed at the time of trial.

17     Subject to Such General Objections and Reservation of Rights, Each of which is
18 Specifically Incorporated into Each Response Set Forth Below, this Responding Party Submits
19 the Following Responses:

22 DOCUMENT INDEX

| BATES RANGE | MANUAL PAGE RANGE | DESCRIPTION | CONTENT |
|---|---|---|---|
| 000152 to 000169 | 1 to 17 | Product List | Various Tonytail Products |
| 000170 | 1 | California Corporate Information | Tonytail's Corporate Information |
| 000171 | 1 | Delaware Corporate Information | Tonytail's Corporate Information |
| 000172 | 1 | Tonytailer as used in Commerce | Picture of the Tonytailer |
| 000173 | 1 | Scunci Product | Picture of Scunci Product |
| 000174 to 000181 | 1-8 | Products in Store | Picture of products in store |

| | | | |
|---|---|---|---|
| 000182 to 000183 | 1-2 | USPTO Database | USPTO Database D413,693 |
| 000184 to 000186 | 1-3 | USPTO Database | USPTO Database D453,239 |
| 000187 to 000188 | 1-2 | TESS | TESS |
| 000189 | 1 | Letter | Letter from L&N/Scunci October 30, 2003 |
| 000190 | 1 | Letter | Letter to Rite Aid, January 24, 2006 |
| 000191 | 1 | Letter | Letter from L&N/Scunci April 10, 2003 |
| 000192 | 1 | Letter | Letter DrinkerBiddle&Reath, LLP |
| 000193 to 000195 | 1-3 | Letter | Letter to L&N May 30, 2002 |
| 000196 | 1 | e-mail | Email from Diane to Tonytail |
| 000197 | 1 | e-mail | Email from Tonytail to Diane |

## PRIVILEGED LOG

| BATES RANGE | IDENTITY AND POSITION OF AUTHOR | IDENTITY AND POSITION OF RECIPIENT | DATE PRE-PARED/ SENT/ SHARED | DOCUMENT TITLE AND DESCRIPTION | PURPOSE OF PREPARA-TION/ COMMU-NICATION | DESCRIPTION OF SUBJECT MATTER | PRIV. ASSERT. |
|---|---|---|---|---|---|---|---|
| N/A | Matlock Law Group | Plaintiff | Various | Memoranda and Analysis | Preparation for Litigation | Products Infringing Plaintiff's Intellectual Property | AWP, A/C, Conf. |
| N/A | Tonytail | Tonytail | Various | Business Records | Business Analysis and Planning | Manufacture, distribution, advertising of Tonytail products | Conf., Trade Secret, |
| N/A | Tonytail | Various retailer | Various | Invoices, summaries, etc | Documentation of sales and distribution of various Tonytail products | Sales and distribution of various Tonytail products | Conf., Trade Secret, |
| N/A | Tonytail | Tonytail | Various | Business Records | Business Analysis and Planning | Intellectual Property of Plaintiff and Associated Rights | Conf., Trade Secret, |
| 174, 176 | Tonytail | Matlock Law Group | Various | Purchase Receipts | Product Purchase | Purchase Receipt of Scunci Products | Privacy of Purchaser |
| N/A | Matlock Law Group | Matlock Law Group | Various | Affidavits | Preparation for Litigation | Statements of Potential Witnesses | AWP, A/C |

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1

RESPONSES

2      **Production Request No. 1**:

3          All documents and things concerning an inspection of or an investigation of any of the

4      Defendants' activities or products for the purpose of assessing or determining whether any of

5      the Defendants engaged in any infringement of any of the patents-in-suit.

6      **Response to Production Request No. 1:**

7          Objection. Responding party objects to this discovery request on the ground that it

8      seeks information that is privileged under the attorney-client privilege, the attorney-work

9      product rule, or any other applicable privilege, or constitutes trade secrets and other private

10     information not subject to disclosure. Responding Party objects to this discovery request to the

11     extent it is premature or seeks expert discovery. Responding Party has not completed its

12     investigation of the facts relating to this cause of action, discovery and preparation for trial, and

13     therefore reserves the right to further supplement and/or amend its response to conform to

14     proof. Responding party further objects on the ground that this discovery request seeks

15     information, which has previously been given through disclosures and pleadings, related to this

16     litigation.

17     **Production Request No. 2**:

18         All documents and things concerning an inspection of or an investigation of any

19     activities or products of any entity other than Defendants' for the purpose of assessing or

20     determining whether any of such entities engaged in any infringement of the patents-in-suit.

21     **Response to Production Request No. 2:**

22         Objection. Responding Party objects to this discovery request to the extent it is

23     premature or seeks expert discovery. Responding Party has not completed its investigation of

24     the facts relating to this cause of action, discovery and preparation for trial, and therefore

25     reserves the right to further supplement and/or amend its response to conform to proof.

26     Responding party objects to this discovery request to the extent that it seeks information that is

27     privileged under the attorney-client privilege, the attorney-work product rule, or any other

28     applicable privilege, or constitutes trade secrets and other private information not subject to

1  disclosure. Responding party further objects to this request on the grounds that it seeks

2  information that is neither relevant nor reasonably calculated to lead to the discovery of

3  admissible evidence. Without waiving any objections, Plaintiff responds that to the extent that

4  any documents exist within this category, said documents have already been produced in

5  Plaintiff's Patent Disclosures of Asserted Claims and Infringement Contentions; Document

6  Production Accompanying Disclosures (hereinafter "Plaintiff's Patent Disclosures").

7  **Production Request No. 3**:

8  　　　All documents and things concerning any of Defendants' activities or products forming

9  the basis of your infringement allegations in this lawsuit.

10  **Response to Production Request No. 3**:

11  　　　Objection. Responding Party objects to this discovery request to the extent it is

12  premature or seeks expert discovery. Responding Party has not completed its investigation of

13  the facts relating to this cause of action, discovery and preparation for trial, and therefore

14  reserves the right to further supplement and/or amend its response to conform to proof.

15  Responding party objects to this discovery request to the extent that it seeks information that is

16  privileged under the attorney-client privilege, the attorney-work product rule, or any other

17  applicable privilege, or constitutes trade secrets and other private information not subject to

18  disclosure. Without waiving any objections, Plaintiff responds that to the extent that any

19  documents exist within this category, said documents have already been produced in Plaintiff's

20  Patent Disclosures.

21  **Production Request No. 4**:

22  　　　All documents concerning the rights to, the ownership of, the validity of, the

23  enforceability of or the infringement of the patents-in-suit.

24  **Response to Production Request No. 4**:

25  　　　Objection. Responding Party objects to this discovery request to the extent it is

26  premature or seeks expert discovery. Responding Party has not completed its investigation of

27  the facts relating to this cause of action, discovery and preparation for trial, and therefore

28  reserves the right to further supplement and/or amend its response to conform to proof.

1   Responding party objects to this discovery request to the extent that it seeks information that is

2   privileged under the attorney-client privilege, the attorney-work product rule, or any other

3   applicable privilege, or constitutes trade secrets and other private information not subject to

4   disclosure. Without waiving any objections, Plaintiff responds that to the extent that any

5   documents exist within this category, said documents have already been produced in ¶¶ 1-3 (p.

6   4) of Plaintiff's Initial Disclosure and Plaintiff's Patent Disclosures.

7       **Production Request No. 5**:

8       All documents concerning the rights to, the ownership of, the validity of, the

9   enforceability of or the infringement of your trademarks-in-suit.

10      **Response to Production Request No. 5:**

11      Objection. Responding Party objects to this discovery request to the extent it is

12  premature or seeks expert discovery. Responding Party has not completed its investigation of

13  the facts relating to this cause of action, discovery and preparation for trial, and therefore

14  reserves the right to further supplement and/or amend its response to conform to proof.

15  Responding party objects to this discovery request on the ground that Defendant fails to

16  designate requested documents with reasonable particularity. Defendant's request is vague and

17  ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

18  Responding party objects to this discovery request to the extent that it seeks information that is

19  privileged under the attorney-client privilege, the attorney-work product rule, or any other

20  applicable privilege, or constitute trade secrets and other private information not subject to

21  disclosure. Without waiving said or any other objections, Tonytail produces the following

22  documents:

23      1.  000187-188 – TESS

24      **Production Request No. 6**:

25      All documents concerning the rights to, the ownership of, the validity of, the

26  enforceability of or the infringement of your trade-dress-in-suit.

27

28

1    **Response to Production Request No. 6:**

2        Objection. Responding Party objects to this discovery request to the extent it is

3    premature or seeks expert discovery. Responding Party has not completed its investigation of

4    the facts relating to this cause of action, discovery and preparation for trial, and therefore

5    reserves the right to further supplement and/or amend its response to conform to proof.

6    Responding party objects to this discovery request on the ground that Defendant fails to

7    designate requested documents with reasonable particularity. Defendant's request is vague and

8    ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

9    Responding party objects to this discovery request to the extent that it seeks information that is

10    privileged under the attorney-client privilege, the attorney-work product rule, or any other

11    applicable privilege, or constitute trade secrets and other private information not subject to

12    disclosure.

13        **Production Request No. 7:**

14        All documents and things concerning any review of or any investigation of prior art or

15    possibly prior art activities, documents or devices either (a) in connection with assessing the

16    patentability of the inventions to which the patents-in-suit are directed, (b) in connection with

17    assessing the validity of any claims of the patents-in-suit or (c) in connection with fulfilling the

18    applicant's duty of disclosure to the United States Patent and Trademark Office respecting the

19    patents-in-suit.

20        **Response to Production Request No. 7:**

21        Objection. Responding Party objects to this discovery request to the extent it is

22    premature or seeks expert discovery. Responding Party has not completed its investigation of

23    the facts relating to this cause of action, discovery and preparation for trial, and therefore

24    reserves the right to further supplement and/or amend its response to conform to proof.

25    Responding party objects to this discovery request to the extent that it seeks information that is

26    privileged under the attorney-client privilege, the attorney-work product rule, or any other

27    applicable privilege, or constitutes trade secrets and other private information not subject to

28    disclosure. Responding party further objects to this request on the grounds that it seeks

1  information that is neither relevant nor reasonably calculated to lead to the discovery of

2  admissible evidence. Without waiving any objections, Plaintiff responds that to the extent that

3  any documents exist within this category, said documents have already been produced in

4  Plaintiff's Patent Disclosures.

5       **Production Request No. 8**:

6       All documents and things concerning the conception, actual reduction to practice or

7  constructive reduction to practice of the inventions to which the patents-in-suit are directed.

8       **Response to Production Request No. 8**:

9       Objection. Responding Party objects to this discovery request to the extent it is

10  premature or seeks expert discovery. Responding Party has not completed its investigation of

11  the facts relating to this cause of action, discovery and preparation for trial, and therefore

12  reserves the right to further supplement and/or amend its response to conform to proof.

13  Responding party objects to this discovery request to the extent that it seeks information that is

14  privileged under the attorney-client privilege, the attorney-work product rule, or any other

15  applicable privilege, or constitutes trade secrets and other private information not subject to

16  disclosure. Without waiving any objections, Plaintiff responds that to the extent that any

17  documents exist within this category, said documents have already been produced in Plaintiff's

18  Patent Disclosures.

19       **Production Request No. 9**:

20       All documents concerning prosecution of the patents-in-suit before the United States

21  Patent and Trademark Office or before any foreign patent office.

22       **Response to Production Request Number 9**:

23       Objection. Responding party objects to this discovery request to the extent that it seeks

24  information that is privileged under the attorney-client privilege, the attorney-work product

25  rule, or any other applicable privilege, or constitutes trade secrets and other private information

26  not subject to disclosure. Responding party further objects to this request on the grounds that it

27  seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

28  admissible evidence. Without waiving any objections, Plaintiff responds that to the extent that

1   any documents exist within this category, said documents have already been produced in

2   Plaintiff's Patent Disclosures.

3   **Production Request No. 10:**

4       All documents concerning any negotiations to transfer or any actual transfer by

5   assignment, license or otherwise of any rights in the inventions claimed in the patents-in-suit.

6   **Response to Production Request No. 10:**

7       Objection. Responding party objects to this discovery request to the extent that it seeks

8   information that is privileged under the attorney-client privilege, the attorney-work product

9   rule, or any other applicable privilege, or constitutes trade secrets and other private information

10  not subject to disclosure. Responding party further objects to this request on the grounds that it

11  seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

12  admissible evidence. Without waiving any objections, Plaintiff responds that to the extent that

13  any documents exist within this category, said documents have already been produced in

14  Plaintiff's Patent Disclosures.

15  **Production Request No. 11:**

16      All documents and things concerning the provision of any notice or marking of the

17  patents-in-suit.

18  **Response to Production Request No. 11:**

19      Objection. Compound question, this request includes actually four requests for

20  production (regarding notice and marking). Responding Party objects to this discovery request

21  to the extent it is premature or seeks expert discovery. Responding Party has not completed its

22  investigation of the facts relating to this cause of action, discovery and preparation for trial, and

23  therefore reserves the right to further supplement and/or amend its response to conform to

24  proof. Responding party objects to this discovery request to the extent that it seeks information

25  that is privileged under the attorney-client privilege, the attorney-work product rule, or any

26  other applicable privilege, or constitutes trade secrets and other private information not subject

27  to disclosure. Without waiving any objections, Plaintiff responds that to the extent that any

28  documents exist within this category, said documents have already been produced in Plaintiff's

1    Patent Disclosures. Without waiving said or any other objections, Tonytail produces the

2    following documents:

3        1.    000152-000169 – Product list

4    **Production Request No. 12**:

5        All documents and things concerning any attempts to assert or enforce the patents-in-suit

6    other than the instant lawsuit.

7    **Response to Production Request No. 12:**

8        Objection. Responding party objects to this discovery request to the extent that it seeks

9    information that is privileged under the attorney-client privilege, the attorney-work product

10   rule, or any other applicable privilege, or constitutes trade secrets and other private information

11   not subject to disclosure. Responding party further objects to this request on the grounds that it

12   seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

13   admissible evidence. Without waiving any objections, Plaintiff responds that to the extent that

14   any documents exist within this category, said documents have already been produced in

15   Plaintiff's Patent Disclosures.

16   **Production Request No. 13**:

17       All documents and things concerning Tonytail's attempts to design, make, use or

18   commercialize any hair accessory of the type described in or within the scope of any claim of

19   the patents-in-suit.

20   **Response to Production Request No. 13:**

21       Objection. Responding Party objects to this discovery request to the extent it is

22   premature or seeks expert discovery. Responding Party has not completed its investigation of

23   the facts relating to this cause of action, discovery and preparation for trial, and therefore

24   reserves the right to further supplement and/or amend its response to conform to proof.

25   Responding party objects to this discovery request to the extent that it seeks information that is

26   privileged under the attorney-client privilege, the attorney-work product rule, or any other

27   applicable privilege, or constitutes trade secrets and other private information not subject to

28   disclosure. Responding Party objects to this discovery request on the ground that compliance

1  will unfairly reveal trade secrets or other confidential information. Without waiving any

2  objections, Plaintiff responds that to the extent that any documents exist within this category,

3  said documents have already been produced in Plaintiff's Patent Disclosures.

4     **Production Request No.14**:

5        All documents and things concerning any government administrative proceedings,

6  court lawsuits or other litigations involving the inventions to which the patents-in-suit are

7  directed or to the patents-in-suit.

8     **Response to Production Request No. 14:**

9        Objection. Responding party objects to this discovery request to the extent that it seeks

10  information that is privileged under the attorney-client privilege, the attorney-work product

11  rule, or any other applicable privilege, or constitutes trade secrets and other private information

12  not subject to disclosure. Responding party further objects to this request on the grounds that it

13  seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

14  admissible evidence. Without waiving any objections, Plaintiff responds that to the extent that

15  any documents exist within this category, said documents have already been produced in

16  Plaintiff's Patent Disclosures.

17     **Production Request No. 15**:

18        All documents and things concerning Conair and Rite Aid.

19     **Response to Production Request No. 15:**

20        Objection. Responding party objects to this discovery request on the ground that

21  Defendant fails to designate requested documents with reasonable particularity. Defendant's

22  request is vague and ambiguous, unduly burdensome, or overbroad. Responding party further

23  objects to this request on the grounds that it seeks information that is neither relevant nor

24  reasonably calculated to lead to the discovery of admissible evidence. Responding Party

25  objects to this discovery request to the extent it is premature or seeks expert discovery.

26  Responding Party has not completed its investigation of the facts relating to this cause of

27  action, discovery and preparation for trial, and therefore reserves the right to further

28  supplement and/or amend its response to conform to proof.

1  **Production Request No.16**:

2      All documents and things concerning any evidence of any objective indicia of non-

3  obviousness of any claim of the patents-in-suit.

4  **Response to Production Request No. 16:**

5      Objection. Responding Party objects to this discovery request to the extent it is

6  premature or seeks expert discovery. Responding Party has not completed its investigation of

7  the facts relating to this cause of action, discovery and preparation for trial, and therefore

8  reserves the right to further supplement and/or amend its response to conform to proof.

9  Responding party objects to this discovery request to the extent that it seeks information that is

10 privileged under the attorney-client privilege, the attorney-work product rule, or any other

11 applicable privilege, or constitutes trade secrets and other private information not subject to

12 disclosure. Responding Party further objects to this discovery request on the ground that it

13 seeks information, which has previously been given through disclosures and pleadings, related

14 to this litigation and in Plaintiff's Patent Disclosures.

15 **Production Request No. 17**:

16      All documents and things concerning the nature of any damages or harm suffered by

17 Tonytail as the result of any conduct of any of the Defendants about which Tonytail is

18 complaining in this lawsuit.

19 **Response to Production Request No. 17:**

20      Objection. Responding Party objects to this discovery request to the extent it is

21 premature or seeks expert discovery. Responding Party has not completed its investigation of

22 the facts relating to this cause of action, discovery and preparation for trial, and therefore

23 reserves the right to further supplement and/or amend its response to conform to proof.

24 Responding party objects to this discovery request to the extent that it seeks information that is

25 privileged under the attorney-client privilege, the attorney-work product rule, or any other

26 applicable privilege, or constitute trade secrets and other private information not subject to

27 disclosure.

28 **Production Request No. 18**:

1    All documents and things concerning the nature of any monetary relief sought by

2    Tonytail in this lawsuit.

3

4    **Response to Production Request No. 18:**

5    Objection. Objections and responses regarding this issue have been given already. See

6    Response Number 17.

7    **Production Request No.19:**

8    All documents and things concerning the amount or magnitude of any damages suffered

9    by or other monetary relief sought by Tonytail in this lawsuit.

10    **Response to Production Request No. 19:**

11    Objection. Objections and responses regarding this issue have been given already.

12    See Response Number 17.

13    **Production Request No. 20:**

14    All documents and things concerning any factual basis upon which Tonytail bases any

15    requests for permanent injunction relief against future infringement of the patents-in-suit by

16    any of the Defendants.

17    **Response to Production Request No. 20:**

18    Objection. Responding Party objects to this discovery request to the extent it is

19    premature or seeks expert discovery. Responding Party has not completed its investigation of

20    the facts relating to this cause of action, discovery and preparation for trial, and therefore

21    reserves the right to further supplement and/or amend its response to conform to proof.

22    Responding party objects to this discovery request to the extent that it seeks information that is

23    privileged under the attorney-client privilege, the attorney-work product rule, or any other

24    applicable privilege, or constitutes trade secrets and other private information not subject to

25    disclosure. Without waiving any objections, Plaintiff responds that to the extent that any

26    documents exist within this category, said documents have already been produced in Plaintiff's

27    Patent Disclosures.

28    **Production Request No. 21:**

1   All documents and things pertaining to the organizational structure of The Tonytail
2   Company, Inc.

3

4   **Response to Production Request No. 21:**

5       Objection. Responding party objects to this request on the grounds that it seeks
6   information that is neither relevant nor reasonably calculated to lead to the discovery of
7   admissible evidence. Further objections and responses regarding this issue have been given
8   already. Responding Party objects to this discovery request on the ground that it is overbroad,
9   vague, ambiguous and unintelligible as to time and place. Without waiving said or any other
10  objections, Tonytail produces the following documents:

11      1.  000170 - California Business Portal

12      2.  000171 - State of Delaware

13  **Production Request No. 22:**

14      All documents concerning the creation, development and design of the Tonytail
15  trademarks-in-suit, including all marks, logos, slogans or other designs or information, whether
16  primary, subsidiary or house marks, and whether or not used concurrently with or adjacent to
17  the trademarks-in-suit.

18  **Response to Production Request No. 22:**

19      Objection. Responding Party objects to this discovery request to the extent it is
20  premature or seeks expert discovery. Responding Party has not completed its investigation of
21  the facts relating to this cause of action, discovery and preparation for trial, and therefore
22  reserves the right to further supplement and/or amend its response to conform to proof.
23  Responding party objects to this discovery request on the ground that Defendant fails to
24  designate requested documents with reasonable particularity. Defendant's request is vague and
25  ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.
26  Responding party objects to this discovery request to the extent that it seeks information that is
27  neither relevant to the subject matter of, nor within the time period relevant to, these
28  proceedings, nor reasonably calculated to lead to the discovery of admissible evidence.

1  Responding party objects to this discovery request to the extent that it seeks information that is

2  privileged under the attorney-client privilege, the attorney-work product rule, or any other

3  applicable privilege, or constitute trade secrets and other private information not subject to

4  disclosure. Responding Party objects to this discovery request on the ground that compliance

5  will unfairly reveal trade secrets or other confidential information. Without waiving said or any

6  other objections, Tonytail produces the following documents:

7  　　2.　000172 – Picture of Tonytailer

8  　　3.　000152-000169 – Product list

9  **Production Request No. 23**:

10  　　All documents concerning the exclusivity, length and manner of use of the trademarks-

11  in-suit.

12  **Response to Production Request No. 23:**

13  　　Objection. Responding Party objects to this discovery request on the ground that it is

14  premature or seeks expert discovery. Responding Party has not completed its investigation of

15  the facts relating to this cause of action, discovery and preparation for trial, and therefore

16  reserves the right to further supplement and/or amend its response to conform to proof.

17  Responding Party objects to this discovery request on the ground that it is overbroad, vague,

18  ambiguous and unintelligible as to time and place. Responding party objects to this discovery

19  request to the extent that it seeks information that is neither relevant to the subject matter of,

20  nor within the time period relevant to, these proceedings, nor reasonably calculated to lead to

21  the discovery of admissible evidence. Responding party objects to this discovery request to the

22  extent that it seeks information that is privileged under the attorney-client privilege, the

23  attorney-work product rule, or any other applicable privilege, or constitute trade secrets and

24  other private information not subject to disclosure. Responding Party objects to this discovery

25  request to the extent it seeks information which is unreasonably cumulative and duplicative,

26  obtainable from another source that is more convenient, less burdensome, or less expensive, or

27  that the propounding party had ample opportunities to obtain. Responding Party objects to this

28

*Matlock Law Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS   CASE NO. 3:07-cv-05895-WHA

1    discovery request on the ground that compliance will unfairly reveal trade secrets or other

2    confidential information.

3

4

5    **Production Request No. 24**:

6        All documents concerning any change, variation or modification of the trademarks-in-

7    suit.

8    **Response to Production Request No. 24:**

9        Objection. Responding party objects to this request on the grounds that it seeks

10   information that is neither relevant nor reasonably calculated to lead to the discovery of

11   admissible evidence. Responding Party objects to this discovery request on the ground that

12   compliance will unfairly reveal trade secrets or other confidential information. Responding

13   party objects to this discovery request on the ground that Defendant fails to designate requested

14   documents with reasonable particularity. Defendant's request is vague and ambiguous, unduly

15   burdensome, overbroad and/or and unintelligible as to time and place. Responding party

16   objects to this discovery request to the extent that it seeks information that is neither relevant to

17   the subject matter of, nor within the time period relevant to, these proceedings, nor reasonably

18   calculated to lead to the discovery of admissible evidence. Responding party objects to this

19   discovery request to the extent that it seeks information that is privileged under the attorney-

20   client privilege, the attorney-work product rule, or any other applicable privilege, or constitute

21   trade secrets and other private information not subject to disclosure. Responding Party objects

22   to this discovery request to the extent it seeks information which is unreasonably cumulative

23   and duplicative, obtainable from another source that is more convenient, less burdensome, or

24   less expensive, or that the propounding party had ample opportunities to obtain.

25   **Production Request No. 25**:

26       All documents concerning any change, variation or modification of the use of the

27   trademarks-in-suit.

28   **Response to Production Request No. 25:**

1    Objection. Responding party objects to this request on the grounds that it seeks

2    information that is neither relevant nor reasonably calculated to lead to the discovery of

3    admissible evidence. Responding Party objects to this discovery request on the ground that

4    compliance will unfairly reveal trade secrets or other confidential information. Responding

5    party objects to this discovery request on the ground that Defendant fails to designate requested

6    documents with reasonable particularity. Defendant's request is vague and ambiguous, unduly

7    burdensome, overbroad and/or and unintelligible as to time and place. Responding party

8    objects to this discovery request to the extent that it seeks information that is neither relevant to

9    the subject matter of, nor within the time period relevant to, these proceedings, nor reasonably

10   calculated to lead to the discovery of admissible evidence. Responding party objects to this

11   discovery request to the extent that it seeks information that is privileged under the attorney-

12   client privilege, the attorney-work product rule, or any other applicable privilege, or constitute

13   trade secrets and other private information not subject to disclosure. Responding Party objects

14   to this discovery request to the extent it seeks information which is unreasonably cumulative

15   and duplicative, obtainable from another source that is more convenient, less burdensome, or

16   less expensive, or that the propounding party had ample opportunities to obtain.

17   **Production Request No. 26**:

18   All documents concerning any trademarks deemed by Tonytail to resemble, to any

19   degree, the trademarks-in-suit.

20   **Response to Production Request No. 26:**

21   Objection. Responding Party objects to this discovery request to the extent it is

22   premature or seeks expert discovery. Responding Party has not completed its investigation of

23   the facts relating to this cause of action, discovery and preparation for trial, and therefore

24   reserves the right to further supplement and/or amend its response to conform to proof.

25   Responding party objects to this discovery request on the ground that Defendant fails to

26   designate requested documents with reasonable particularity. Defendant's request is vague and

27   ambiguous, unduly burdensome, or overbroad. Responding party objects to this discovery

28   request to the extent that it seeks information that is neither relevant to the subject matter of,

1    nor within the time period relevant to, these proceedings, nor reasonably calculated to lead to

2    the discovery of admissible evidence. Responding party objects to this discovery request to the

3    extent that it seeks information that is privileged under the attorney-client privilege, the

4    attorney-work product rule, or any other applicable privilege, or constitute trade secrets and

5    other private information not subject to disclosure.

6    **Production Request No. 27**:

7    All documents concerning the advertising, marketing, merchandising, or other

8    promotion of the trademark-in-suit and/or the Tonytail Products, including, without limitation,

9    amples of all such advertising, marketing, merchandising or promotion.

10    **Response to Production Request No. 27:**

11    Objection. Responding Party objects to this discovery request to the extent it is

12    premature or seeks expert discovery. Responding Party has not completed its investigation of

13    the facts relating to this cause of action, discovery and preparation for trial, and therefore

14    reserves the right to further supplement and/or amend its response to conform to proof.

15    Responding party objects to this discovery request to the extent that it seeks information that is

16    privileged under the attorney-client privilege, the attorney-work product rule, or any other

17    applicable privilege, or constitute trade secrets and other private information not subject to

18    disclosure. Responding Party objects to this discovery request to the extent it seeks information

19    which is unreasonably cumulative and duplicative, obtainable from another source that is more

20    convenient, less burdensome, or less expensive, or that the propounding party had ample

21    opportunities to obtain. Responding Party objects to this discovery request to the extent it is

22    overbroad, vague, ambiguous and unintelligible as to time and place. Responding Party objects

23    to this discovery request on the ground that compliance will unfairly reveal trade secrets or

24    other confidential information.

25    **Production Request No. 28**:

26    All documents concerning the formation of Tonytail.

27    **Response to Production Request No. 28:**

28

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1       Objection. Responding party objects to this discovery request on the ground that

2 Defendant fails to designate requested documents with reasonable particularity. Defendant's

3 request is vague and ambiguous, unduly burdensome, overbroad and/or and unintelligible as to

4 time and place. Responding party objects to this discovery request to the extent that it seeks

5 information that is neither relevant to the subject matter of, nor within the time period relevant

6 to, these proceedings, nor reasonably calculated to lead to the discovery of admissible

7 evidence. Responding Party objects to this discovery request on the ground that compliance

8 will unfairly reveal trade secrets or other confidential information. Responding Party objects to

9 this discovery request to the extent it seeks information which is unreasonably cumulative and

10 duplicative, obtainable from another source that is more convenient, less burdensome, or less

11 expensive, or that the propounding party had ample opportunities to obtain. Without waiving

12 said or any other objections, Tonytail produces the following documents:

13       1.   000170 - California Business Portal

14       2.   000171 - State of Delaware

15 **Production Request No. 29**:

16       All documents concerning any agreement, formal or otherwise, between Tonytail and

17 any defendant regarding the sale, advertising, merchandising, promotion or manufacture of

18 Tonytail products.

19 **Response to Production Request No. 29:**

20       Objection. Responding party objects to this discovery request on the ground that

21 Defendant fails to designate requested documents with reasonable particularity. Defendant's

22 request is vague and ambiguous, unduly burdensome, overbroad and/or and unintelligible as to

23 time and place. Responding Party objects to this discovery request to the extent it seeks

24 information which is unreasonably cumulative and duplicative, obtainable from another source

25 that is more convenient, less burdensome, or less expensive, or that the propounding party had

26 ample opportunities to obtain. Responding party objects to this discovery request to the extent

27 that it seeks information that is privileged under the attorney-client privilege, the attorney-work

28 product rule, or any other applicable privilege, or constitute trade secrets and other private

1   information not subject to disclosure. Responding party objects on the ground that responses

2   regarding this issue have been previously given in the pending state proceeding, Case No. C07-

3   02573. Responding Party objects to this discovery request on the ground that compliance will

4   unfairly reveal trade secrets or other confidential information. Without waiving said or any

5   other objections, Tonytail produces the following documents:

6       1.   000190 - Letter to Rite Aid January 24, 2006

7       2.   000191 - Letter from L&N/Scunci April 10, 2003

8       3.   000189 - Letter from L&N/Scunci October 30, 2003

9       4.   000196 – email L&N to Tonytail

10      5.   000197 – email Tonytail to L&N.

11  **Production Request No. 30**:

12      All documents concerning any agreement, formal or otherwise, as among Tonytail and

13  any defendant regarding the sale, advertising, merchandising, promotion or manufacture of

14  Tonytail Products.

15  **Response to Production Request No. 30**:

16      Objection. Objections and responses regarding this issue have been given already. See

17  Response Number 29.

18  **Production Request No. 31**:

19      All documents concerning the distribution of the Tonytail Products.

20  **Response to Production Request No. 31**:

21      Objection. Responding party objects to this discovery request on the ground that

22  Defendant fails to designate requested documents with reasonable particularity. Defendant's

23  request is vague and ambiguous, unduly burdensome, overbroad and/or and unintelligible as to

24  time and place. Responding Party objects to this discovery request to the extent it seeks

25  information which is unreasonably cumulative and duplicative, obtainable from another source

26  that is more convenient, less burdensome, or less expensive, or that the propounding party had

27  ample opportunities to obtain. Responding party objects to this discovery request to the extent

28  that it seeks information that is privileged under the attorney-client privilege, the attorney-work

1  product rule, or any other applicable privilege, or constitute trade secrets and other private

2  information not subject to disclosure. Responding party objects on the ground that responses

3  regarding this issue have been previously given in the pending state proceeding, Case No. C07-

4  02573. Responding Party objects to this discovery request on the ground that compliance will

5  unfairly reveal trade secrets or other confidential information. Without waiving said or any

6  other objections, Tonytail produces the following documents:

7      1.   000190 - Letter to Rite Aid January 24, 2006

8      2.   000191 - Letter from L&N/Scunci April 10, 2003

9      3.   000189 - Letter from L&N/Scunci October 30, 2003

10  **Production Request No. 32**:

11  All documents concerning the manufacture of the Tonytail Products.

12  **Response to Production Request No. 32:**

13      Objection. Responding party objects to this discovery request on the ground that

14  Defendant fails to designate requested documents with reasonable particularity. Defendant's

15  request is vague and ambiguous, unduly burdensome, overbroad and/or and unintelligible as to

16  time and place. Responding Party objects to this discovery request to the extent it seeks

17  information which is unreasonably cumulative and duplicative, obtainable from another source

18  that is more convenient, less burdensome, or less expensive, or that the propounding party had

19  ample opportunities to obtain. Responding party objects to this discovery request to the extent

20  that it seeks information that is privileged under the attorney-client privilege, the attorney-work

21  product rule, or any other applicable privilege, or constitute trade secrets and other private

22  information not subject to disclosure. Responding party objects on the ground that responses

23  regarding this issue have been previously given in the pending state proceeding, Case No. C07-

24  02573. Responding Party objects to this discovery request on the ground that compliance will

25  unfairly reveal trade secrets or other confidential information. Without waiving said or any

26  other objections, Tonytail produces the following documents:

27      1.   000190 - Letter to Rite Aid January 24, 2006

28      2.   000191 - Letter from L&N/Scunci April 10, 2003

3.  000189 - Letter from L&N/Scunci October 30, 2003

**Production Request No. 33**:

All documents concerning the allegations in the Complaint that Defendants have allegedly violated Tonytail's intellectual property rights, including but not limited to any documents or other evidence supporting Tonytail's allegations that Defendants have sold allegedly infringing products, have offered for sale allegedly infringing products, and the basis for same.

**Response to Production Request No. 33**:

Objection. Responding Party objects to this discovery request to the extent it is premature or seeks expert discovery. Responding Party has not completed its investigation of the facts relating to this cause of action, discovery and preparation for trial, and therefore reserves the right to further supplement and/or amend its response to conform to proof. Responding party objects to this discovery request on the ground that Defendant fails to designate requested documents with reasonable particularity. Defendant's request is vague and ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place. Responding party objects to this discovery request to the extent that it seeks information, which has previously been given through disclosures and pleadings, related to this litigation and/or in the pending state proceeding, Case No. C07-02 and Plaintiff's Patent Disclosures.

**Production Request No. 34**:

All documents concerning the use of the Tonytail trademarks-in-suit, including without limitation, Tonytail's first and current use of the trademarks-in-suit.

**Response to Production Request No. 34**:

Objection. Responding party objects to this discovery request to the extent that it seeks information that is privileged under the attorney-client privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade secrets and other private information not subject to disclosure. Responding Party objects to this discovery request on the ground that

1  compliance will unfairly reveal trade secrets or other confidential information. Responding

2  Party objects to this discovery request to the extent it seeks information which is unreasonably

3  cumulative and duplicative, obtainable from another source that is more convenient, less

4  burdensome, or less expensive, or that the propounding party had ample opportunities to

5  obtain. Responding party objects to this discovery request on the ground that Defendant fails to

6  designate requested documents with reasonable particularity. Defendant's request is vague and

7  ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

8      **Production Request No. 35**:

9      All documents sufficient to establish the annual dollar amount of sales of each of the

10  Tonytail Products manufactured, sold or distributed by you or your licensees.

11      **Response to Production Request No. 35:**

12      Objection. Responding Party objects to this discovery request regarding "EACH of the

13  Tonytail Products" on the ground that it is vague and ambiguous, unduly burdensome,

14  overbroad and/or and unintelligible as to time and place. Responding party objects to this

15  discovery request on the ground that Defendant fails to designate requested documents with

16  reasonable particularity. Responding party objects to this request on the grounds that it seeks

17  information that is neither relevant nor reasonably calculated to lead to the discovery of

18  admissible evidence. Responding party objects to this discovery request to the extent that it

19  seeks information that is privileged under the attorney-client privilege, the attorney-work

20  product rule, or any other applicable privilege, or constitute trade secrets and other private

21  information not subject to disclosure. Responding party objects to this discovery request to the

22  extent that it seeks information that is neither relevant to the subject matter of, nor within the

23  time period relevant to, these proceedings, nor reasonably calculated to lead to the discovery of

24  admissible evidence.

25      **Production Request No. 36**:

26      All documents sufficient to establish the costs of manufacturing each of the Tonytail

27  Products manufactured, sold or distributed by you or your licensees.

28      **Response to Production Request No. 36:**

1    Objection. Responding Party objects to this discovery request regarding "EACH of the

2    Tonytail Products" on the ground that it is vague and ambiguous, unduly burdensome,

3    overbroad and/or and unintelligible as to time and place. Defendant fails to designate requested

4    documents with reasonable particularity. Responding party objects to this request on the

5    grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the

6    discovery of admissible evidence. Responding party objects to this discovery request to the

7    extent that it seeks information that is privileged under the attorney-client privilege, the

8    attorney-work product rule, or any other applicable privilege, or constitute trade secrets and

9    other private information not subject to disclosure.

10    **Production Request No. 37**:

11    Documents sufficient to establish the pricing of each of the Tonytail Products

12    manufactured, sold or distributed by you or your licensees.

13    **Response to Production Request No. 37:**

14    Objection. Responding Party objects to this discovery request regarding "EACH of the

15    Tonytail Products" on the ground that it is vague and ambiguous, unduly burdensome,

16    overbroad and/or and unintelligible as to time and place. Responding Party objects to this

17    discovery request on the ground that Defendant fails to designate requested documents with

18    reasonable particularity. Responding party objects to this request on the grounds that it seeks

19    information that is neither relevant nor reasonably calculated to lead to the discovery of

20    admissible evidence. Responding party objects to this discovery request to the extent that it

21    seeks information that is privileged under the attorney-client privilege, the attorney-work

22    product rule, or any other applicable privilege, or constitute trade secrets and other private

23    information not subject to disclosure. Responding Party objects to this discovery request to the

24    extent it seeks information which is unreasonably cumulative and duplicative, obtainable from

25    another source that is more convenient, less burdensome, or less expensive, or that the

26    propounding party had ample opportunities to obtain. Without waiving said or any other

27    objections, Tonytail produces the following documents:

28    1.    000152-000169 – Product List

1

2

3

4    **Production Request No. 38**:

5        Documents sufficient to establish the costs, gross profit, the net profit or the return on

6    investment achieved or projected to be achieved for each of the Tonytail Products

7    manufactured, sold or distributed by you or your licensees.

8        **Response to Production Request No. 38:**

9        Objection. Responding Party objects to this discovery request regarding "EACH of the

10   Tonytail Products" on the ground that it is vague and ambiguous, unduly burdensome,

11   overbroad and/or and unintelligible as to time and place. Responding Party objects to this

12   discovery request on the ground that compliance will unfairly reveal trade secrets or other

13   confidential information. Responding party objects to this discovery request to the extent that it

14   seeks information that is privileged under the attorney-client privilege, the attorney-work

15   product rule, or any other applicable privilege, or constitute trade secrets and other private

16   information not subject to disclosure. Without waiving said or any other objections, Tonytail

17   produces the following documents:

18       1.   000190 - Letter to Rite Aid January 24, 2006

19       2.   000191 - Letter from L&N/Scunci April 10, 2003

20       3.   000189 - Letter from L&N/Scunci October 30, 2003

21   **Production Request No. 39**:

22       Documents sufficient to establish the annual costs of advertising and promoting each of

23   the Tonytail Products.

24   **Response to Production Request No. 39:**

25       Objection. Responding Party objects to this discovery request to the extent it is

26   premature or seeks expert discovery. Responding Party has not completed its investigation of

27   the facts relating to this cause of action, discovery and preparation for trial, and therefore

28   reserves the right to further supplement and/or amend its response to conform to proof.

*Matlock Law Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1   Responding party objects to this discovery request to the extent that it seeks information that is
2   neither relevant to the subject matter of, nor within the time period relevant to, these
3   proceedings, nor reasonably calculated to lead to the discovery of admissible evidence.
4   Responding party objects to this discovery request to the extent that it seeks information, which
5   has previously been given through disclosures and pleadings, related to this litigation.
6   Responding Party objects to this discovery request regarding "EACH of the Tonytail Products"
7   on the ground that it is vague and ambiguous, unduly burdensome, overbroad and/or and
8   unintelligible as to time and place. Responding Party objects to this discovery request on the
9   ground that compliance will unfairly reveal trade secrets or other confidential information.
10  Responding party objects to this discovery request to the extent that it seeks information that is
11  privileged under the attorney-client privilege, the attorney-work product rule, or any other
12  applicable privilege, or constitute trade secrets and other private information not subject to
13  disclosure.

14          **Production Request No. 40**:

15          Documents sufficient to establish the annual costs of advertising and promoting the
16  Tonytail trademarks-in-suit.

17          **Response to Production Request No. 40:**

18          Objection. Responding Party objects to this discovery request to the extent it is
19  premature or seeks expert discovery. Responding Party has not completed its investigation of
20  the facts relating to this cause of action, discovery and preparation for trial, and therefore
21  reserves the right to further supplement and/or amend its response to conform to proof.
22  Responding party objects to this discovery request to the extent that it seeks information that is
23  neither relevant to the subject matter of, nor within the time period relevant to, these
24  proceedings, nor reasonably calculated to lead to the discovery of admissible evidence.
25  Responding party objects to this discovery request to the extent that it seeks information, which
26  has previously been given through disclosures and pleadings, related to this litigation.
27  Responding Party objects to this discovery request regarding "EACH of the Tonytail Products"
28  on the ground that it is vague and ambiguous, unduly burdensome, overbroad and/or and

1    unintelligible as to time and place. Responding Party objects to this discovery request on the

2    ground that compliance will unfairly reveal trade secrets or other confidential information.

3    Responding party objects to this discovery request to the extent that it seeks information that is

4    privileged under the attorney-client privilege, the attorney-work product rule, or any other

5    applicable privilege, or constitute trade secrets and other private information not subject to

6    disclosure.

7    **Production Request No. 41**:

8         All documents concerning the estimates or projections of sales (in units or in dollars),

9    costs, gross profit, net profit or return investment to be achieved for each of the Tonytail

10    Products manufactured, sold or distributed by you or your licensees.

11    **Response to Production Request No. 41**:

12         Objection. Responding party objects to this request on the grounds that "documents

13    concerning [...] EACH of the Tonytail Products" on the ground that Defendant fails to

14    designate requested documents with reasonable particularity. Defendant's request is vague and

15    ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

16    Responding Party objects to this discovery request to the extent it is premature or seeks expert

17    discovery. Responding Party has not completed its investigation of the facts relating to this

18    cause of action, discovery and preparation for trial, and therefore reserves the right to further

19    supplement and/or amend its response to conform to proof. Responding party objects to this

20    discovery request to the extent that it seeks information that is neither relevant to the subject

21    matter of, nor within the time period relevant to, these proceedings, nor reasonably calculated

22    to lead to the discovery of admissible evidence. Responding party objects to this discovery

23    request to the extent that it seeks information, which has previously been given through

24    disclosures and pleadings, related to this litigation. Responding Party objects to this discovery

25    request on the ground that compliance will unfairly reveal trade secrets or other confidential

26    information. Responding party objects to this discovery request to the extent that it seeks

27    information that is privileged under the attorney-client privilege, the attorney-work product

28

1  rule, or any other applicable privilege, or constitute trade secrets and other private information

2  not subject to disclosure.

3  **Production Request No. 42**:

4     All documents concerning the distribution of the Tonytail Products.

5  **Response to Production Request No. 42**:

6     Objection. Responding Party objects to this discovery request regarding "[ALL] of the

7  Tonytail Products" on the ground that it is vague and ambiguous, unduly burdensome,

8  overbroad and/or and unintelligible as to time and place. Responding Party objects to this

9  discovery request on the ground that Defendant fails to designate requested documents with

10  reasonable particularity. Responding party objects to this request on the grounds that it seeks

11  information that is neither relevant nor reasonably calculated to lead to the discovery of

12  admissible evidence. Responding party objects to this discovery request to the extent that it

13  seeks information that is privileged under the attorney-client privilege, the attorney-work

14  product rule, or any other applicable privilege, or constitute trade secrets and other private

15  information not subject to disclosure. Responding Party objects to this discovery request to the

16  extent it seeks information which is unreasonably cumulative and duplicative, obtainable from

17  another source that is more convenient, less burdensome, or less expensive, or that the

18  propounding party had ample opportunities to obtain. Without waiving said or any other

19  objections, Tonytail produces the following documents:

20     1.    000190 - Letter to Rite Aid January 24, 2006

21     2.    000191 - Letter from L&N/Scunci April 10, 2003

22     3.    000189 - Letter from L&N/Scunci October 30, 2003

23  **Production Request No. 43**:

24     All documents concerning any license, settlement, agreement or covenant not to sue,

25  written or oral, und which Tonytail granted or received any rights concerning the trademarks-

26  in-suit, patents-in-suit, trade-dress-in-suit or other intellectual property Tonytail alleges has

27  been infringed by Defendants in the instant lawsuit.

28  **Response to Production Request No. 43**:

1     Objection. Responding Party objects to this discovery request to the extent it is

2  premature or seeks expert discovery. Responding Party has not completed its investigation of

3  the facts relating to this cause of action, discovery and preparation for trial, and therefore

4  reserves the right to further supplement and/or amend its response to conform to proof.

5  Responding party objects to this discovery request on the ground that Defendant fails to

6  designate requested documents with reasonable particularity. Defendant's request is vague and

7  ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

8  Responding party objects to this discovery request to the extent that it seeks information that is

9  neither relevant to the subject matter of, nor within the time period relevant to, these

10  proceedings, nor reasonably calculated to lead to the discovery of admissible evidence.

11  Responding party objects to this discovery request to the extent that it seeks information that is

12  privileged under the attorney-client privilege, the attorney-work product rule, or any other

13  applicable privilege, or constitute trade secrets and other private information not subject to

14  disclosure. Responding Party objects to this discovery request to the extent it seeks information

15  which is unreasonably cumulative and duplicative, obtainable from another source that is more

16  convenient, less burdensome, or less expensive, or that the propounding party had ample

17  opportunities to obtain. Responding party objects on the ground that responses regarding this

18  issue have been previously given in the pending state proceeding, Case No. C07-02573.

19     **Production Request No. 44**:

20     All documents concerning any report, identification, investigation or action involving

21  any trademark or trade name of any other party based on any similarity or perceived similarly

22  to the Tonytail trademarks-in-suit.

23     **Response to Production Request No. 44:**

24     Objection. Compound question, this request includes actually four requests for

25  production (regarding Conair, Scunci, Rite Aid and L&N). Responding Party objects to this

26  discovery request to the extent it is premature or seeks expert discovery. Responding Party has

27  not completed its investigation of the facts relating to this cause of action, discovery and

28  preparation for trial, and therefore reserves the right to further supplement and/or amend its

1   response to conform to proof. Responding party objects to this discovery request on the ground

2   that Defendant fails to designate requested documents with reasonable particularity.

3   Defendant's request is vague and ambiguous, unduly burdensome, overbroad and/or and

4   unintelligible as to time and place. Responding party objects to this discovery request to the

5   extent that it seeks information that is privileged under the attorney-client privilege, the

6   attorney-work product rule, or any other applicable privilege, or constitute trade secrets and

7   other private information not subject to disclosure. Responding Party objects to this discovery

8   request to the extent it seeks information which is unreasonably cumulative and duplicative,

9   obtainable from another source that is more convenient, less burdensome, or less expensive, or

10  that the propounding party had ample opportunities to obtain. Responding Party objects to this

11  discovery request to the extent it is overbroad, vague, ambiguous and unintelligible as to time

12  and place. Responding party further objects to this discovery request to the extent that it seeks

13  information that is neither relevant to the subject matter of, nor within the time period relevant

14  to, these proceedings, nor reasonably calculated to lead to the discovery of admissible

15  evidence. Without waiving said or any other objections, Tonytail produces the following

16  documents:

17          1.   000173 – Picture of Scunci Product

18          2.   000174-000181 -- Pictures of Products in Store

19  **Production Request No. 45**:

20          All documents concerning any planned or actual litigation, other legal proceeding or

21  other enforcement action (other than the instant case, but including any planned or actual

22  proceeding before the U.S. Patent and Trademark Office and any planned or actual

23  enforcement action, whether or not including planned or actual litigation), involving the

24  Tonytail trademarks-in-suit and patents-in-suit, including but not limited to copies of all

25  memoranda, communications, submissions, pleadings and discovery requests for documents

26  and responses in each litigation/proceeding, and any agreements in settlement or other

27  resolution of such litigation/proceeding/enforcement action.

28  **Response to Production Request No. 45:**

1    Objection. Compound question, this request includes actually at least two requests for

2    production (regarding trademarks-in-suit and patents-in-suit). Responding Party objects to this

3    discovery request to the extent it is premature or seeks expert discovery. Responding Party has

4    not completed its investigation of the facts relating to this cause of action, discovery and

5    preparation for trial, and therefore reserves the right to further supplement and/or amend its

6    response to conform to proof. Responding party objects to this discovery request on the ground

7    that it seeks information that is privileged under the attorney-client privilege, the attorney-work

8    product rule, or any other applicable privilege, or constitute trade secrets and other private

9    information not subject to disclosure. Responding Party objects to this discovery request to the

10   extent it seeks information which is unreasonably cumulative and duplicative, obtainable from

11   another source that is more convenient, less burdensome, or less expensive, or that the

12   propounding party had ample opportunities to obtain. Responding party objects to this

13   discovery request to the extent that it seeks information, which has previously been given

14   through disclosures and pleadings, related to this litigation in Plaintiff's Patent Disclosures

15   **Production Request No. 46**:

16   All documents in Tonytail's possession, custody or control concerning any Accused

17   Product.

18   **Response to Production Request No. 46:**

19   Objection. Responding Party objects to this discovery request to the extent it is

20   premature or seeks expert discovery. Responding Party has not completed its investigation of

21   the facts relating to this cause of action, discovery and preparation for trial, and therefore

22   reserves the right to further supplement and/or amend its response to conform to proof.

23   Responding party objects to this discovery request on the ground that Defendant fails to

24   designate requested documents with reasonable particularity. Responding Party objects to this

25   discovery request on the ground that it is overbroad, vague, ambiguous and unintelligible as to

26   time and place. Responding Party objects to this discovery request on the ground that

27   compliance will unfairly reveal trade secrets or other confidential information. Responding

28   Party objects to this discovery request to the extent it seeks information which is unreasonably

*Matlock Law Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1    cumulative and duplicative, obtainable from another source that is more convenient, less

2    burdensome, or less expensive, or that the propounding party had ample opportunities to

3    obtain. Responding party objects on the ground that responses regarding this issue have been

4    previously given in Plaintiff's Patent Disclosure and in the pending state proceeding, Case No.

5    C07-02573.

6        **Production Request No. 47:**

7        All documents concerning any alleged infringement of the trademarks-in-suit by

8    Defendants, including, without limitation, studies, analysis or surveys relating to any alleged

9    infringement.

10       **Response to Production Request No. 47:**

11       Objection. Compound question, this request includes actually four requests for

12   production (regarding Conair, Scunci, Rite Aid and L&N). Responding Party objects to this

13   discovery request on the ground that it is premature or seeks expert discovery. Responding

14   Party has not completed its investigation of the facts relating to this cause of action, discovery

15   and preparation for trial, and therefore reserves the right to further supplement and/or amend its

16   response to conform to proof. Responding party objects to this discovery request on the ground

17   that it seeks information that is privileged under the attorney-client privilege, the attorney-work

18   product rule, or any other applicable privilege, or constitute trade secrets and other private

19   information not subject to disclosure. Responding Party objects to this discovery request to the

20   extent it is overbroad, vague, ambiguous and unintelligible as to time and place. Responding

21   Party objects to this discovery request on the ground that compliance will unfairly reveal trade

22   secrets or other confidential information.

23       **Production Request No. 48:**

24       All documents concerning any communication between Tonytail and/or Mia Minnelli

25   and any other party concerning any alleged infringement of the trademarks-in-suit, patents-in-

26   suit, trade-dress-in-suit or other intellectual property Tonytail contends was infringed by

27   Defendants in the instant lawsuit.

28       **Response to Production Request No. 48:**

1    Objection. Compound question, this request includes actually four requests for
2    production (regarding Conair, Scunci, Rite Aid and L&N). Responding party objects to this
3    discovery request on the ground that Defendant fails to designate requested documents with
4    reasonable particularity. Responding Party objects to this discovery request on the ground that
5    it is overbroad, vague, ambiguous and unintelligible as to the type of intellectual property and
6    as to time and place. Responding Party objects to this discovery request on the ground that
7    compliance will unfairly reveal trade secrets or other confidential information. Responding
8    Party objects to this discovery request to the extent it seeks information which is unreasonably
9    cumulative and duplicative, obtainable from another source that is more convenient, less
10   burdensome, or less expensive, or that the propounding party had ample opportunities to
11   obtain. Responding party objects on the ground that responses regarding this issue have been
12   previously given in the pending state proceeding, Case No. C07-02573. Without waiving said
13   or any other objections, Tonytail produces the following documents:
14       1.    000192 - DrinkerBiddle&Reath, LLP
15       2.    000193-000195 - Letter May 30, 2002
16   **Production Request No. 49**:
17       All documents concerning any effort by Tonytail and/or Mia Minnelli to protect any
18   rights in the trademarks-in-suit.
19   **Response to Production Request No. 49**:
20       Objection. Responding Party objects to this discovery request to the extent it is
21   premature or seeks expert discovery. Responding Party has not completed its investigation of
22   the facts relating to this cause of action, discovery and preparation for trial, and therefore
23   reserves the right to further supplement and/or amend its response to conform to proof.
24   Responding party objects to this discovery request on the ground that Defendant fails to
25   designate requested documents with reasonable particularity. Defendant's request is vague and
26   ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.
27   Responding party objects to this discovery request to the extent that it seeks information, which
28   has previously been given through disclosures and pleadings, related to this litigation or in the

1  pending state proceeding, Case No. C07-02573 . Without waiving said or any other objections,

2  Tonytail produces the following documents:

3      1.   000191 - Letter from L&N/Scunci April 10, 2003

4      2.   000189 - Letter from L&N/Scunci October 30, 2003

5      **Production Request No. 50**:

6      All documents concerning Tonytail's policies, practices, policing and enforcing of its

7  intellectual property rights, including any of its trademarks.

8      **Response to Production Request No. 50:**

9      Objection. Responding party objects to this discovery request to the extent that it seeks

10  information that is privileged under the attorney-client privilege, the attorney-work product

11  rule, or any other applicable privilege, or constitute trade secrets and other private information

12  not subject to disclosure. Responding party objects to these discovery requests to the extent

13  that they seek information, which has previously been given through disclosures and pleadings,

14  related to this litigation. Responding party objects to this discovery request to the extent that it

15  seeks information that is neither relevant to the subject matter of, nor within the time period

16  relevant to, these proceedings, nor reasonably calculated to lead to the discovery of admissible

17  evidence. Responding Party objects to this discovery request on the ground that compliance

18  will unfairly reveal trade secrets or other confidential information. Without waiving said or any

19  other objections, Tonytail produces the following documents:

20      1.   000152-000169 – Product list

21      **Production Request No. 51**:

22      To the extent not otherwise produced in response to another document request herein,

23  all document in Tonytail's possession, custody, or control concerning Defendants.

24      **Response to Production Request No. 51:**

25      Objection. Compound question, this request includes actually four requests for

26  production (regarding Conair, Scunci, Rite Aid and L&N). Responding Party objects to this

27  discovery request to the extent that it is premature or seeks expert discovery. Responding Party

28  has not completed its investigation of the facts relating to this cause of action, discovery and

1    preparation for trial, and therefore reserves the right to further supplement and/or amend its

2    response to conform to proof. Responding party objects to this discovery request on the ground

3    that Defendant fails to designate requested documents with reasonable particularity.

4    Defendant's request is vague and ambiguous, unduly burdensome, overbroad and unintelligible

5    as to time and place. Responding party further objects to this request on the grounds that it

6    seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

7    admissible evidence. Responding party objects to this discovery request to the extent that it

8    seeks information, which has previously been given through disclosures and pleadings, related

9    to this litigation or in the pending state proceeding, Case No. C07-02573. Responding party

10   objects to this discovery request to the extent that it seeks information that is privileged under

11   the attorney-client privilege, the attorney-work product rule, or any other applicable privilege,

12   or constitute trade secrets and other private information not subject to disclosure.

13        **Production Request No. 52**:

14        All documents concerning any alleged damage or injury suffered by Tonytail as a result

15   of any alleged infringement by Defendants.

16        **Response to Production Request No. 52:**

17        Objection. Objections and responses regarding this issue have been given already.

18        See Response Number 17.

19        **Production Request No. 53**:

20        All documents concerning any study or analysis of any product that competes with the

21   Tonytail Products.

22        **Response to Production Request No. 53:**

23        Objection. Responding Party objects to this discovery request to the extent it is

24   premature or seeks expert discovery. Responding Party has not completed its investigation of

25   the facts relating to this cause of action, discovery and preparation for trial, and therefore

26   reserves the right to further supplement and/or amend its response to conform to proof.

27   Responding party objects to this discovery request on the ground that it seeks information that

28   is privileged under the attorney-client privilege, the attorney-work product rule, or any other

1    applicable privilege, or constitute trade secrets and other private information not subject to

2    disclosure. Without waiving said or any other objections, Tonytail produces the following

3    documents:

4        1.    000173 – Picture of Scunci product

5        2.    000193-195 – Letter to L&N, May 30, 2002

6    **Production Request No. 54**:

7        All documents concerning any statements or opinions obtained by you or your attorney

8    related in any way to the issues of this case.

9    **Response to Production Request No. 54:**

10        Objection. Compound question, this request includes actually nine requests for

11    production (regarding at least nine issues, the nine different causes of action). Responding

12    Party objects to this discovery request to the extent it is premature or seeks expert discovery.

13    Responding Party has not completed its investigation of the facts relating to this cause of

14    action, discovery and preparation for trial, and therefore reserves the right to further

15    supplement and/or amend its response to conform to proof. Responding Party objects to this

16    discovery request to the extent it is overbroad, vague, ambiguous and unintelligible as to time

17    and place. Responding party objects to this discovery request on the ground that it seeks

18    information that is privileged under the attorney-client privilege, the attorney-work product

19    rule, or any other applicable privilege, or constitute trade secrets and other private information

20    not subject to disclosure.

21    **Production Request No. 55**:

22        All documents concerning or supporting the allegations in Tonytail's Complaint.

23    **Response to Production Request No. 55:**

24        Objection. Compound question, this request includes actually at least 15 requests for

25    production (regarding at least the fifteen paragraphs stating allegations in the section "Facts

26    Common to All Causes of Action). Responding Party objects to this discovery request to the

27    extent it is overbroad, vague, ambiguous and unintelligible. Responding Party objects to this

28    discovery request to the extent it is premature or seeks expert discovery. Responding Party has

*Matlock Law Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1  not completed its investigation of the facts relating to this cause of action, discovery and

2  preparation for trial, and therefore reserves the right to further supplement and/or amend its

3  response to conform to proof. Responding party objects to this discovery request on the ground

4  that it seeks information that is privileged under the attorney-client privilege, the attorney-work

5  product rule, or any other applicable privilege, or constitute trade secrets and other private

6  information not subject to disclosure. Without waiving said or any other objections, Tonytail

7  produces the following documents:

8      1.  000174-000181 – Pictures of products in store

9      2.  000172 – picture of Tonytailer

10     3.  000173 – picture of Scunci product

11  **Production Request No. 56**:

12     All documents concerning any industry, trade or consumer testimony or statements

13  about the trademarks-in-suit, patents-in-suit or trade-dress-in-suit.

14  **Response to Production Request No. 56:**

15     Objection. Responding Party objects to this discovery request to the extent it is

16  premature or seeks expert discovery. Responding Party has not completed its investigation of

17  the facts relating to this cause of action, discovery and preparation for trial, and therefore

18  reserves the right to further supplement and/or amend its response to conform to proof.

19  Responding party objects to this discovery request on the ground that Defendant fails to

20  designate requested documents with reasonable particularity. Defendant's request is vague and

21  ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

22  Responding Party objects to this discovery request to the extent it seeks information which is

23  unreasonably cumulative and duplicative, obtainable from another source that is more

24  convenient, less burdensome, or less expensive, or that the propounding party had ample

25  opportunities to obtain. Responding party objects to this discovery request to the extent that it

26  seeks information that is privileged under the attorney-client privilege, the attorney-work

27  product rule, or any other applicable privilege, or constitute trade secrets and other private

28  information not subject to disclosure. Responding Party objects to this discovery request on the

1  ground that compliance will unfairly reveal trade secrets or other confidential information.

2  Responding party objects to this discovery request to the extent that it seeks information that is

3  neither relevant to the subject matter of, nor within the time period relevant to, these

4  proceedings, nor reasonably calculated to lead to the discovery of admissible evidence.

5  **Production Request No. 57**:

6  All documents concerning any surveys about the trademarks-in-suit.

7  **Response to Production Request No. 57:**

8  Objection. Responding Party objects to this discovery request to the extent it is premature or

9  seeks expert discovery. Responding Party has not completed its investigation of the facts

10  relating to this cause of action, discovery and preparation for trial, and therefore reserves the

11  right to further supplement and/or amend its response to conform to proof. Responding party

12  objects to this discovery request on the ground that Defendant fails to designate requested

13  documents with reasonable particularity. Defendant's request is vague and ambiguous, unduly

14  burdensome, overbroad and/or and unintelligible as to time and place. Responding party

15  objects to this discovery request to the extent that it seeks information that is privileged under

16  the attorney-client privilege, the attorney-work product rule, or any other applicable privilege,

17  or constitute trade secrets and other private information not subject to disclosure. Responding

18  party objects to this discovery request to the extent that it seeks information that is neither

19  relevant to the subject matter of, nor within the time period relevant to, these proceedings, nor

20  reasonably calculated to lead to the discovery of admissible evidence. Responding Party

21  objects to this discovery request on the ground that compliance will unfairly reveal trade

22  secrets or other confidential information.

23  **Production Request No. 58**:

24  All documents concerning any actual or likelihood of confusion with respect to the

25  Tonytail Products and the Accused Products, including, without limitations, testimony,

26  affidavits, statements, publications and surveys.

27  **Response to Production Request No. 58:**

28

1    Objection. Responding Party objects to this discovery request to the extent it is

2    premature or seeks expert discovery. Responding Party has not completed its investigation of

3    the facts relating to this cause of action, discovery and preparation for trial, and therefore

4    reserves the right to further supplement and/or amend its response to conform to proof.

5    Responding party objects to this discovery request on the ground that Defendant fails to

6    designate requested documents with reasonable particularity. Defendant's request is vague and

7    ambiguous, unduly burdensome, overbroad and/or and unintelligible. Responding Party objects

8    to this discovery request to the extent it seeks information which is unreasonably cumulative

9    and duplicative, obtainable from another source that is more convenient, less burdensome, or

10    less expensive, or that the propounding party had ample opportunities to obtain. Responding

11    Party objects to this discovery request to the extent it is premature. Responding Party has not

12    completed its investigation of the facts relating to this cause of action, discovery and

13    preparation for trial, and therefore reserves the right to further supplement and/or amend its

14    response to conform to proof. Responding party objects to this discovery request to the extent

15    that it seeks information that is privileged under the attorney-client privilege, the attorney-work

16    product rule, or any other applicable privilege, or constitute trade secrets and other private

17    information not subject to disclosure.

18    **Production Request No. 59**:

19    The curriculum vitae of any expert who will testify on your behalf in this case.

20    **Response to Production Request No. 59:**

21    Objection. Responding Party objects to this discovery request on the ground that it is

22    premature. Responding party objects to this request on the ground that this request is for fact

23    discovery, expert discovery will be conducted pursuant to F.R.C.P. 26(2) and has to be

24    accompanied by a written report prepared and signed by the witness. See F.R.C.P. 26(2)(B).

25    Responding party objects to this discovery request to the extent that it seeks information that is

26    privileged under the attorney-client privilege, the attorney-work product rule, or any other

27    applicable privilege, or constitute trade secrets and other private information not subject to

28    disclosure.

1      **Production Request No. 60**:

2          All documents provided to, created or relied upon by an expert who will testify on your

3      behalf in this case.

4      **Response to Production Request No. 60**:

5          Objection. Responding Party objects to this discovery request on the ground that it is

6      premature. Responding party objects to this request on the ground that this request is for fact

7      discovery, expert discovery will be conducted pursuant to F.R.C.P. 26(2) and has not been

8      completed yet. Responding party objects to this discovery request to the extent that it seeks

9      information that is privileged under the attorney-client privilege, the attorney-work product

10     rule, or any other applicable privilege, or constitute trade secrets and other private information

11     not subject to disclosure.

12     **Production Request No. 61**:

13         All documents concerning Tonytail's document retention or document destruction

14     policies, whether formal or informal.

15     **Response to Production Request No. 61**:

16         Objection. Responding party objects to this discovery request to the extent that it seeks

17     information that is neither relevant to the subject matter of, nor within the time period relevant

18     to, these proceedings, nor reasonably calculated to lead to the discovery of admissible

19     evidence. Responding party objects to this discovery request on the ground that Defendant fails

20     to designate requested documents with reasonable particularity. Defendant's request is vague

21     and ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

22     **Production Request No. 62**:

23         All documents and things that support, refute or otherwise relate to your contention that

24     the accused products "include[ ] ornamental features that would induce a consumer to purchase

25     Defendant's products believing them to be Plaintiff's patented design," (Complaint ¶ 22).

26     **Response to Production Request No. 62**:

27         Objection. Responding Party objects to this discovery request to the extent it is

28     premature or seeks expert discovery. Responding Party has not completed its investigation of

*Matlock Law*
*Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1  the facts relating to this cause of action, discovery and preparation for trial, and therefore

2  reserves the right to further supplement and/or amend its response to conform to proof.

3  Responding party objects to this discovery request to the extent that it seeks information that is

4  privileged under the attorney-client privilege, the attorney-work product rule, or any other

5  applicable privilege, or constitute trade secrets and other private information not subject to

6  disclosure. Responding Party objects to this discovery request to the extent it is premature.

7  Responding Party has not completed its investigation of the facts relating to this cause of

8  action, discovery and preparation for trial, and therefore reserves the right to further

9  supplement and/or amend its response to conform to proof. Responding party objects to this

10  discovery request on the ground that Defendant fails to designate requested documents with

11  reasonable particularity. Defendant's request is vague and ambiguous, unduly burdensome,

12  overbroad and/or and unintelligible as to time and place. Without waiving said or any other

13  objections, Tonytail produces the following documents:

14        1.  000174-000181 – Pictures of products in store

15        2.  000172 – picture of Tonytailer

16        3.  000173 – picture of Scunci product

17  **Production Request No. 63**:

18        All documents and things that support, refute or otherwise relate to you contention that

19  "Conair/Scunci influenced other potential commercial customers to abandon their negotiations

20  with Tonytail. Conair/Scunci knowingly and intentionally influenced buyers to sell defendants'

21  infringing products and also not do business with Plaintiff in order to preserve Defendant's

22  predominance in these retail stores." (Complaint ¶ 26).

23  **Response to Production Request No. 63**:

24        Objection. Responding Party objects to this discovery request to the extent it is

25  premature or seeks expert discovery. Responding Party has not completed its investigation of

26  the facts relating to this cause of action, discovery and preparation for trial, and therefore

27  reserves the right to further supplement and/or amend its response to conform to proof.

28  Responding party objects to this discovery request to the extent that it seeks information, which

1  has previously been given through disclosures and pleadings, related to this litigation or in the

2  pending state proceeding, Case No. C07-02573. Responding party objects to this discovery

3  request to the extent that it seeks information that is privileged under the attorney-client

4  privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade

5  secrets and other private information not subject to disclosure.

6  **Production Request No. 64**:

7      All documents and things that support, refute or otherwise related to your contention

8  that "Defendant knew or should have known that retailers would reject Tonytail's competing

9  product," (Complaint ¶ 26).

10  **Response to Production Request No. 64**:

11      Objection. Responding Party objects to this discovery request to the extent it is

12  premature or seeks expert discovery. Responding Party has not completed its investigation of

13  the facts relating to this cause of action, discovery and preparation for trial, and therefore

14  reserves the right to further supplement and/or amend its response to conform to proof.

15  Responding party objects to this discovery request to the extent that it seeks information, which

16  has previously been given through disclosures and pleadings, related to this litigation or in the

17  pending state proceeding, Case No. C07-02573. Responding party objects to this discovery

18  request to the extent that it seeks information that is privileged under the attorney-client

19  privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade

20  secrets and other private information not subject to disclosure. Responding Party objects to this

21  discovery request to the extent it seeks information which is unreasonably cumulative and

22  duplicative, obtainable from another source that is more convenient, less burdensome, or less

23  expensive, or that the propounding party had ample opportunities to obtain.

24  **Production Request No. 65**:

25      All documents and things that support, refute or otherwise relate to your contention

26  that, following the conduct described in ¶ 26 of the Complaint, "At meetings with multiple

27  potential customers Tonytail was then, in fact, turned down," (Complaint, ¶ 26).

28  **Response to Production Request No. 65**:

1    Objection. Responding Party objects to this discovery request to the extent it is

2   premature or seeks expert discovery. Responding Party has not completed its investigation of

3   the facts relating to this cause of action, discovery and preparation for trial, and therefore

4   reserves the right to further supplement and/or amend its response to conform to proof.

5   Responding party objects to this discovery request to the extent that it seeks information, which

6   has previously been given through disclosures and pleadings, related to this litigation or in the

7   pending state proceeding, Case No. C07-02573. Responding party objects to this discovery

8   request to the extent that it seeks information that is privileged under the attorney-client

9   privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade

10  secrets and other private information not subject to disclosure. Responding Party objects to this

11  discovery request to the extent it seeks information which is unreasonably cumulative and

12  duplicative, obtainable from another source that is more convenient, less burdensome, or less

13  expensive, or that the propounding party had ample opportunities to obtain.

14  **Production Request No. 66**:

15  All documents and things that support, refute or otherwise relate to your contention that

16  Defendants had notice of the '693 Patent.

17  **Response to Production Request No. 66**:

18  Objection. Responding Party objects to this discovery request to the extent it is

19  premature or seeks expert discovery. Responding Party has not completed its investigation of

20  the facts relating to this cause of action, discovery and preparation for trial, and therefore

21  reserves the right to further supplement and/or amend its response to conform to proof.

22  Responding party objects to this discovery request to the extent that it seeks information, which

23  has previously been given through disclosures and pleadings, related to this litigation and in

24  Plaintiff's Patent Disclosures. Without waiving said or any other objections, Tonytail produces

25  the following documents:

26  1.   000182 - 000183 – USPTO Database D413,693

27  **Production Request No. 67**:

28

1    All documents and things that support, refute or otherwise relate to your contention that
2    Defendants were aware of the '693 Patent's "direct application to the Scunci Ponytailer
3    infringing product line," and Defendants' alleged failure "to comply with the duty of care to
4    avoid infringement," (Complaint, ¶ 30).

5    **Response to Production Request No. 67:**

6    Objection. Compound question, this request includes actually four requests for
7    production (regarding Conair's awareness of infringement and failure to comply). Responding
8    Party objects to this discovery request to the extent it is premature or seeks expert discovery.
9    Responding Party has not completed its investigation of the facts relating to this cause of
10    action, discovery and preparation for trial, and therefore reserves the right to further
11    supplement and/or amend its response to conform to proof.  Responding party objects to this
12    discovery request to the extent that it seeks information, which has previously been given
13    through disclosures and pleadings, related to this litigation and in Plaintiff's Patent
14    Disclosures. Responding party objects to this discovery request to the extent that it seeks
15    information that is privileged under the attorney-client privilege, the attorney-work product
16    rule, or any other applicable privilege, or constitute trade secrets and other private information
17    not subject to disclosure.  Responding Party objects to this discovery request to the extent it
18    seeks information which is unreasonably cumulative and duplicative, obtainable from another
19    source that is more convenient, less burdensome, or less expensive, or that the propounding
20    party had ample opportunities to obtain. Without waiving said or any other objections, Tonytail
21    produces the following documents:

22        1.   000184 - 000186 – USPTO Database DD413,693

23    **Production Request No. 68:**

24    All documents and things that support, refute or otherwise relate to your contention that
25    Defendants continue to "willfully, wantonly and deliberately engage in acts of infringement as
26    that term is defined in Title 35 U.S.C. § 281, without regard to the 'D693, and will continue to
27    do so unless otherwise enjoined by this court," (Complaint, ¶ 33)

28    **Response to Production Request No. 68:**

*Matlock Law*
*Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1    Objection. Compound question, this request includes actually two requests for

2  production (regarding infringement and necessity of enjoining Defendants). Responding Party

3  objects to this discovery request to the extent it is premature. Responding Party has not

4  completed its investigation of the facts relating to this cause of action, discovery and

5  preparation for trial, and therefore reserves the right to further supplement and/or amend its

6  response to conform to proof. Responding party objects to this discovery request to the extent

7  that it seeks information, which has previously been given through disclosures and pleadings,

8  related to this litigation or in the pending state proceeding, Case No. C07-02573. Responding

9  party objects to this discovery request to the extent that it seeks information that is privileged

10  under the attorney-client privilege, the attorney-work product rule, or any other applicable

11  privilege, or constitute trade secrets and other private information not subject to disclosure.

12  Without waiving said or any other objections, Tonytail produces the following documents:

13    1.  000174-000181 – Pictures of products in store (after commencement of this

14      litigation)

15    2.  000191 - Letter from L&N/Scunci April 10, 2003

16  **Production Request No. 69**:

17    All documents and things that support, refute or otherwise relate to your contention that

18  "Plaintiff has been and will continue to be damaged by the infringing conduct of Defendants in

19  an amount to be established upon proper proof at trial," (Complaint, ¶ 34).

20  **Response to Production Request No. 69**:

21    Objection. Objections and responses regarding this issue have been given already. See

22  Response Number 17.

23  **Production Request No. 70**:

24    All documents and things that support, refute or otherwise relate to your contention that

25  "Defendants have, since at least early as 2007, used, offered for sale and sold a ponytail holder

26  infringing product covered by the claims of the 'D693 Patent and 35 U.S.C. § 28," (Complaint,

27  ¶35).

28  **Response to Production Request No. 70**:

1    Objection. Responding Party objects to this discovery request on the ground that it is

2    premature or seeks expert discovery. Responding Party has not completed its investigation of

3    the facts relating to this cause of action, discovery and preparation for trial, and therefore

4    reserves the right to further supplement and/or amend its response to conform to proof.

5    Responding party objects to this discovery request on the ground that it seeks information that

6    is privileged under the attorney-client privilege, the attorney-work product rule, or any other

7    applicable privilege, or constitute trade secrets and other private information not subject to

8    disclosure. Responding party objects to this discovery request to the extent that it seeks

9    information, which has previously been given through disclosures and pleadings, related to this

10   litigation, in Plaintiff's Patent Disclosures or in the pending state proceeding, Case No. C07-

11   02573. Without waiving said or any other objections, Tonytail produces the following

12   documents:

13        1.  000174-000181 – Pictures of products in store

14   **Production Request No. 71**:

15        All documents and things that support, refute or otherwise relate to your contention that

16   Defendants' ponytail holder product is "substantially similar in ornamental appearance and

17   misappropriate[es] the 'D693 Patent's point of novelty," (Complaint, ¶ 36).

18   **Response to Production Request No. 71**:

19        Objection. Responding Party objects to this discovery request on the ground that it is

20   premature or seeks expert discovery. Responding Party has not completed its investigation of

21   the facts relating to this cause of action, discovery and preparation for trial, and therefore

22   reserves the right to further supplement and/or amend its response to conform to proof.

23   Responding party objects to this discovery request on the ground that Defendant fails to

24   designate requested documents with reasonable particularity. Defendant's request is vague and

25   ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

26   Responding party objects to this discovery request on the ground that it seeks information,

27   which has previously been given through disclosures and pleadings, related to this litigation or

28   in the pending state proceeding, Case No. C07-02573. Responding party objects to this

1  discovery request on the ground that it seeks information that is privileged under the attorney-

2  client privilege, the attorney-work product rule, or any other applicable privilege, or constitute

3  trade secrets and other private information not subject to disclosure.

4

5  **Production Request No. 72**:

6      All documents and things that support, refute or otherwise relate to your contention that

7  Defendants had notice of the '239 Patent, (Complaint, ¶ 44).

8  **Response to Production Request No. 72:**

9      Objection. Responding Party objects to this discovery request to the extent it is

10  premature. Responding Party has not completed its investigation of the facts relating to this

11  cause of action, discovery and preparation for trial, and therefore reserves the right to further

12  supplement and/or amend its response to conform to proof. Responding party objects to this

13  discovery request to the extent that it seeks information that is privileged under the attorney-

14  client privilege, the attorney-work product rule, or any other applicable privilege, or constitute

15  trade secrets and other private information not subject to disclosure. Responding Party objects

16  to this discovery request to the extent it seeks information which is unreasonably cumulative

17  and duplicative, obtainable from another source that is more convenient, less burdensome, or

18  less expensive, or that the propounding party had ample opportunities to obtain. Without

19  waiving said or any other objections, Tonytail produces the following documents:

20      1.   000184-000186 – USPTO Database D 453,239

21  **Production Request No. 73**:

22      All documents and things that support, refute or otherwise relate to your contention that

23  Defendants "continue to willfully, wantonly and deliberately engage in acts of infringement

24  was that term is defined in Title 35 U.S.C. § 271(a), 271(b), and/or 271(c), without regard to

25  the 'D239, and will continue to do so unless otherwise enjoined by this court, (Complaint, ¶

26  44).

27  **Response to Production Request No. 73:**

28

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1      Objection. Compound question, this request includes actually four requests for

2  production (regarding infringement and necessity to enjoin future infringement). Responding

3  Party objects to this discovery request to the extent it is premature. Responding Party has not

4  completed its investigation of the facts relating to this cause of action, discovery and

5  preparation for trial, and therefore reserves the right to further supplement and/or amend its

6  response to conform to proof. Responding party objects to this discovery request to the extent

7  that it seeks information, which has previously been given through disclosures and pleadings,

8  related to this litigation or in the pending state proceeding, Case No. C07-02573. Responding

9  party objects to this discovery request to the extent that it seeks information that is privileged

10  under the attorney-client privilege, the attorney-work product rule, or any other applicable

11  privilege, or constitute trade secrets and other private information not subject to disclosure.

12  Without waiving said or any other objections, Tonytail produces the following documents:

13      1.  000174-000181 – Pictures of products in store (after commencement of this

14          litigation)

15  **Production Request No. 74**:

16      All documents and things that support, refute or otherwise relate to your contention that

17  "Plaintiff has been and will continue to be damaged by the infringing conduct of Defendants,"

18  (Complaint ¶ 46).

19  **Response to Production Request No. 74**:

20      Objection. Objections and responses regarding this issue have been given already. See

21  Response Number 17.

22

23  **Production Request No. 75**:

24      All documents and things that support, refute or otherwise relate to your contention that

25  "Defendants have, since at least early as 2007, used, offered for sale and sold a ponytail holder

26  infringing product covered by the claim of the 'D239 Patent under 35 U.S.C. § 281,"

27  (Complaint, ¶ 46).

28  **Response to Production Request No. 75**:

1   Objection. Responding Party objects to this discovery request to the extent it is premature or

2   seeks expert discovery. Responding Party has not completed its investigation of the facts relating to

3   this cause of action, discovery and preparation for trial, and therefore reserves the right to further

4   supplement and/or amend its response to conform to proof. Responding party objects to this

5   discovery request to the extent that it seeks information, which has previously been given through

6   disclosures and pleadings, related to this litigation. Responding party objects to this discovery request

7   to the extent that it seeks information that is privileged under the attorney-client privilege, the

8   attorney-work product rule, or any other applicable privilege, or constitute trade secrets and other

9   private information not subject to disclosure. Without waiving said or any other objections, Tonytail

10  produces the following documents:

11          1.  000174-000181 – Pictures of products in store

12  **Production Request No. 76**:

13          All documents and things that support, refute or otherwise relate to your contention that

14  Defendants' accused products are "substantially similar in ornamental appearance and with

15  features that misappropriate the 'D239 Patent's point of novelty," (Complaint, ¶ 47).

16  **Response to Production Request No. 76**:

17  Objection. Responding Party objects to this discovery request to the extent it is premature or seeks

18  expert discovery. Responding Party has not completed its investigation of the facts relating to this

19  cause of action, discovery and preparation for trial, and therefore reserves the right to further

20  supplement and/or amend its response to conform to proof. Responding party objects to this

21  discovery request to the extent that it seeks information, which has previously been given through

22  disclosures and pleadings, related to this litigation. Responding party objects to this discovery request

23  to the extent that it seeks information that is privileged under the attorney-client privilege, the

24  attorney-work product rule, or any other applicable privilege, or constitute trade secrets and other

25  private information not subject to disclosure. Without waiving said or any other objections, Tonytail

26  produces the following documents:

27          1.  000174-000181 – Pictures of products in store

28          2.  000172 – picture of Tonytailer

3.  000173 – picture of Scunci product

**Production Request No. 77:**

All documents and thins that support, refute or otherwise relate to your contention that "Defendants' have displayed for sale its Scunci Ponytail Holder in commerce in a retail display location labeled for Plaintiff's registered mark product," (Complaint, ¶ 66).

**Response to Production Request No. 77:**

Objection. Responding Party objects to this discovery request to the extent it is premature or seeks expert discovery. Responding Party has not completed its investigation of the facts relating to this cause of action, discovery and preparation for trial, and therefore reserves the right to further supplement and/or amend its response to conform to proof. Responding party objects to this discovery request to the extent that it seeks information, which has previously been given through disclosures and pleadings, related to this litigation or in the pending state proceeding, Case No. C07-02573. Responding party objects to this discovery request to the extent that it seeks information that is privileged under the attorney-client privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade secrets and other private information not subject to disclosure. Without waiving said or any other objections, Tonytail produces the following documents:

1.  000174-000181 – Pictures of products in store

2.  000172 – picture of Tonytailer

3.  000173 – picture of Scunci product

**Production Request No. 78:**

All documents and things that support, refute or otherwise relate to your contention that "[t]he use of the sales display materials labeled 'Tonytail®' by defendants in commerce is likely to cause confusion as to the source, origin or sponsorship of the infringing device, including consumers to purchase such device believing it to be Plaintiff's products protected by registered mark," (Complaint, ¶ 67).

**Response to Production Request No. 78:**

1         Objection. Responding Party objects to this discovery request to the extent it is

2    premature or seeks expert discovery. Responding Party has not completed its investigation of

3    the facts relating to this cause of action, discovery and preparation for trial, and therefore

4    reserves the right to further supplement and/or amend its response to conform to proof.

5    Responding party objects to this discovery request to the extent that it seeks information, which

6    has previously been given through disclosures and pleadings, related to this litigation.

7    Responding party objects to this discovery request to the extent that it seeks information that is

8    privileged under the attorney-client privilege, the attorney-work product rule, or any other

9    applicable privilege, or constitute trade secrets and other private information not subject to

10    disclosure. Without waiving said or any other objections, Tonytail produces the following

11    documents:

12        1.   000174-000181 – Pictures of products in store

13        2.   000172 – picture of Tonytailer

14        3.   000173 – picture of Scunci product

15    **Production Request No. 79**:

16         All documents and things that support, refute or otherwise relate to your contention that

17    "Defendants intended to cause confusion as to the source, origin, or sponsorship of the

18    Plaintiff's advice by selling its 'Ponytailer' marked goods on the same retail hook as Plaintiff's

19    market goods and unfairly under the same trademark as Plaintiff's marked goods," (Complaint,

20    ¶ 68).

21    **Response to Production Request No. 79:**

22         Objection. Responding Party objects to this discovery request to the extent it is

23    premature or seeks expert discovery. Responding Party has not completed its investigation of

24    the facts relating to this cause of action, discovery and preparation for trial, and therefore

25    reserves the right to further supplement and/or amend its response to conform to proof.

26    Responding party objects to this discovery request to the extent that it seeks information, which

27    has previously been given through disclosures and pleadings, related to this litigation.

28    Responding party objects to this discovery request to the extent that it seeks information that is

1  privileged under the attorney-client privilege, the attorney-work product rule, or any other

2  applicable privilege, or constitute trade secrets and other private information not subject to

3  disclosure. Without waiving said or any other objections, Tonytail produces the following

4  documents:

5          1.  000174-000181 – Pictures of products in store

6          2.  000172 – picture of Tonytailer

7          3.  000173 – picture of Scunci product

8      **Production Request No. 80**:

9          All documents and things that support, refute or otherwise relate to your contention that

10  "Defendants have passed off Plaintiff's design trade dress as its own and misappropriated

11  Plaintiff's intellectual property rights as a result of its sale of the Ponytail infringing product

12  line design when it had reason to know that such infringing device design was the unregistered

13  design trade dress of Plaintiff," (Complaint, ¶ 73).

14      **Response to Production Request No. 80**:

15          Objection. Responding Party objects to this discovery request to the extent it is

16  premature and seek expert discovery. Responding Party has not completed its investigation of

17  the facts relating to this cause of action, discovery and preparation for trial, and therefore

18  reserves the right to further supplement and/or amend its response to conform to proof.

19  Responding party objects to this discovery request on the ground that Defendant fails to

20  designate requested documents with reasonable particularity. Defendant's request is vague and

21  ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

22  Responding party objects to this discovery request to the extent that it seeks information, which

23  has previously been given through disclosures and pleadings, related to this litigation.

24  Responding party objects to this discovery request to the extent that it seeks information that is

25  privileged under the attorney-client privilege, the attorney-work product rule, or any other

26  applicable privilege, or constitute trade secrets and other private information not subject to

27  disclosure. Responding Party objects to this discovery request to the extent it seeks information

28  which is unreasonably cumulative and duplicative, obtainable from another source that is more

1   convenient, less burdensome, or less expensive, or that the propounding party had ample

2   opportunities to obtain. Responding Party objects to this discovery request on the ground that

3   compliance will unfairly reveal trade secrets or other confidential information.

4   **Production Request No. 81**:

5       All documents and things that support, refute or otherwise relate to your contention that

6   "[i]n its efforts to solicit purchasers for the sale of said infringing device design, Defendants

7   have willfully committed a false designation of origin with respect to Plaintiff's intellectual

8   property in the form of Plaintiff's unregistered trade dress, the Tonytail®," (Complaint, ¶ 73).

9   **Response to Production Request No. 81**:

10      Objection. Responding Party objects to this discovery request to the extent it is

11  premature and seek expert discovery. Responding Party has not completed its investigation of

12  the facts relating to this cause of action, discovery and preparation for trial, and therefore

13  reserves the right to further supplement and/or amend its response to conform to proof.

14  Responding party objects to this discovery request on the ground that Defendant fails to

15  designate requested documents with reasonable particularity. Defendant's request is vague and

16  ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

17  Responding party objects to this discovery request to the extent that it seeks information that is

18  privileged under the attorney-client privilege, the attorney-work product rule, or any other

19  applicable privilege, or constitute trade secrets and other private information not subject to

20  disclosure. Responding Party objects to this discovery request to the extent it seeks information

21  which is unreasonably cumulative and duplicative, obtainable from another source that is more

22  convenient, less burdensome, or less expensive, or that the propounding party had ample

23  opportunities to obtain.

24  **Production Request No. 82**:

25      All documents and things that support, refute or otherwise relate to your contention that

26  "false designation of origin with respect to Plaintiff's intellectual property in the form of

27  Plaintiff's unregistered trade dress, the Tonytail® caused substantial consumer confusion,"

28  (Complaint, ¶ 74).

1     **Response to Production Request No. 82:**

2          Objection. Objection. Responding Party objects to this discovery request to the extent it

3     is premature and seek expert discovery. Responding Party has not completed its investigation

4     of the facts relating to this cause of action, discovery and preparation for trial, and therefore

5     reserves the right to further supplement and/or amend its response to conform to proof.

6     Responding party objects to this discovery request on the ground that Defendant fails to

7     designate requested documents with reasonable particularity. Defendant's request is vague and

8     ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

9     Responding party objects to this discovery request to the extent that it seeks information that is

10    privileged under the attorney-client privilege, the attorney-work product rule, or any other

11    applicable privilege, or constitute trade secrets and other private information not subject to

12    disclosure. Responding Party objects to this discovery request to the extent it seeks information

13    which is unreasonably cumulative and duplicative, obtainable from another source that is more

14    convenient, less burdensome, or less expensive, or that the propounding party had ample

15    opportunities to obtain.

16    **Production Request No. 83**:

17          All documents and things that support, refute or otherwise relate to your contention that

18    "[t]he product design trade dress Tonytail® ponytail wrap has been the subject of substantial

19    efforts to acquire and maintain its distinctiveness, including infringing devices design patents

20    D 413,693, D 453,239," (Complaint, ¶ 75).

21    **Response to Production Request No. 83:**

22          Objection. Responding Party objects to this discovery request to the extent it is

23    premature and seek expert discovery. Responding Party has not completed its investigation of

24    the facts relating to this cause of action, discovery and preparation for trial, and therefore

25    reserves the right to further supplement and/or amend its response to conform to proof.

26    Responding party objects to this discovery request on the ground that Defendant fails to

27    designate requested documents with reasonable particularity. Defendant's request is vague and

28    ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

*Matlock Law
Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1  Responding party objects to this discovery request to the extent that it seeks information that is

2  privileged under the attorney-client privilege, the attorney-work product rule, or any other

3  applicable privilege, or constitute trade secrets and other private information not subject to

4  disclosure. Responding Party objects to this discovery request to the extent it seeks information

5  which is unreasonably cumulative and duplicative, obtainable from another source that is more

6  convenient, less burdensome, or less expensive, or that the propounding party had ample

7  opportunities to obtain. Responding Party objects to this discovery request on the ground that

8  compliance will unfairly reveal trade secrets or other confidential information. Without

9  waiving said or any other objections, Tonytail produces the following documents:

10      1.  000184-000186 – USPTO Database D 453,239

11      2.  000182-000183 – USPTO Database D413,683

12  **Production Request No. 84**:

13      All documents and things that support, refute or otherwise relate to your contention that

14  the "infringing device design trade dress embodied in the overall look and appearance of

15  Plaintiff's protected device," (Complaint, ¶ 75).

16  **Response to Production Request No. 84:**

17      Objection. Responding Party objects to this discovery request to the extent it is

18  premature and seek expert discovery. Responding Party has not completed its investigation of

19  the facts relating to this cause of action, discovery and preparation for trial, and therefore

20  reserves the right to further supplement and/or amend its response to conform to proof.

21  Responding Party objects to this discovery request on the ground that compliance will unfairly

22  reveal trade secrets or other confidential information. Responding party objects to this

23  discovery request on the ground that Defendant fails to designate requested documents with

24  reasonable particularity. Defendant's request is vague and ambiguous, unduly burdensome,

25  overbroad and/or and unintelligible as to time and place. Responding party objects to this

26  discovery request to the extent that it seeks information that is privileged under the attorney-

27  client privilege, the attorney-work product rule, or any other applicable privilege, or constitute

28  trade secrets and other private information not subject to disclosure. Responding party objects

Matlock Law
Group, PC.

to this discovery request to the extent that it seeks information, which has previously been given through disclosures and pleadings, related to this litigation. Without waiving said or any other objections, Tonytail produces the following documents:

 1.  000174-000181 – Pictures of products in store

 2.  000172 – picture of Tonytailer

 3.  000173 – picture of Scunci product

**Production Request No. 85**:

All documents and things that support, refute or otherwise relate to your contention that [t]he infringing device design of Defendant's Scunci Ponytailer device line and its false designation by Defendants caused by selling Scunci products on the 'Tonytail' retail hooks is likely to cause consumer confusion,"

**Response to Production Request No. 85**:

Objection. Responding Party objects to this discovery request to the extent it is premature or seeks expert discovery. Responding Party has not completed its investigation of the facts relating to this cause of action, discovery and preparation for trial, and therefore reserves the right to further supplement and/or amend its response to conform to proof. Responding party objects to this discovery request to the extent that it seeks information, which has previously been given through disclosures and pleadings, related to this litigation. Responding party objects to this discovery request to the extent that it seeks information that is privileged under the attorney-client privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade secrets and other private information not subject to disclosure. Without waiving said or any other objections, Tonytail produces the following documents:

 1.  000174-000181 – Pictures of products in store

 2.  000172 – picture of Tonytailer

 3.  000173 – picture of Scunci product

**Production Request No. 86**:

1    All documents and things that support, refute or otherwise relate to your contention that

2    "Defendants' misappropriation and unfair use of the protected device design trade dress in

3    interstate commerce was a commercial use of the mark within the meaning of the statute,"

4    (Complaint, ¶ 79).

5    **Response to Production Request No. 86:**

6    Objection. Responding Party objects to this discovery request on the ground that it is

7    premature or seeks expert discovery. Responding Party has not completed its investigation of

8    the facts relating to this cause of action, discovery and preparation for trial, and therefore

9    reserves the right to further supplement and/or amend its response to conform to proof.

10   Responding party objects to this discovery request to the extent that it seeks information, which

11   has previously been given through disclosures and pleadings, related to this litigation.

12   Responding party objects to this discovery request on the ground that it seeks information that

13   is privileged under the attorney-client privilege, the attorney-work product rule, or any other

14   applicable privilege, or constitute trade secrets and other private information not subject to

15   disclosure. Responding Party objects to this discovery request to the extent it seeks information

16   which is unreasonably cumulative and duplicative, obtainable from another source that is more

17   convenient, less burdensome, or less expensive, or that the propounding party had ample

18   opportunities to obtain.

19   **Production Request No. 87:**

20   All documents and things that support, refute or otherwise relate to your contention that

21   "Defendants' bad faith use by unfairly passing off its Ponytailer infringing device design to

22   confused consumers prevented them from being able to buy the true 'Tonytail,'" (Complaint, ¶

23   79).

24   **Response to Production Request No. 87:**

25   Objection. Responding Party objects to this discovery request on the ground it is

26   premature or seeks expert discovery. Responding Party has not completed its investigation of

27   the facts relating to this cause of action, discovery and preparation for trial, and therefore

28   reserves the right to further supplement and/or amend its response to conform to proof.

1  Responding party objects to this discovery request to the extent that it seeks information, which

2  has previously been given through disclosures and pleadings, related to this litigation.

3  Responding Party objects to this discovery request to the extent it seeks information which is

4  unreasonably cumulative and duplicative, obtainable from another source that is more

5  convenient, less burdensome, or less expensive, or that the propounding party had ample

6  opportunities to obtain. Responding party objects to this discovery request to the extent that it

7  seeks information that is privileged under the attorney-client privilege, the attorney-work

8  product rule, or any other applicable privilege, or constitute trade secrets and other private

9  information not subject to disclosure.

10  **Production Request No. 88**:

11      All documents and things that support, refute or otherwise relate to your contention that

12  "Defendants have acted recklessly, willfully and purposefully with the intention of misleading

13  the public into believing that it owned all of the rights to Plaintiff's protected product design

14  trade dress," (Complaint, ¶ 80).

15  **Response to Production Request No. 88:**

16      Objection. Responding Party objects to this discovery request to the extent it is

17  premature or seeks expert discovery. Responding Party has not completed its investigation of

18  the facts relating to this cause of action, discovery and preparation for trial, and therefore

19  reserves the right to further supplement and/or amend its response to conform to proof.

20  Responding party objects to this discovery request to the extent that it seeks information, which

21  has previously been given through disclosures and pleadings, related to this litigation.

22  Responding party objects to this discovery request to the extent that it seeks information that is

23  privileged under the attorney-client privilege, the attorney-work product rule, or any other

24  applicable privilege, or constitute trade secrets and other private information not subject to

25  disclosure. Responding Party objects to this discovery request to the extent it seeks information

26  which is unreasonably cumulative and duplicative, obtainable from another source that is more

27  convenient, less burdensome, or less expensive, or that the propounding party had ample

28  opportunities to obtain.

1

**Production Request No. 89**:

2      All documents and things that support, refute or otherwise relate to your contention that

3  Defendants' conduct resulted in "significant lost revenue and profits for the Plaintiff,"

4  (Complaint, ¶ 80).

5      **Response to Production Request No. 89**:

6      Objections and responses regarding this issue have been given already. See Response

7  Number Objection. 17

8      **Production Request No. 90**:

9      All documents and things that support, refute or otherwise relate to your contention

10 concerning Defendants' notice of the existence of your trade dress as alleged in ¶ 81 of the

11 Complaint.

12     **Response to Production Request No. 90**:

13     Objection. Responding Party objects to this discovery request to the extent it is

14 premature or seeks expert discovery. Responding Party has not completed its investigation of

15 the facts relating to this cause of action, discovery and preparation for trial, and therefore

16 reserves the right to further supplement and/or amend its response to conform to proof.

17 Responding party objects to this discovery request on the ground that Defendant fails to

18 designate requested documents with reasonable particularity. Defendant's request is vague and

19 ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

20 Responding party objects to this discovery request to the extent that it seeks information that is

21 neither relevant to the subject matter of, nor within the time period relevant to, these

22 proceedings, nor reasonably calculated to lead to the discovery of admissible evidence.

23 Responding party objects to this discovery request to the extent that it seeks information that is

24 privileged under the attorney-client privilege, the attorney-work product rule, or any other

25 applicable privilege, or constitute trade secrets and other private information not subject to

26 disclosure. Responding Party objects to this discovery request to the extent it seeks information

27 which is unreasonably cumulative and duplicative, obtainable from another source that is more

28

*Matlock Law Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1 | convenient, less burdensome, or less expensive, or that the propounding party had ample

2 | opportunities to obtain.

3 | **Production Request No. 91**:

4 |     All documents and things that support, refute or otherwise relate to your contention that

5 | Defendants "continue to willfully, wantonly and deliberately engage in acts of infringement as

6 | that term is defined under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), without regard to

7 | the 'D453,239 protected device design and the corresponding device design trade dress, and

8 | will continue to do so unless otherwise enjoined by this court," (Complaint, ¶ 81).

9 | **Response to Production Request No. 91**:

10 |     Objection. Compound question, this request includes actually two requests for

11 | production (regarding Defendants' infringement as defined in the Lanham Act, and the

12 | necessity of enjoining Defendants' future infringement). Responding Party objects to this

13 | discovery request to the extent it is premature or seeks expert discovery. Responding Party has

14 | not completed its investigation of the facts relating to this cause of action, discovery and

15 | preparation for trial, and therefore reserves the right to further supplement and/or amend its

16 | response to conform to proof. Responding party objects to this discovery request on the ground

17 | that Defendant fails to designate requested documents with reasonable particularity.

18 | Defendant's request is vague and ambiguous, unduly burdensome, overbroad and/or and

19 | unintelligible as to time and place. Responding party objects to this discovery request to the

20 | extent that it seeks information, which has previously been given through disclosures and

21 | pleadings, related to this litigation. Responding party objects to this discovery request to the

22 | extent that it seeks information that is privileged under the attorney-client privilege, the

23 | attorney-work product rule, or any other applicable privilege, or constitute trade secrets and

24 | other private information not subject to disclosure. Responding Party objects to this discovery

25 | request to the extent it seeks information which is unreasonably cumulative and duplicative,

26 | obtainable from another source that is more convenient, less burdensome, or less expensive, or

27 | that the propounding party had ample opportunities to obtain.

28 | **Production Request No. 92**:

1   　　　All documents and things that support, refute or otherwise relate to your contention that

2   "Defendants' misappropriation and false designation of origin of Plaintiff's unregistered device

3   design trade dress intellectual property as Defendants' own was, and is, willful, reckless and

4   outrageous because of Defendants' purposeful motive and reckless indifference to the rights of

5   Plaintiff," (Complaint, ¶ 82).

6   　　　**Response to Production Request No. 92:**

7   　　　Objection. Responding Party objects to this discovery request to the extent it is

8   premature or seeks expert discovery. Responding Party has not completed its investigation of

9   the facts relating to this cause of action, discovery and preparation for trial, and therefore

10  reserves the right to further supplement and/or amend its response to conform to proof.

11  Responding party objects to this discovery request on the ground that Defendant fails to

12  designate requested documents with reasonable particularity. Defendant's request is vague and

13  ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

14  Responding party objects to this discovery request to the extent that it seeks information, which

15  has previously been given through disclosures and pleadings, related to this litigation.

16  Responding party objects to this discovery request to the extent that it seeks information that is

17  privileged under the attorney-client privilege, the attorney-work product rule, or any other

18  applicable privilege, or constitute trade secrets and other private information not subject to

19  disclosure. Responding Party objects to this discovery request to the extent it seeks information

20  which is unreasonably cumulative and duplicative, obtainable from another source that is more

21  convenient, less burdensome, or less expensive, or that the propounding party had ample

22  opportunities to obtain.

23  　　　**Production Request No. 93:**

24  　　　All documents and things that support, refute or otherwise relate to your contention that

25  "Plaintiff has been and will continue to be damaged by Defendants' false designation of

26  origin," (Complaint, ¶ 83).

27  　　　**Response to Production Request No. 93:**

28

*Matlock Law Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1    Objection. Objections and responses regarding this issue have been given already. See

2    Response Number 17.

3    **Production Request No. 94**:

4    All documents and things that support, refute or otherwise relate to your contention that

5    "[b]ecause of Defendants' infringement, Plaintiffs have been, and will continue to suffer

6    irreparable injury, for which the remedies available at law provide inadequate compensation,"

7    (Complaint, ¶ 89).

8    **Response to Production Request No. 94**:

9    Objection. Responding Party objects to this discovery request to the extent it is

10    premature or seeks expert discovery. Responding Party has not completed its investigation of

11    the facts relating to this cause of action, discovery and preparation for trial, and therefore

12    reserves the right to further supplement and/or amend its response to conform to proof.

13    Responding party objects to this discovery request on the ground that Defendant fails to

14    designate requested documents with reasonable particularity. Defendant's request is vague and

15    ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

16    Responding party objects to this discovery request to the extent that it seeks information, which

17    has previously been given through disclosures and pleadings, related to this litigation.

18    Responding party objects to this discovery request to the extent that it seeks information that is

19    privileged under the attorney-client privilege, the attorney-work product rule, or any other

20    applicable privilege, or constitute trade secrets and other private information not subject to

21    disclosure. Responding Party objects to this discovery request to the extent it seeks information

22    which is unreasonably cumulative and duplicative, obtainable from another source that is more

23    convenient, less burdensome, or less expensive, or that the propounding party had ample

24    opportunities to obtain.

25    **Production Request No. 95**:

26    All documents and things that support, refute or otherwise relate to your contention that

27    "Plaintiff owns all rights to the manufacture, marketing and distribution of products which fall

28    within the scope of its patents," (Complaint, ¶ 89)

Matlock Law
Group, PC.

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1     **Response to Production Request No. 95:**

2        Objection. Responding Party objects to this discovery request to the extent it is

3 premature or seeks expert discovery. Responding Party has not completed its investigation of

4 the facts relating to this cause of action, discovery and preparation for trial, and therefore

5 reserves the right to further supplement and/or amend its response to conform to proof.

6 Responding party objects to this discovery request on the ground that Defendant fails to

7 designate requested documents with reasonable particularity. Defendant's request is vague and

8 ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

9 Responding party objects to this discovery request to the extent that it seeks information, which

10 has previously been given through disclosures and pleadings, related to this litigation.

11 Responding party objects to this discovery request to the extent that it seeks information that is

12 privileged under the attorney-client privilege, the attorney-work product rule, or any other

13 applicable privilege, or constitute trade secrets and other private information not subject to

14 disclosure. Responding Party objects to this discovery request to the extent it seeks information

15 which is unreasonably cumulative and duplicative, obtainable from another source that is more

16 convenient, less burdensome, or less expensive, or that the propounding party had ample

17 opportunities to obtain. Responding Party objects to this discovery request on the ground that

18 compliance will unfairly reveal trade secrets or other confidential information.

19     **Production Request No. 96**:

20        All documents and things that support, refute or otherwise relate to your contention that

21 "continued infringement will cause irreparable harm to Plaintiff, if a permanent injunction is

22 not granted," (Complaint, ¶ 89).

23     **Response to Production Request No. 96:**

24        Objection. Responding Party objects to this discovery request to the extent it is

25 premature or seeks expert discovery. Responding Party has not completed its investigation of

26 the facts relating to this cause of action, discovery and preparation for trial, and therefore

27 reserves the right to further supplement and/or amend its response to conform to proof.

28 Responding party objects to this discovery request on the ground that Defendant fails to

1   designate requested documents with reasonable particularity. Defendant's request is vague and

2   ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

3   Responding party objects to this discovery request to the extent that it seeks information, which

4   has previously been given through disclosures and pleadings, related to this litigation.

5   Responding party objects to this discovery request to the extent that it seeks information that is

6   privileged under the attorney-client privilege, the attorney-work product rule, or any other

7   applicable privilege, or constitute trade secrets and other private information not subject to

8   disclosure. Responding Party objects to this discovery request to the extent it seeks information

9   which is unreasonably cumulative and duplicative, obtainable from another source that is more

10  convenient, less burdensome, or less expensive, or that the propounding party had ample

11  opportunities to obtain.

12      **Production Request No. 97**:

13      All documents and things that support, refute or otherwise relate to your contention that

14  "Defendants Conair/Scunci and Rite Aid knowingly and intentionally produced and marketed

15  hair accessories that were confusingly similar to Plaintiff's 'Tonytail" product design and trade

16  dress," (Complaint, ¶ 93).

17      **Response to Production Request No. 97:**

18      Objection. Responding Party objects to this discovery request to the extent it is

19  premature or seeks expert discovery. Responding Party has not completed its investigation of

20  the facts relating to this cause of action, discovery and preparation for trial, and therefore

21  reserves the right to further supplement and/or amend its response to conform to proof.

22  Responding party objects to this discovery request on the ground that Defendant fails to

23  designate requested documents with reasonable particularity. Defendant's request is vague and

24  ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

25  Responding party objects to this discovery request to the extent that it seeks information, which

26  has previously been given through disclosures and pleadings, related to this litigation.

27  Responding party objects to this discovery request to the extent that it seeks information that is

28  privileged under the attorney-client privilege, the attorney-work product rule, or any other

1 | applicable privilege, or constitute trade secrets and other private information not subject to

2 | disclosure. Responding Party objects to this discovery request to the extent it seeks information

3 | which is unreasonably cumulative and duplicative, obtainable from another source that is more

4 | convenient, less burdensome, or less expensive, or that the propounding party had ample

5 | opportunities to obtain.

6

7

8

9 | **Production Request No. 98**:

10 |     All documents and things that support, refute or otherwise relate to your contention that

11 | the accused products "were confusingly similar to Plaintiff's 'Tonytail' product design and

12 | trade dress," (Complaint, ¶ 93).

13 | **Response to Production Request No. 98**:

14 |     Objection. . Responding Party objects to this discovery request to the extent it is

15 | premature or seeks expert discovery. Responding Party has not completed its investigation of

16 | the facts relating to this cause of action, discovery and preparation for trial, and therefore

17 | reserves the right to further supplement and/or amend its response to conform to proof.

18 | Responding party objects to this discovery request on the ground that Defendant fails to

19 | designate requested documents with reasonable particularity. Defendant's request is vague and

20 | ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.

21 | Responding party objects to this discovery request to the extent that it seeks information, which

22 | has previously been given through disclosures and pleadings, related to this litigation.

23 | Responding party objects to this discovery request to the extent that it seeks information that is

24 | privileged under the attorney-client privilege, the attorney-work product rule, or any other

25 | applicable privilege, or constitute trade secrets and other private information not subject to

26 | disclosure. Responding Party objects to this discovery request to the extent it seeks information

27 | which is unreasonably cumulative and duplicative, obtainable from another source that is more

28

Matlock Law
Group, PC.

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1 | convenient, less burdensome, or less expensive, or that the propounding party had ample
2 | opportunities to obtain.

3 | **Production Request No. 99**:

4 | All documents and things that support, refute or otherwise relate to your contention that
5 | "Defendants Conair/Scunci knowingly and intentionally produced and marketed hair
6 | accessories that fell within the scope of patent protections secured by Plaintiff," (Complaint, ¶
7 | 94).

8 |
9 |

10 | **Response to Production Request No. 99:**

11 | Objection. . Responding Party objects to this discovery request to the extent it is
12 | premature or seeks expert discovery. Responding Party has not completed its investigation of
13 | the facts relating to this cause of action, discovery and preparation for trial, and therefore
14 | reserves the right to further supplement and/or amend its response to conform to proof.
15 | Responding party objects to this discovery request on the ground that Defendant fails to
16 | designate requested documents with reasonable particularity. Responding party objects to this
17 | discovery request to the extent that it seeks information, which has previously been given
18 | through disclosures and pleadings, related to this litigation. Defendant's request is vague and
19 | ambiguous, unduly burdensome, overbroad and/or and unintelligible as to time and place.
20 | Responding party objects to this discovery request to the extent that it seeks information, which
21 | has previously been given through disclosures and pleadings, related to this litigation.
22 | Responding party objects to this discovery request to the extent that it seeks information that is
23 | privileged under the attorney-client privilege, the attorney-work product rule, or any other
24 | applicable privilege, or constitute trade secrets and other private information not subject to
25 | disclosure. Responding Party objects to this discovery request to the extent it seeks information
26 | which is unreasonably cumulative and duplicative, obtainable from another source that is more
27 | convenient, less burdensome, or less expensive, or that the propounding party had ample
28 | opportunities to obtain.

**Production Request No. 100**:

All documents and things that support, refute or otherwise relate to your contention that "Scunci's infringing products were offered for sale in Rite Aid stores, commingled on shelves and other forms of display with other Scunci and Tonytail devices," (Complaint, ¶ 96).

**Response to Production Request No. 100:**

Objection. Responding Party objects to this discovery request to the extent it is premature or seeks expert discovery. Responding Party has not completed its investigation of the facts relating to this cause of action, discovery and preparation for trial, and therefore reserves the right to further supplement and/or amend its response to conform to proof. Compound request, this request includes actually two requests for production. Responding party objects to this discovery request to the extent that it seeks information that is privileged under the attorney-client privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade secrets and other private information not subject to disclosure. Responding party objects to this discovery request to the extent that it seeks information that is privileged under the attorney-client privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade secrets and other private information not subject to disclosure. Without waiving said or any other objections, Tonytail produces the following documents:

    4.  000174-000181 – Pictures of products in store

    5.  000172 – picture of Tonytailer

    6.  000173 – picture of Scunci product

**Production Request No. 101**:

All documents and things that support, refute or otherwise relate to your contention that "[t]he hooks in the stores bore the Tonytail® mark and designation, and had Scunci infringing devices displayed on them," (Complaint, ¶ 96).

**Response to Production Request No. 101:**

Objection. Responding Party objects to this discovery request to the extent it is premature or seeks expert discovery. Responding Party has not completed its investigation of

1  the facts relating to this cause of action, discovery and preparation for trial, and therefore

2  reserves the right to further supplement and/or amend its response to conform to proof.

3  Compound request, this request includes actually two requests for production. Responding

4  party objects to this discovery request to the extent that it seeks information that is privileged

5  under the attorney-client privilege, the attorney-work product rule, or any other applicable

6  privilege, or constitute trade secrets and other private information not subject to disclosure.

7  Without waiving said or any other objections, Tonytail produces the following documents:

8       1.  000174-000181 – Pictures of products in store

9       2.  000172 – picture of Tonytailer

10      3.  000173 -- picture of Scunci product

11  **Production Request No. 102**:

12      All documents and things that support, refute or otherwise relate to your contention that

13  "when Defendants provided the Scunci Ponytailer infringing device design in product display

14  locations designated for the Tonytail® device line, it intended to falsely designate the origin of

15  such goods as its own and not that of Plaintiff's, thereby fraudulently designating such origin

16  of the goods," (Complaint, ¶ 96).

17  **Response to Production Request No. 102:**

18      Objection. Compound request, this request includes actually two requests for

19  production. Responding Party objects to this discovery request to the extent it is premature or

20  seeks expert discovery. Responding Party has not completed its investigation of the facts

21  relating to this cause of action, discovery and preparation for trial, and therefore reserves the

22  right to further supplement and/or amend its response to conform to proof.  Responding party

23  objects to this discovery request to the extent that it seeks information that is privileged under

24  the attorney-client privilege, the attorney-work product rule, or any other applicable privilege,

25  or constitute trade secrets and other private information not subject to disclosure.  Without

26  waiving said or any other objections, Tonytail produces the following documents:

27      1.  000174-000181 – Pictures of products in store

28      2.  000172 – picture of Tonytailer

3.  000173 – picture of Scunci product

**Production Request No. 103:**

All documents and things that support, refute or otherwise relate to your contention that Defendants' conduct was "deceptive, and had the tendency to mislead the public into believing that Scunci produced the Tonytail, was one and the same company or that Scunci infringing devices were approved by, or otherwise associated with the Plaintiff," (Complaint, ¶ 96).

**Response to Production Request No. 103:**

Objection. Compound request, this request includes actually two requests for production. Responding Party objects to this discovery request to the extent it is premature or seeks expert discovery. Responding Party has not completed its investigation of the facts relating to this cause of action, discovery and preparation for trial, and therefore reserves the right to further supplement and/or amend its response to conform to proof.  Responding party objects to this discovery request to the extent that it seeks information that is privileged under the attorney-client privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade secrets and other private information not subject to disclosure.  Without waiving said or any other objections, Tonytail produces the following documents:

1.  000174-000181 – Pictures of products in store

2.  000172 – picture of Tonytailer

3.  000173 -- picture of Scunci product

**Production Request No. 104:**

All documents and things that support, refute or otherwise relate to your contention that Defendants' conduct "significantly impaired" Plaintiff's ability to compete and resulted in buyers subsequently abandoning negotiations "further leading to irreparable harm," (Complaint, ¶ 97).

**Response to Production Request No. 104:**

Objection. Responding Party objects to this discovery request to the extent it is premature or seeks expert discovery. Responding Party has not completed its investigation of the facts relating to this cause of action, discovery and preparation for trial, and therefore

1  reserves the right to further supplement and/or amend its response to conform to proof.

2  Responding party objects to this discovery request to the extent that it seeks information, which

3  has previously been given through disclosures and pleadings, related to this litigation or in the

4  pending state proceeding, Case No. C07-02573.

5  **Production Request No. 105**:

6      All documents and things that support, refute or otherwise relate to your contention that

7  "Plaintiff has been, and will continue to be irreparably harmed and injured by Defendants'

8  efforts designed to unfairly compete with Plaintiff in violation of Business and Professions

9  Code §§ 17200,," (Complaint, ¶ 98).

10  **Response to Production Request No. 105:**

11      Objection. Responding Party objects to this discovery request to the extent it is

12  premature or seeks expert discovery. Responding Party has not completed its investigation of

13  the facts relating to this cause of action, discovery and preparation for trial, and therefore

14  reserves the right to further supplement and/or amend its response to conform to proof.

15  Responding party objects to this discovery request to the extent that it seeks information, which

16  has previously been given through disclosures and pleadings, related to this litigation or in the

17  pending state proceeding, Case No. C07-02573.

18  **Production Request No. 106**:

19      All documents and things that support, refute or otherwise relate to your contention that

20  "Defendants Conair/Scunci copied not only protectable elements but the entire invention of the

21  Tonytail," (Complaint, ¶ 101).

22  **Response to Production Request No. 106:**

23      Objection. Responding Party objects to this discovery request to the extent it is

24  premature or seeks expert discovery. Responding Party has not completed its investigation of

25  the facts relating to this cause of action, discovery and preparation for trial, and therefore

26  reserves the right to further supplement and/or amend its response to conform to proof.

27  Responding party objects to this discovery request to the extent that it seeks information, which

28  has previously been given through disclosures and pleadings, related to this litigation or in the

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1    pending state proceeding, Case No. C07-02573. Responding party objects to this discovery

2    request to the extent that it seeks information that is privileged under the attorney-client

3    privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade

4    secrets and other private information not subject to disclosure.

5          **Production Request No. 107**:

6          All documents and things that support, refute or otherwise relate to your contention that

7    "[t]he alleged imitations are substantially similar [to the Tonytail product]," (Complaint, ¶

8    101).

9

10          **Response to Production Request No. 107:**

11          Objection. Responding Party objects to this discovery request to the extent it is

12    premature or seeks expert discovery. Responding Party has not completed its investigation of

13    the facts relating to this cause of action, discovery and preparation for trial, and therefore

14    reserves the right to further supplement and/or amend its response to conform to proof.

15    Responding party objects to this discovery request to the extent that it seeks information, which

16    has previously been given through disclosures and pleadings, related to this litigation or in the

17    pending state proceeding, Case No. C07-02573. Responding party objects to this discovery

18    request to the extent that it seeks information that is privileged under the attorney-client

19    privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade

20    secrets and other private information not subject to disclosure.

21          **Production Request No. 108**:

22          All documents and things that support, refute or otherwise relate to your contention that

23    Defendants conduct or the accused products led "many consumers [to] actually confus[e] the

24    brands when considering the degree of care and attention likely to be exercised by the

25    purchaser," (Complaint, ¶ 101).

26          **Response to Production Request No. 108:**

27          Objection. Responding Party objects to this discovery request to the extent it is

28    premature or seeks expert discovery. Responding Party has not completed its investigation of

1  the facts relating to this cause of action, discovery and preparation for trial, and therefore

2  reserves the right to further supplement and/or amend its response to conform to proof.

3  Responding party objects to this discovery request to the extent that it seeks information that is

4  privileged under the attorney-client privilege, the attorney-work product rule, or any other

5  applicable privilege, or constitute trade secrets and other private information not subject to

6  disclosure.  Without waiving said or any other objections, Tonytail produces the following

7  documents:

8      1.  000174-000181 – Pictures of products in store

9      2.  000172 – picture of Tonytailer

10     3.  000173 – picture of Scunci product

11  **Production Request No. 109**:

12     All documents and things that support, refute or otherwise relate to your contention that

13  "the alleged imitations were intentionally offered for sale, commingled on hooks with the

14  Tonytail devices," (Complaint, ¶ 101).

15  **Response to Production Request No. 109**:

16     Objection. Responding Party objects to this discovery request to the extent it is

17  premature or seeks expert discovery. Responding Party has not completed its investigation of

18  the facts relating to this cause of action, discovery and preparation for trial, and therefore

19  reserves the right to further supplement and/or amend its response to conform to proof.

20  Responding party objects to this discovery request to the extent that it seeks information that is

21  privileged under the attorney-client privilege, the attorney-work product rule, or any other

22  applicable privilege, or constitute trade secrets and other private information not subject to

23  disclosure.  Without waiving said or any other objections, Tonytail produces the following

24  documents:

25     1.  000174-000181 – Pictures of products in store

26     2.  000172 – picture of Tonytailer

27     3.  000173 – picture of Scunci product

28  **Production Request No. 110**:

Matlock Law
Group, PC.

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1    All documents and things that support, refute or otherwise relate to your contention that

2    "[t]he hooks in the stores which bore the protected Tonytail marks and device designation

3    actually where unfairly replaced with Scunci infringing devices contained on them under the

4    false designation of Plaintiff's protected trademark," (Complaint, ¶ 101).

5    **Response to Production Request No. 110:**

6    Objection. Responding Party objects to this discovery request to the extent it is

7    premature or seeks expert discovery. Responding Party has not completed its investigation of

8    the facts relating to this cause of action, discovery and preparation for trial, and therefore

9    reserves the right to further supplement and/or amend its response to conform to proof.

10   Responding party objects to this discovery request to the extent that it seeks information that is

11   privileged under the attorney-client privilege, the attorney-work product rule, or any other

12   applicable privilege, or constitute trade secrets and other private information not subject to

13   disclosure.  Without waiving said or any other objections, Tonytail produces the following

14   documents:

15       1.   000174-000181 – Pictures of products in store

16       2.   000172 – picture of Tonytailer

17       3.   000173 – picture of Scunci product

18   **Production Request No. 111:**

19   All documents and things that support, refute or otherwise relate to your contention that

20   "the hooks which had the Scunci name had the protected Tonytail trademarked products

21   displayed," (Complaint, ¶ 101).

22   **Response to Production Request No. 111:**

23   Objection. Responding Party objects to this discovery request to the extent it is

24   premature or seeks expert discovery. Responding Party has not completed its investigation of

25   the facts relating to this cause of action, discovery and preparation for trial, and therefore

26   reserves the right to further supplement and/or amend its response to conform to proof.

27   Responding party objects to this discovery request to the extent that it seeks information that is

28   privileged under the attorney-client privilege, the attorney-work product rule, or any other

1  applicable privilege, or constitute trade secrets and other private information not subject to

2  disclosure.  Without waiving said or any other objections, Tonytail produces the following

3  documents:

4     1.  000174-000181 – Pictures of products in store

5     2.  000172 – picture of Tonytailer

6     3.  000173 – picture of Scunci product

7  **Production Request No. 112**:

8     All documents and things that support, refute or otherwise relate to your contention that

9  "[t]he confusingly similar infringing device design of the alleged imitation created further

10  consumer confusion over the source of Plaintiff's protected trade device design," (Complaint, ¶

11  101).

12  **Response to Production Request No. 112**:

13     Objection. Responding Party objects to this discovery request to the extent it is

14  premature or seeks expert discovery. Responding Party has not completed its investigation of

15  the facts relating to this cause of action, discovery and preparation for trial, and therefore

16  reserves the right to further supplement and/or amend its response to conform to proof.

17  Responding party objects to this discovery request to the extent that it seeks information that is

18  privileged under the attorney-client privilege, the attorney-work product rule, or any other

19  applicable privilege, or constitute trade secrets and other private information not subject to

20  disclosure.  Without waiving said or any other objections, Tonytail produces the following

21  documents:

22     1.  000174-000181 – Pictures of products in store

23     2.  000172 – picture of Tonytailer

24     3.  000173 – picture of Scunci product

25  **Production Request No. 113**:

26     All documents and things that support, refute or otherwise relate to your contention that

27  "trademark and trade dress violation" resulted "in diminished sales of the Plaintiff's device and

28

*Matlock Law*
*Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1    finally in the cancellation of the contractual relationship between plaintiff and Rite Aid and

2    plaintiff's sales to Rite Aid," (Complaint, ¶ 101 and 102).

3    **Response to Production Request No. 113:**

4      Objection. Responding Party objects to this discovery request to the extent it is

5    premature or seeks expert discovery. Responding Party has not completed its investigation of

6    the facts relating to this cause of action, discovery and preparation for trial, and therefore

7    reserves the right to further supplement and/or amend its response to conform to proof.

8    Responding party objects to this discovery request to the extent that it seeks information, which

9    has previously been given through disclosures and pleadings, related to this litigation or in the

10    pending state proceeding, Case No. C07-02573.  Responding party objects to this discovery

11    request to the extent that it seeks information that is privileged under the attorney-client

12    privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade

13    secrets and other private information not subject to disclosure.  Compound request, this request

14    includes actually two requests for production.

15    **Production Request No. 114**:

16      All documents and things that support, refute or otherwise relate to your contention that

17    "the misleading sales and marketing tactics have led to…irreparable harm to Plaintiff's

18    business reputation," (Complaint, ¶ 102).

19    **Response to Production Request No. 114:**

20      Objection. Responding Party objects to this discovery request to the extent it is

21    premature or seeks expert discovery. Responding Party has not completed its investigation of

22    the facts relating to this cause of action, discovery and preparation for trial, and therefore

23    reserves the right to further supplement and/or amend its response to conform to proof.

24    Responding party objects to this discovery request to the extent that it seeks information, which

25    has previously been given through disclosures and pleadings, related to this litigation or in the

26    pending state proceeding, Case No. C07-02573.  Compound request, this request includes

27    actually two requests for production.  Responding party objects to this discovery request to the

28    extent that it seeks information that is privileged under the attorney-client privilege, the

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1    attorney-work product rule, or any other applicable privilege, or constitute trade secrets and

2    other private information not subject to disclosure.  Without waiving said or any other

3    objections, Tonytail produces the following documents:

4        1.  000174-000181 – Pictures of products in store

5        2.  000172 – picture of Tonytailer

6        3.  000173 – picture of Scunci product

7    **Production Request No. 115**:

8        All documents and things that support, refute or otherwise relate to your contention that

9    "Plaintiff has been and will continue to be irreparably injured by Defendants' efforts designed

10   to unfairly compete with Plaintiff in violation of California common law because it unfairly

11   created  consumer confusion and the dilution of Plaintiff's own goodwill and business

12   reputation," (Complaint, ¶ 103).

13   **Response to Production Request No. 115:**

14       Objection. Responding Party objects to this discovery request to the extent it is

15   premature or seeks expert discovery. Responding Party has not completed its investigation of

16   the facts relating to this cause of action, discovery and preparation for trial, and therefore

17   reserves the right to further supplement and/or amend its response to conform to proof.

18   Responding party objects to this discovery request to the extent that it seeks information, which

19   has previously been given through disclosures and pleadings, related to this litigation or in the

20   pending state proceeding, Case No. C07-02573.  Compound request, this request includes

21   actually two requests for production.  Responding party objects to this discovery request to the

22   extent that it seeks information that is privileged under the attorney-client privilege, the

23   attorney-work product rule, or any other applicable privilege, or constitute trade secrets and

24   other private information not subject to disclosure.  Without waiving said or any other

25   objections, Tonytail produces the following documents:

26       1.  000174-000181 – Pictures of products in store

27       2.  000172 – picture of Tonytailer

28       3.  000173 – picture of Scunci product

Matlock Law
Group, PC.

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1    **Production Request No. 116**:

2       All documents and things that support, refute or otherwise relate to your contention that

3 "After meeting with Rite Aid at the NACDS Marketplace in June 2004, and Mia Minnelli's

4 first application for Rite Aid vendor status on or about July 8, 2004, Tonytail continuously

5 supplied Defendants with Tonytail devices on the basis of an oral agreement," (Complaint, ¶

6 105).

7    **Response to Production Request No. 116:**

8       Objection. Responding Party objects to this discovery request to the extent it is

9 premature or seeks expert discovery. Responding Party has not completed its investigation of

10 the facts relating to this cause of action, discovery and preparation for trial, and therefore

11 reserves the right to further supplement and/or amend its response to conform to proof.

12 Responding party objects to this discovery request to the extent that it seeks information, which

13 has previously been given through disclosures and pleadings, related to this litigation or in the

14 pending state proceeding, Case No. C07-02573.

15    **Production Request No. 117:**

16       All documents and things relating to the alleged "oral agreement" described in ¶ 105 of

17 your Complaint.

18    **Response to Production Request No. 117:**

19       Objection. Responding Party objects to this discovery request to the extent it is

20 premature or seeks expert discovery. Responding Party has not completed its investigation of

21 the facts relating to this cause of action, discovery and preparation for trial, and therefore

22 reserves the right to further supplement and/or amend its response to conform to proof.

23 Responding party objects to this discovery request to the extent that it seeks information, which

24 has previously been given through disclosures and pleadings, related to this litigation or in the

25 pending state proceeding, Case No. C07-02573.

26    **Production Request No. 118:**

27

28

*Matlock Law*
*Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1    All documents and things that support, refute or otherwise relate to your contention that

2    "Tonytail had entered into negotiations with other mass retailers that had expressed a high

3    degree of interest in Tonytail® devices," (Complaint, ¶ 105).

4    **Response to Production Request No. 118:**

5    Objection. Responding Party objects to this discovery request to the extent it is

6    premature or seeks expert discovery. Responding Party has not completed its investigation of

7    the facts relating to this cause of action, discovery and preparation for trial, and therefore

8    reserves the right to further supplement and/or amend its response to conform to proof.

9    Responding party objects to this discovery request to the extent that it seeks information, which

10   has previously been given through disclosures and pleadings, related to this litigation or in the

11   pending state proceeding, Case No. C07-02573.  Responding party objects to this discovery

12   request to the extent that it seeks information that is privileged under the attorney-client

13   privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade

14   secrets and other private information not subject to disclosure.

15   **Production Request No. 119:**

16   All documents and things concerning any communication between any employee of

17   Tonytail and any employee of Rite Aid between January 1, 2002 and November 20, 2007.

18   **Response to Production Request No. 119:**

19   Objection. Responding Party objects to this discovery request to the extent it is

20   premature or seeks expert discovery. Responding Party has not completed its investigation of

21   the facts relating to this cause of action, discovery and preparation for trial, and therefore

22   reserves the right to further supplement and/or amend its response to conform to proof.

23   Responding party objects to this discovery request to the extent that it seeks information, which

24   has previously been given through disclosures and pleadings, related to this litigation or in the

25   pending state proceeding, Case No. C07-02573.

26   **Production Request No. 120:**

27   All documents and things that support, refute or otherwise relate to your contention that

28   "the high interest that other buyers expressed at the NACDS marketplace and the negotiations

1  the potential customers contemplated constituted a solid basis for Tonytail's reasonable
2  expectations of economic gain because no other device design, ornamental appearances, or
3  functional device features were found in the relevant market for these goods at the time,"
4  (Complaint, ¶ 106).
5  **Response to Production Request No. 120:**
6  Objection. Responding Party objects to this discovery request to the extent it is
7  premature or seeks expert discovery. Responding Party has not completed its investigation of
8  the facts relating to this cause of action, discovery and preparation for trial, and therefore
9  reserves the right to further supplement and/or amend its response to conform to proof.
10 Responding party objects to this discovery request to the extent that it seeks information, which
11 has previously been given through disclosures and pleadings, related to this litigation or in the
12 pending state proceeding, Case No. C07-02573.
13 **Production Request No. 121**:
14 All documents and things that support, refute or otherwise relate to your contention that
15 "Defendants Conair/Scunci have not only copied protectable elements but the entire invention
16 of the Tonytail® product," (Complaint, ¶ 107).
17 **Response to Production Request No. 121:**
18 Objection. Responding Party objects to this discovery request to the extent it is
19 premature or seeks expert discovery. Responding Party has not completed its investigation of
20 the facts relating to this cause of action, discovery and preparation for trial, and therefore
21 reserves the right to further supplement and/or amend its response to conform to proof.
22 Responding party objects to this discovery request to the extent that it seeks information, which
23 has previously been given through disclosures and pleadings, related to this litigation or in the
24 pending state proceeding, Case No. C07-02573.  Responding party objects to this discovery
25 request to the extent that it seeks information that is privileged under the attorney-client
26 privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade
27 secrets and other private information not subject to disclosure.
28 **Production Request No. 122**:

All documents and things that support, refute or otherwise relate to your contention that the accused products were "offered for sale in Rite Aid stores, commingled on shelves and other forms of display with other Scunci and Tonytail® devices," (Complaint, ¶ 107).

**Response to Production Request No. 122:**

Objection. Responding Party objects to this discovery request to the extent it is premature or seeks expert discovery. Responding Party has not completed its investigation of the facts relating to this cause of action, discovery and preparation for trial, and therefore reserves the right to further supplement and/or amend its response to conform to proof. Responding party objects to this discovery request to the extent that it seeks information, which has previously been given through disclosures and pleadings, related to this litigation or in the pending state proceeding, Case No. C07-02573. Responding party objects to this discovery request to the extent that it seeks information that is privileged under the attorney-client privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade secrets and other private information not subject to disclosure. Without waiving said or any other objections, Tonytail produces the following documents:

1. 000174-000181 – Pictures of products in store

2. 000172 – picture of Tonytailer

3. 000173 – picture of Scunci product

**Production Request No. 123:**

All documents and things that support, refute or otherwise relate to your contention that "[t]he hooks in the stores which bore the Tonytail® name and designation had Scunci infringing devices on them, and the hooks which had the Scunci name had Tonytail devices displayed," (Complaint, ¶ 107).

**Response to Production Request No. 123:**

Objection. Objections and responses regarding this issue have already been given.

See Response Number 85 and 111.

**Production Request No. 124:**

1        All documents and things that support, refute or otherwise relate to your contention that

2  "Defendants' manner of promotion was deceptive, and had the tendency to mislead the public

3  into believing that Scunci produced the Tonytail, was one and the same company or that

4  Scunci infringing products were approved by, or otherwise associated with the Plaintiff,"

5  (Complaint, ¶ 108).

6    **Response to Production Request No. 124:**

7        Objection. Responding Party objects to this discovery request to the extent it is

8  premature or seeks expert discovery. Responding Party has not completed its investigation of

9  the facts relating to this cause of action, discovery and preparation for trial, and therefore

10  reserves the right to further supplement and/or amend its response to conform to proof.

11  Responding party objects to this discovery request to the extent that it seeks information, which

12  has previously been given through disclosures and pleadings, related to this litigation or in the

13  pending state proceeding, Case No. C07-02573. Responding party objects to this discovery

14  request to the extent that it seeks information that is privileged under the attorney-client

15  privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade

16  secrets and other private information not subject to disclosure. Without waiving said or any

17  other objections, Tonytail produces the following documents:

18      1.  000174-000181 – Pictures of products in store

19      2.  000172 – picture of Tonytailer

20      3.  000173 – picture of Scunci product

21    **Production Request No. 125:**

22        All documents and things that support, refute or otherwise relate to your contention that

23  "Plaintiff has been, and will continue to be irreparably injured by Defendants' efforts designed

24  and/or likely to create injury to Plaintiff's business reputation and dilution of the distinctive

25  quality of Plaintiff's protectable intellectual property," (Complaint, ¶ 109).

26    **Response to Production Request No. 125:**

27        Objection. Responding Party objects to this discovery request to the extent it is

28  premature or seeks expert discovery. Responding Party has not completed its investigation of

the facts relating to this cause of action, discovery and preparation for trial, and therefore reserves the right to further supplement and/or amend its response to conform to proof. Responding party objects to this discovery request to the extent that it seeks information, which has previously been given through disclosures and pleadings, related to this litigation or in the pending state proceeding, Case No. C07-02573.  Responding party objects to this discovery request to the extent that it seeks information that is privileged under the attorney-client privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade secrets and other private information not subject to disclosure.  Without waiving said or any other objections, Tonytail produces the following documents:

    1.  000174-000181 – Pictures of products in store

    2.  000172 – picture of Tonytailer

    3.  000173 – picture of Scunci product

**Production Request No. 126**:

    All documents and things that support, refute or otherwise relate to your contention that "Plaintiff experienced diminished sales of Plaintiff's device which resulted finally in the cancellation of the contractual relationship between plaintiff and Rite Aid  and plaintiff's sales to Rite Aid," (Complaint, ¶ 109).

**Response to Production Request No. 126:**

    Objection. Responding Party objects to this discovery request to the extent it is premature or seeks expert discovery. Responding Party has not completed its investigation of the facts relating to this cause of action, discovery and preparation for trial, and therefore reserves the right to further supplement and/or amend its response to conform to proof. Responding party objects to this discovery request to the extent that it seeks information, which has previously been given through disclosures and pleadings, related to this litigation or in the pending state proceeding, Case No. C07-02573.

**Production Request No. 127:**

1      All documents and things that support, refute or otherwise relate to your contention that

2   "Defendants' actions…have been and are likely to impair the distinctiveness of Plaintiff's

3   protectable mark," (Complaint, ¶ 112).

4   **Response to Production Request No. 127:**

5      Objection. Responding Party objects to this discovery request to the extent it is

6   premature or seeks expert discovery. Responding Party has not completed its investigation of

7   the facts relating to this cause of action, discovery and preparation for trial, and therefore

8   reserves the right to further supplement and/or amend its response to conform to proof.

9   Responding party objects to this discovery request to the extent that it seeks information, which

10  has previously been given through disclosures and pleadings, related to this litigation or in the

11  pending state proceeding, Case No. C07-02573.  Responding party objects to this discovery

12  request to the extent that it seeks information that is privileged under the attorney-client

13  privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade

14  secrets and other private information not subject to disclosure.  Without waiving said or any

15  other objections, Tonytail produces the following documents:

16      1.  000174-000181 – Pictures of products in store

17      2.  000172 – picture of Tonytailer

18      3.  000173 – picture of Scunci product

19  **Production Request No. 128:**

20      All documents and things that support, refute or otherwise relate to your contention that

21  the alleged commingling "was deceptive and had the tendency to mislead the public into

22  believing that Scunci produced the Tonytail, was one and the same company or that Scunci

23  infringing devices were approved by, or otherwise associated with the Plaintiff," (Complaint, ¶

24  113).

25  **Response to Production Request No. 128:**

26      Objection. Objections and responses regarding this issue have already been given. See

27  Response Number 103.

28  **Production Request No. 129:**

*Matlock Law*
*Group, PC.*

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1    All documents and things that support, refute or otherwise relate to your contention that
2    "[t]he likelihood that customers are confused by this sales method is tremendous because of the
3    proximity of the Scunci and the Tonytail merchandise, the actual confusion expressed by
4    customers and the store employees, the common marketing channels, the akin type of goods
5    and low degree of care likely to be exercised by the purchaser," (Complaint, ¶ 96).

6    **Response to Production Request No. 129:**

7    Objection. Responding Party objects to this discovery request to the extent it is
8    premature or seeks expert discovery. Responding Party has not completed its investigation of
9    the facts relating to this cause of action, discovery and preparation for trial, and therefore
10   reserves the right to further supplement and/or amend its response to conform to proof.
11   Responding party objects to this discovery request to the extent that it seeks information, which
12   has previously been given through disclosures and pleadings, related to this litigation or in the
13   pending state proceeding, Case No. C07-02573.  Responding party objects to this discovery
14   request to the extent that it seeks information that is privileged under the attorney-client
15   privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade
16   secrets and other private information not subject to disclosure.  Without waiving said or any
17   other objections, Tonytail produces the following documents:

18        1.  000174-000181 – Pictures of products in store

19        2.  000172 – picture of Tonytailer

20        3.  000173 – picture of Scunci product

21   **Production Request No. 130:**

22   All documents and things concerning any customer confusion with respect to the
23   Tonytail products and the accused products.

24   **Response to Production Request No. 130:**

25   Objection. Responding Party objects to this discovery request to the extent it is
26   premature or seeks expert discovery. Responding Party has not completed its investigation of
27   the facts relating to this cause of action, discovery and preparation for trial, and therefore
28   reserves the right to further supplement and/or amend its response to conform to proof.

RESPONSE TO DEFENDANT CONAIR'S REQUEST FOR PRODUCTION OF DOCUMENTS    CASE NO. 3:07-cv-05895-WHA

1   Responding party objects to this discovery request to the extent that it seeks information, which

2   has previously been given through disclosures and pleadings, related to this litigation or in the

3   pending state proceeding, Case No. C07-02573.  Responding party objects to this discovery

4   request to the extent that it seeks information that is privileged under the attorney-client

5   privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade

6   secrets and other private information not subject to disclosure.  Without waiving said or any

7   other objections, Tonytail produces the following documents:

8        1.   000174-000181 – Pictures of products in store

9        2.   000172 – picture of Tonytailer

10       3.   000173 – picture of Scunci product

11   **Production Request No. 131**:

12       All documents and things that support, refute or otherwise relate to your contention that

13   "Defendants' actions…have harmed and are likely to harm the reputation of Plaintiff's mark.

14   Plaintiff has been and will continue to be irreparably injured by Defendants' efforts designed

15   and/or likely to create injury to Plaintiff's business reputation and dilution of the distinctive

16   quality of Plaintiff's protectable intellectual property," (Complaint, ¶ 115).

17   **Response to Production Request No. 131:**

18       Objection. Responding Party objects to this discovery request to the extent it is

19   premature or seeks expert discovery. Responding Party has not completed its investigation of

20   the facts relating to this cause of action, discovery and preparation for trial, and therefore

21   reserves the right to further supplement and/or amend its response to conform to proof.

22   Responding party objects to this discovery request to the extent that it seeks information, which

23   has previously been given through disclosures and pleadings, related to this litigation or in the

24   pending state proceeding, Case No. C07-02573.  Responding party objects to this discovery

25   request to the extent that it seeks information that is privileged under the attorney-client

26   privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade

27   secrets and other private information not subject to disclosure.  Without waiving said or any

28   other objections, Tonytail produces the following documents:

1.   000174-000181 – Pictures of products in store

2.   000172 – picture of Tonytailer

3.   000173 – picture of Scunci product

**Production Request No. 132**:

All documents and things concerning any secondary meaning or distinctiveness achieved by Tonytail's trademarks/in-suit or trade-dress-in-suit.

**Response to Production Request No. 132:**

Objection. Responding Party objects to this discovery request to the extent it is premature or seeks expert discovery. Responding Party has not completed its investigation of the facts relating to this cause of action, discovery and preparation for trial, and therefore reserves the right to further supplement and/or amend its response to conform to proof. Responding party objects to this discovery request to the extent that it seeks information, which has previously been given through disclosures and pleadings, related to this litigation or in the pending state proceeding, Case No. C07-02573.  Responding party objects to this discovery request to the extent that it seeks information that is privileged under the attorney-client privilege, the attorney-work product rule, or any other applicable privilege, or constitute trade secrets and other private information not subject to disclosure.  Without waiving said or any other objections, Tonytail produces the following documents:

1.   000174-000181 – Pictures of products in store

2.   000172 – picture of Tonytailer

3.   000173 – picture of Scunci product

DATED: July 23, 2007                MATLOCK LAW GROUP

By: _____ Anne-Leith W. Matlock
                                                 Attorneys for the Tonytail Company, Inc.