# EXHIBIT 2

1

**Matlock Law Group,** a Professional Corporation

2

Anne-Leith W. Matlock, SBN 244351
1485 Treat Blvd., Suite 200

3

Walnut Creek, CA 94597
Phone: (925) 944-7131

4

Fax:    (925) 944-7138
e-mail: anne-leith@matlocklawgroup.com

5

Attorneys for Plaintiff,

6

The Tonytail Company, Inc.

7

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

**SAN FRANCISCO DIVISION**

11

12

THE TONYTAIL COMPANY, INC.
a Delaware Corporation,

**CASE NO. 3:07-cv-05895-WHA**

13

Plaintiff,

**RESPONSE TO CONAIR'S FIRST SET OF
SPECIAL INTERROGATORIES**

14

v.

**[F.R.C.P. Rule 33]**

15

16

CONAIR, a Delaware Corporation;
SCUNCI INTL., Ltd., a Delaware

17

Corporation; RITE AID, a Delaware
Corporation; L&N Sales & Marketing,

18

Inc., and DOES 1-10, inclusive,

19

20

Defendants.

21

22

PROPOUNDING PARTY: CONAIR

23

RESPONDING PARTY: THE TONYTAIL COMPANY

24

INTERROGATORY SET:    SET ONE

25

26

    Responding party, The Tonytail Company, Inc., the Plaintiff in the above case, makes

27

the following response to Conair's First Set of Interrogatories, served on responding party on

28

June 23, 2008.

1

<u>GENERAL DISCUSSION</u>

2      Before answering the propounded interrogatories, Plaintiff would like to resolve an issue

3  concerning the service of these interrogatories. Under Federal Rules of Civil Procedure

4  5(b)(2)(a) and 5(b)(2)(b), service is effected by "handing it to the person" or by "leaving it: (i)

5  at the person's office with a clerk or other person in charge or, if no one is in charge, in a

6  conspicuous place in the office; or (ii) if the person has no office or the office is closed, at the

7  person's dwelling or usual place of abode with someone of suitable age and discretion who

8  resides there." According to the proof of service, these interrogatories were served on Plaintiff

9  via hand delivery on June 20, 2008. However, service was not made in the manner listed on the

10  proof of service.

11      Service of the interrogatories was not made until June 23, 2008. Service on June 20,

12  2008 could not have occurred because no one was present in the office to receive the hand

13  delivery listed on the proof of service. On June 20th, the office closed early; K. Brian Matlock,

14  one of the firm's partners was the last to leave the office. Service of the interrogatories was not

15  made on him prior to his departure from and locking of the office. All other attorneys and staff

16  had left the office prior to the departure of K. Brian Matlock. Additionally, service on Anne-

17  Leith Matlock could not have been made as she was out of the country. The interrogatories were

18  not received by Plaintiff until Monday June 23, 2008. The interrogatories had been placed on

19  the windowsill of the firm's conference room, just inside the main office door. Plaintiff does not

20  speculate about how the interrogatories reached the windowsill, but Plaintiff is certain that

21  service did not occur according to the requirements of Federal Rule of Civil Procedure 5 and did

22  not occur as described in the proof of service.

23      The deadline for Plaintiff's Response to Conair's Interrogatories is extended to

24  Wednesday July 23, 2008. Under Federal Rule of Civil Procedure 33(b)(2), a party must

25  respond to interrogatories within thirty days of being served with the interrogatories. Since

26  service of the interrogatories was not made until Monday June 23, 2008, the thirty day period

27  for answering does not expire until Wednesday July 23, 2008. The deadline for expiration

28  cannot run from July 20, 2008, as personal service was not made on Plaintiff.

GENERAL OBJECTIONS AND RESERVATIONS OF RIGHTS

1.    Responding party objects to these interrogatories as in violation of Federal Rule of Civil Procedure 33(a)(1). In the discovery plan of the parties agreed to under Federal Rule of Civil Procedure 26(f)(3), the parties agreed to a limit of seventy-five (75) interrogatories. Propounding party has served interrogatories in excess of this limit. Although the interrogatories are only numbered 1 through 65, the content of the interrogatories is such that propounding party is attempting to have Plaintiff answer multiple interrogatories under the guise that Plaintiff is only answering one interrogatory. Plaintiff does not have an exact count of how many interrogatories beyond those numbered 1 through 65 were served by Conair; Plaintiff stopped counting the number of embedded, unnumbered interrogatories after it reached a count of 100.

2.    Responding party has not completed an investigation of the facts relating to this case, discovery or preparation for trial, and the following responses are given subject to this responding party's right to supplement its discovery responses should other information subsequently be discovered. It is anticipated that further fact and expert discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which will lead to substantial additions to, changes in, and variations from the contentions set forth herein.

3.    Responding party objects to these interrogatories to the extent that they seek information that is neither relevant to the subject matter of, nor within the time period relevant to, these proceedings, nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Responding party objects to these interrogatories to the extent that they seek information, which has previously been given through disclosure and pleadings, related to this litigation.

5.    Responding party objects to these interrogatories to the extent that they seek information that is privileged under the attorney-client privilege, the attorney-work product rule,

1   or any other applicable privilege, or constitute trade secrets and other private information not

2   subject to disclosure.

3         6.     Responding Party objects to these interrogatories to the extent they seek

4   information that is unreasonably cumulative and duplicative, obtainable from another source

5   that is more convenient, less burdensome, or less expensive, or that the propounding party had

6   ample opportunity to obtain.

7         7.     Responding Party objects to these interrogatories to the extent they are

8   overbroad, vague, ambiguous and unintelligible as to time and place.

9         8.     Responding Party objects to these interrogatories to the extent they are premature

10   and seek expert discovery.

11         9.     Each response is subject to all objections as to competence, relevance,

12   materiality, propriety and admissibility. Each response is subject to any and all other objections

13   on any grounds that would require the exclusion of any statements contained therein if such

14   document requests were asked of, or statements contained therein were made by, a witness

15   present and testifying in court. All of the above-stated objections and grounds therefore are

16   expressly reserved and may be interposed at the time of trial.

17        Subject to Such General Objections and Reservation of Rights, Each of Which is

18   Specifically Incorporated into Each Response Set Forth Below, this Responding Party Submits

19   the Following Responses:

20                    <u>RESPONSES</u>

21   **<u>Interrogatory Number 1:</u>**

22        For each different one of the defendants, describe in detail how such defendant has

23   engaged in an Accused Activity, including but not limited to:

24        a)     describing in detail the nature of each such Accused Activity (e.g. making,

25              selling, offering for sale, importing, advertising or instructing) and the time and

26              place of each such Accused Activity;

27        b)     identifying each different document, device, thing or product forming your basis

28              for alleging each different Accused Activity;

c)      describing in detail how each such Accused Activity infringes the trademarks-in-suit, patents-in-suit and trade dress-in-suit as alleged by Tonytail in the Complaint.

d)      identifying each person or persons having information or knowledge concerning any of (a), (b) and (c) above.

**Response Number 1:**

Objection. Responding Party reserves the right to further supplement and/or amend its response to conform to proof. Responding party objects on the ground that this interrogatory seeks information that has previously been given through disclosure including, but not limited to, the Disclosure of Asserted Claims and Infringement Contentions and/or Tonytail's Opening Claim Construction Brief and Attachments and pleadings related to this litigation. Responding Party objects to this interrogatory on the ground it is overbroad. Responding Party objects to this interrogatory on the ground that it seeks information that is obtainable from another source that is more convenient, less burdensome or less expensive.

**Interrogatory Number 2:**

Provide a full and complete description of each and every intellectual property right Tonytail alleges in its Complaint was infringed and/or misappropriated by any of the defendants, including but not limited to a description of all patents, trademark registrations (state and federal), common law trademarks, trade dress and trade secrets.

**Response Number 2:**

Objection. Responding Party has not completed its preparation for trial and, therefore, reserves the right to further supplement and/or amend its response to conform to proof. Responding party further objects on the ground that this interrogatory seeks information that has previously been given through disclosure including, but not limited to, the Disclosure of Asserted Claims and Infringement Contentions and/or Tonytail's Opening Claim Construction Brief and Attachments and pleadings related to this litigation.

**Interrogatory Number 3:**

For each one of the defendants, describe the nature of any damages or other monetary relief being sought by Tonytail from such Defendant, and set forth in detail how Tonytail calculates the amount of any damages or other monetary relief being sought.

**Response Number 3:**

Objection. Responding Party has not completed its preparation for trial and, therefore, reserves the right to further supplement and/or amend its response to conform to proof. Responding party further objects on the ground that this interrogatory seeks information that has previously been given through disclosure and pleadings related to this litigation. Responding Party objects to this interrogatory on the ground that it is premature and seeks expert discovery.

**Interrogatory Number 4:**

To the extent Tonytail seeks a permanent injunction against any future infringement of its intellectual property by any of the defendants, describe in detail the evidence upon which Tonytail intends to rely in support of its request for any such injunction.

**Response Number 4:**

Objection. See Objection to Interrogatory Number 3.

**Interrogatory Number 5:**

State your basis for your contention that "ConAir/Scunci influenced other potential commercial customers to abandon their negotiations with Tonytail. ConAir/Scunci knowingly and intentionally influenced buyers to sell defendants' infringing products, and also to not do business with Plaintiff in order to preserve Defendant's predominance in these retail stores," (Complaint, ¶ 26).

**Response Number 5:**

Objection. Responding Party has not completed its preparation for trial and, therefore, reserves the right to further supplement and/or amend its response to conform to proof.

1  Responding party further objects on the ground that this interrogatory seeks information that has

2  previously been given through disclosure and pleadings, related to this litigation.

3

4  **Interrogatory Number 6:**

5      State your basis for your contention that any of the defendants had notice of the patents-

6  in-suit and "thus became aware of the patent and its direct application" to Accused Products as

7  alleged in the Complaint (Complaint, *e.g.*, ¶¶ 30, 44, 63).

8  **Response Number 6:**

9      Objection. See Objection to Interrogatory Number 5.

10

11  **Interrogatory Number 7:**

12      State your basis for your contention that any of the defendants "willfully, wantonly and

13  deliberately engage in acts of infringement as that term is defined in Title 35 U.S.C. § 281 . . .

14  and will continue to do so unless otherwise enjoined by this court," (Complaint, *e.g.*, ¶¶ 33, 44).

15  **Response Number 7:**

16      Objection. See Objection to Interrogatory Number 5.

17

18  **Interrogatory Number 8:**

19      State your basis for your contention that the Accused Products are "substantially similar

20  in ornamental appearance and misappropriate[es] the ['239 and '693 Patents'] point of novelty,"

21  (Complaint, e.g. ¶¶ 36, 47).

22  **Response Number 8:**

23      Objection. Responding party objects on the ground that this interrogatory seeks

24  information that has previously been given through disclosure including, but not limited to, the

25  Disclosure of Asserted Claims and Infringement Contentions and/or Tonytail's Opening Claim

26  Construction Brief and Attachments and pleadings related to this litigation.

27  //

28  //

**Interrogatory Number 9:**

State your basis for your contention that "Defendants have displayed for sale its Scunci Ponytail Holder in commerce in a retail display location labeled for Plaintiff's registered mark product," (Complaint, ¶ 66)

**Response Number 9:**

Objection. See Objection to Interrogatory Number 5.

**Interrogatory Number 10:**

State your basis for your contention that any Accused Activity has or is likely to cause consumer confusion as to the source, origin or sponsorship of the Accused Products.

**Response Number 10:**

Objection. See Objection to Interrogatory Number 3.

**Interrogatory Number 11:**

State your basis for your contention that "Defendants have passed off Plaintiff's design trade dress as its own and misappropriated Plaintiff's intellectual property rights as a result of its sale of the Ponytailer infringing product line design when it had reason to know that such infringing device design was the unregistered design trade dress of Plaintiff," (Complaint, ¶ 73).

**Response Number 11:**

Objection. See Objection to Interrogatory Number 5.

**Interrogatory Number 12:**

State your basis for your contention that "Defendants have willfully committed a false designation of origin with respect to Plaintiff's intellectual property," (Complaint ¶ 73).

**Response Number 12:**

Objection. See Objection to Interrogatory Number 5.

//

//

1    **Interrogatory Number 13:**

2        State your basis for your contention that the "[t]he product design trade dress Tonytail®

3    ponytail wrap has been the subject of substantial efforts to acquire and maintain its

4    distinctiveness," (Compliant ¶ 75).

5    **Response Number 13:**

6        Objection. See Objection to Interrogatory Number 5.

7

8    **Interrogatory Number 14:**

9        To the extent Tonytail contends that the trademarks-in-suit and/or the trade dress-in-suit

10   have acquired any degree of secondary meaning, state your basis for such a contention.

11   **Response Number 14:**

12       Objection. See Objection to Interrogatory Number 3.

13

14   **Interrogatory Number 15:**

15       State your basis for your contention that "Defendants have acted recklessly, willfully

16   and purposefully with the intention of misleading the public into believing that it owned all of

17   its rights to Plaintiff's protected product design trade dress," (Compliant ¶ 80).

18   **Response Number 15:**

19       Objection. See Objection to Interrogatory Number 5.

20

21   **Interrogatory Number 16:**

22       State your basis for your contention that any Accused Activity resulted in "significant

23   lost revenue and profits for the Plaintiff," (Compliant ¶ 80).

24   **Response Number 16:**

25       Objection. See Objection to Interrogatory Number 3.

26   //

27   //

28   //

Matlock
Law
Group,
PC.

**Interrogatory Number 17:**

State your basis for your contention that "Defendants and their successors in interest have had and continue to have notice of the existence of he device design trade dress, "(Compliant ¶ 81).

**Response Number 17:**

Objection. See Objection to Interrogatory Number 5.

**Interrogatory Number 18:**

State your basis for your contention that Defendants "continue to willfully, wantonly and deliberately engage in acts of infringement as that term is defined under §43(a) of the Lanham Act, 15 U.S.C. § 1125(a), without regard to the …protected device design and the corresponding device design trade dress, and will continue to do so unless otherwise enjoined by this court," (Compliant ¶ 81).

**Response Number 18:**

Objection. See Objection to Interrogatory Number 5.

**Interrogatory Number 19:**

State your basis for your contention that "Plaintiff has been and will continue to be damaged by Defendants' false designation of origin," (Compliant ¶ 83).

**Response Number 19:**

Objection. See Objection to Interrogatory Number 3.

**Interrogatory Number 20:**

State your basis for your contention that "Scunci's infringing products were offered for sale in Rite Aid stores, commingled on shelves and other forms of display with other Scunci and Tonytail devices," (Compliant ¶ 96).

**Response Number 20:**

Objection. See Objection to Interrogatory Number 5.

**Interrogatory Number 21:**

State your basis for your contention that "the hooks in the [Rite Aid] stores bore he Tonytail® mark and designation, and had Scunci infringing devices displayed on them. The hooks which were labeled as Scunci Ponytailer had Tonytail® devices displayed," (Compliant ¶ 96).

**Response Number 21:**

Objection. See Objection to Interrogatory Number 5.

**Interrogatory Number 22:**

State your basis for your contention that "when Defendants provided the Scunci Ponytailer infringing device design in product display locations designated for the Tonytail® device line, it intended to falsely designate the origin of such goods as its own and not that of Plaintiff's, thereby fraudulently designating such origin of the goods," (Compliant ¶ 96, 101).

**Response Number 22:**

Objection. See Objection to Interrogatory Number 5.

**Interrogatory Number 23:**

State your basis for our contention that Defendants' conduct "significantly impaired" Plaintiff's ability to compete and resulted in buyers subsequently abandoning negotiations "further leading to irreparable harm," (Compliant ¶ 97).

**Response Number 23:**

Objection. See Objection to Interrogatory Number 3.

**Interrogatory Number 24:**

State your basis for your contention that "Plaintiff has been, and will continue to be irreparably harmed and injured by Defendants' efforts designed to unfairly compete with Plaintiff in violation of Business and Professions Code §§ 17200," (Compliant ¶ 98).

//

1 | **Response Number 24:**

2 |     Objection. See Objection to Interrogatory Number 3.

3 |

4 | **Interrogatory Number 25:**

5 |     State your basis for your contention that "trademark and trade dress violations" resulted

6 | "in diminished sales of the Plaintiff's device," (Compliant, e.g., ¶ ¶ 101, 102).

7 | **Response Number 25:**

8 |     Objection. See Objection to Interrogatory Number 3.

9 |

10 | **Interrogatory Number 26:**

11 |     State your basis for your contention that "trademark and trade dress violations" resulted

12 | finally in the cancellation of the contractual relationship between plaintiff and Rite Aid and

13 | plaintiff's sales to Rite Aid," (Compliant, e.g., ¶ ¶ 101, 102).

14 | **Response Number 26:**

15 |     Objection. See Objection to Interrogatory Number 5.

16 |

17 | **Interrogatory Number 27:**

18 |     State your basis for your contention that any Accused Activity resulted in "irreparable

19 | harm to Plaintiff's business reputation," (Complaint, ¶ 102).

20 | **Response Number 27:**

21 |     Objection. See Objection to Interrogatory Number 3.

22 |

23 | **Interrogatory Number 28:**

24 |     Identify and describe any inspection of or an investigation of any of the defendants'

25 | activities or products for the purpose of assessing or determining whether any of the defendants

26 | engaged in any infringement of any of the patents-in-suit.

27 | //

28 | //

**Response Number 28:**

Objection. Responding party objects on the ground that this interrogatory seeks information that has previously been given through disclosure including, but not limited to, the Disclosure of Asserted Claims and Infringement Contentions and/or Tonytail's Opening Claim Construction Brief and Attachments and pleadings related to this litigation.

**Interrogatory Number 29:**

Identify and describe any documents, things or communications in your possession concerning the rights to, the ownership of, the validity of, the enforceability of or the infringement of the patents-in-suit, trademarks-in-suit, trade dress-in-suit or trade secrets-in-suit.

**Response Number 29:**

Objection. Responding party objects on the ground that this interrogatory seeks information that has previously been given through disclosure including, but not limited to, the Disclosure of Asserted Claims and Infringement Contentions and/or Tonytail's Opening Claim Construction Brief and Attachments and pleadings related to this litigation.

**Interrogatory Number 30:**

Identify and describe any review of or any investigation of prior art or possible prior art activities, documents or devices either (a) in connection with assessing the patentability of the inventions to which the patents-in-suit are directed, (b) in connection with assessing the validity of any claims of the patents-in-suit or (c) in connection with fulfilling the applicant's duty of disclosure to the United States Patent and Trademark Office respecting the patents-in-suit.

**Response Number 30:**

Objection. Responding Party objects to this interrogatory to on the ground that it seeks information that is unreasonably cumulative and duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or that the propounding party had ample opportunity to obtain.

**Interrogatory Number 31:**

Provide a description of the conception and actual reduction to practice (or constructive reduction to practice) of the inventions to which the patents-in-suit are directed.

**Response Number 31:**

Objection. Responding party objects on the ground that this interrogatory seeks information that has previously been given through disclosure including, but not limited to, the Disclosure of Asserted Claims and Infringement Contentions.

**Interrogatory Number 32:**

Identify and describe any negotiations to transfer or any actual transfer by assignment, license or otherwise of any rights in the patents-in-suit, trademarks-in-suit, trade-dress-in-suite or trade secrets-in-suit.

**Response Number 32:**

Objection. Responding Party objects to this interrogatory on the ground it is overbroad.

**Interrogatory Number 33:**

Identify and describe all activity undertaken or planned by your concerning any notice or marking of the patents-in-suit.

**Response Number 33:**

Objection. See Objection to Interrogatory Number 32.

**Interrogatory Number 34:**

Identify and describe any and all attempts by you to assert or enforce the patents-in-suit other than the instant lawsuit.

**Response Number 34:**

Objection. See Objection to Interrogatory Number 30.

//

//

**Interrogatory Number 35:**

Identify and describe any and all attempts by you to design, make, use or commercialize any hair accessory of the type described in or within the scope of any claim of the patents-in-suit.

**Response Number 35:**

Objection. Responding party objects on the ground that this interrogatory seeks information that has previously been given through disclosure including, but not limited to, the Disclosure of Asserted Claims and Infringement Contentions.

**Interrogatory Number 36:**

State the basis for your contention, if any, there exists objective indicia of non-obviousness of any claim of the patents-in-suit.

**Response Number 36:**

Objection. See Objection to Interrogatory Number 3.

**Interrogatory Number 37:**

Describe the creation, development and design of the Tonytail trademarks-in-suit, including all marks, logos, slogans or other designs or information, whether primary, subsidiary or house marks, and whether or not used concurrently with or adjacent to the trademarks-in-suit.

**Response Number 37:**

Objection. See Objection to Interrogatory Number 32.

**Interrogatory Number 38:**

Describe the exclusivity, length and manner of use of the trademarks-in-suit.

**Response Number 38:**

Objection. Responding Party objects to this interrogatory on the ground that it is premature and seeks expert discovery.

//

**Interrogatory Number 39:**

Describe any change, variation or modification of the trademarks-in-suit since their date of first use.

**Response Number 39:**

Objection. See Objection to Interrogatory Number 38.

**Interrogatory Number 40:**

Identify any trademarks used by defendants deemed by Tonytail to resemble, to any degree, the trademarks-in-suit.

**Response Number 40:**

Objection. See Objection to Interrogatory Number 5.

**Interrogatory Number 41:**

Identify and describe any and all efforts by you concerning the advertising, marketing, merchandising or other promotion of the trademarks-in-suit and/or the Tonytail Products, including, without limitation samples of all such advertising, marketing, merchandising or promotion.

**Response Number 41:**

Objection. Responding Party objects to this interrogatory on the ground that it seeks information that is unreasonably cumulative and duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or that the propounding party had ample opportunity to obtain. Responding Party objects to this interrogatory on the ground that it is overbroad.

**Interrogatory Number 42:**

Identify and describe any agreement, formal or otherwise, between Tonytail and any defendant regarding the sale, advertising, merchandising, promotion or manufacture of Tonytail Products and identify any documents concerning the same.

1    **Response Number 42:**

2         Objection. See Objection to Interrogatory Number 5.

3

4    **Interrogatory Number 43:**

5         Identify and describe any agreements, formal or otherwise, as among Tonytail and any

6    defendant regarding the sale, advertising, merchandising, promotion or manufacture of Tonytail

7    Products.

8    **Response Number 43:**

9         Objection. See Objection to Interrogatory Number 5.

10

11   **Interrogatory Number 44:**

12        State the annual dollar amount of sales of each of the Tonytail Products manufactured,

13   sold or distributed by you or your licensees for each year from 2002 through the present.

14   **Response Number 44:**

15        Objection. See Objection to Interrogatory Number 38.

16

17   **Interrogatory Number 45:**

18        State the cost of manufacturing and pricing each of the Tonytail Products manufactured,

19   sold or distributed by you or your licensees for each year from 2002 through the present.

20   **Response Number 45:**

21        Objection. See Objection to Interrogatory Number 38.

22

23   **Interrogatory Number 46:**

24        Identify the costs, gross profit, the net profit or the return on investment achieved or

25   projected to be achieved for each of the Tonytail Products manufactured, sold or distributed by

26   you or your licensees for each year from 2002 through the present.

27   **Response Number 46:**

28        Objection. See Objection to Interrogatory Number 38.

Matlock
Law
Group,
PC.

1    **Interrogatory Number 47:**

2        State the annual costs of advertising and promoting each of the Tonytail Products for

3    each year from 2002 through the present.

4    **Response Number 47:**

5        Objection. See Objection to Interrogatory Number 38.

6

7    **Interrogatory Number 48:**

8        State the annual costs of advertising and promoting the Tonytail trademarks-in-suit for

9    each year from 2002 through the present.

10   **Response Number 48:**

11       Objection. See Objection to Interrogatory Number 38.

12

13   **Interrogatory Number 49:**

14       Identify any and all estimates or projections of sales (in units or in dollars), costs, gross

15   profit, net profit or return on investment to be achieved for each of the Tonytail Products

16   manufactured, sold or distributed by you or your licensees.

17   **Response Number 49:**

18       Objection. See Objection to Interrogatory Number 38.

19

20   **Interrogatory Number 50:**

21       Identify and describe any and all studies, analyses or surveys about the end users or end

22   use of the Tonytail Products.

23   **Response Number 50:**

24       Objection. See Objection to Interrogatory Number 38.

25

26   **Interrogatory Number 51:**

27       Identify and describe any license, settlement, agreement or covenant not to sue, written

28   or oral, under which Tonytail granted or received any rights concerning the trademarks-in-suit,

1  patents-in-suit, trade dress-in-suit or other intellectual property Tonytail alleges has been

2  infringed by any of the defendants in the instant lawsuit.

3  **Response Number 51:**

4      Objection. See Objection to Interrogatory Number 5.

5

6  **Interrogatory Number 52:**

7      Identify and describe any report, identification, investigation or action involving any

8  trademark or trade name of any other party and based on any similarity or perceived similarity

9  to the Tonytail trademarks-in-suit.

10  **Response Number 52:**

11      Objection. See Objection to Interrogatory Number 38.

12

13  **Interrogatory Number 53:**

14      Identify and describe any planned or actual litigation, other legal proceeding or other

15  enforcement action (other than the instant case, but including any planned or actual proceeding

16  before the U.S. Patent and Trademark Office and any planned or actual enforcement action,

17  whether or not including planned or actual litigation) involving the Tonytail trademarks-in-suit

18  and patents-in-suit, including by not limited to an identification of all memoranda,

19  communications, submissions, pleadings and discovery requests for documents and responses in

20  each litigation/proceeding, and any agreements in settlement or other resolution of such

21  litigation/proceeding/enforcement action.

22  **Response Number 53:**

23      Objection. See Objection to Interrogatory Number 32.

24

25  **Interrogatory Number 54:**

26      State your basis for your contention that an oral agreement exists between you and Rite

27  Aid.

28  //

1  **Response Number 54:**

2      Objection. See Objection to Interrogatory Number 5.

3

4  **Interrogatory Number 55:**

5      Identify and describe each and every communication between you and Rite Aid

6  concerning your contention that an oral agreement exists between you and Rite Aid, including

7  but not limited to, the date, time, persons present and content of such communication.

8  **Response Number 55:**

9      Objection. See Objection to Interrogatory Number 41.

10

11 **Interrogatory Number 56:**

12     Identify and describe each and every communication between you and Kathy Horton

13 between 2002 and the present, including but not limited to the date, time, persons present and

14 content of such communication.

15 **Response Number 56:**

16     Objection. See Objection to Interrogatory Number 41.

17

18 **Interrogatory Number 57:**

19     Identify and describe each and every communication between you and Conair

20 concerning the Tonytail Product, including but not limited to the date, time, persons present and

21 content of such communication.

22 **Response Number 57:**

23     Objection. See Objection to Interrogatory Number 41.

24

25 **Interrogatory Number 58:**

26     State your basis for your contention that "Plaintiff has been, and will continue to be

27 irreparably injured by Defendants' efforts designed to unfairly compete with Plaintiff in

28 violation of California common law." (Complaint ¶ 103).

1 **Response Number 58:**

2     Objection. See Objection to Interrogatory Number 5.

3

4 **Interrogatory Number 59:**

5     State your basis for your contention that you applied for vendor status from Rite Aid and

6 identify all documents and communications relating thereto.

7 **Response Number 59:**

8     Objection. See Objection to Interrogatory Number 5.

9

10 **Interrogatory Number 60:**

11     State your basis for your contention that "Defendants' manner of promotion was

12 deceptive, and had the tendency to mislead the public into believing that Scunci produced the

13 Tonytail, was one and the same company or that Scunci infringing products were approved by,

14 or otherwise associated with the Plaintiff," (Complaint, ¶ 108).

15 **Response Number 60:**

16     Objection. See Objection to Interrogatory Number 5.

17

18 **Interrogatory Number 61:**

19     State your basis for your contention that "Defendants' actions …have been and are

20 likely to impair the distinctiveness of Plaintiff's protectable mark," (Complaint ¶ 112).

21 **Response Number 61:**

22     Objection. See Objection to Interrogatory Number 5.

23

24 **Interrogatory Number 62:**

25     Identify each and every Accused Product, including but not limited to brand name and

26 model/serial number.

27 **Response Number 62:**

28     Objection. See Objection to Interrogatory Number 30.

Matlock
Law
Group,
P.C.

1    **Interrogatory Number 63:**

2         State the basis for your contention that any of the defendants were unjustly enriched by

3    any Accused Activity.

4    **Response Number 63:**

5         Objection. See Objection to Interrogatory Number 5.

6

7    **Interrogatory Number 64:**

8         State the basis for your contention that any of the defendants' Accused Activity resulted

9    in dilution of the trademarks-in-suit.

10   **Response Number 64:**

11        Objection. See Objection to Interrogatory Number 3.

12

13   **Interrogatory Number 65:**

14        Identify and describe all trade dress-in-suit and any and all Tonytail products embodying

15   the trade dress-in-suit and state the basis for your contention, if any, that the trade dress-in-suit

16   identified is protectable as trade dress.

17   **Response Number 65:**

18        Objection. See Objection to Interrogatory Number 3.

19

20

21   DATED: July 23, 2008                    MATLOCK LAW GROUP

22

23                                    By: _____

24                                         Anne-Leith W. Matlock
                                           Attorney for Plaintiff
25                                         Tonytail Company

26

27

28

Matlock
Law
Group,
PC.

RESPONSE TO SPECIAL INTERROGATORIES     22          CASE NO: 3:07-cv-05895-WHA