**Matlock Law Group, PC**

September 12, 2008

<u>VIA E-Mail and E-filing</u>

The Honorable William Alsup
c/o Dawn Toland, Clerk
United States District Court
Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   <u>Tonytail Company, Inc. v. Conair, et al.,</u> Case No. CV07-5895
      <u>Opposition to Conair's Motion to Compel Further Responses to Conair's</u>
      <u>Discovery Requests</u>

Dear Judge Alsup:

Pursuant to Paragraph 25 of this, Court's Supplemental Order to Order Setting Initial Case Management Conference, Plaintiff Tonytail Company, Inc. ("Tonytail") respectfully requests an order requiring, Defendant Conair Corporation ("Conair") to withdraw its motion to compel and remove off the courts docket the related meet and confer scheduled for Wednesday, September 17, 2008 at 10 am. Further, that the court order the hearing on the same removed from the docket on Wednesday, September 17, 2008 at 2:00 pm. Yesterday Conair confirmed with Tonytail that settlement negotiations were proceeding sufficiently that Conair would instruct its litigation counsel to withdraw its motion. As of this morning at ~ 10:00 am, Tonytail's counsel discussed with opposing counsel that they were going to submit such a letter to the Court before noon the court's order time for Tonytail to oppose the motion to compel. At 11:30 am, Tonytail called me to inform me that Conair was now requiring an additional term sheet regarding the settlement negotiations from Tonytail before it would withdrawal its motion. This last minute juxtaposing by Conair is highly prejudicial against my client. If the court chooses to not order the withdrawal Tonytail offers the very rushed defense below that the motion should not be upheld.

On Friday, July 25, 2008, I received Conair's letter outlining its concerns regarding Tonytail's response to Conair First Set of Interrogatories and First Request for Production of Documents and Things. I would like to clarify a few issues mentioned in that letter.

Tonytail's responses to Conair's discovery requests are not tardy. As was clearly explained both in the introduction to our responses and in a separate letter addressing the issue, we did not receive the requests until Monday, June 23, 2008. Therefore, our requests were not due until Wednesday July 23, 2008. Furthermore, as we were never

1485 Treat Blvd., Suite 200
Walnut Creek, CA 94597
925.944.7131 p • 925.944.7138 f

matlocklawgroup@sbcglobal.net
www.matlocklawgroup.com

50 California St., Suite 1500
San Francisco, CA 94111
415.277.5499 p

served according to the requirements of FRCP 5, we consider our response to Conair's discovery request an exercise of professional courtesy.

I consider Conair's characterization of Tonytail's responses as "materially deficient" and "inadequate" as an exaggeration. As outlined in the introductions to both the response to the First Set of Interrogatories and the First Request for Production of Documents and Things, Conair has exceeded the number of interrogatories and requests for production agreed to in the discovery plan outlined between the parties pursuant to FRCP 26(f). Given this, Tonytail was not obligated to provide a response beyond this objection as to the number of interrogatories and requests for production. It was my hope that by providing Conair with our specific objections, it would allow it to provide us with discovery requests that are truly "narrowly tailored to elicit meaningful answers;" I look forward to receiving such requests from Conair.

As discussed above, the parties are and have been in settlement negotiations. The juxtaposing of Conair in the last days and even hours are highly prejudicial to my client Tonytails. Plaintiff respectfully requests a court order requiring Conair to withdraw its motion to compel and remove off the courts docket the related meet and confer scheduled for Wednesday, September 17, 2008 at 10 am. Further, that the court order the hearing on the same removed from the docket on Wednesday, September 17, 2008 at 2:00 pm. In the alternative Plaintiff requests the Court, deny Conair's motion to compel further responses.

Sincerely,

Anne-Leith Matlock
Matlock Law Group
Attorney's for Plaintiff